Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Defendant and Petitioner*
*ESSENTIAL CONSULTANTS, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT ESSENTIAL CONSULTANTS, LLC**<br><br>[Filed concurrently with Civil Cover Sheet, Notice of Interested Parties and Corporate Disclosure Statement]<br><br>Complaint Filed: March 6, 2018 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Essential Consultants, LLC, with the consent of Defendant Donald J. Trump (collectively, "Defendants"), hereby removes this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. BC 696568, to the United States District Court for the Central District of California, Western Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Stephanie Clifford a.k.a. Stormy Daniels ("Plaintiff" or "Clifford") is a resident, citizen and domiciliary of the State of Texas, Defendant Essential Consultants, LLC ("EC") is a Delaware limited liability company with its principle place of business in the State of New York, and Defendant Donald J. Trump, is currently a resident of the District of Columbia, but is a permanent resident, citizen and domiciliary of the State of New York.

## **BACKGROUND**

On March 6, 2018, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Stephanie Clifford a.k.a. Stormy Daniels a.k.a. Peggy Peterson, an individual, v. Donald J. Trump a.k.a. David Dennison, an individual, Essential Consultants, LLC, a Delaware Limited Liability Company, and Does 1 through 10, inclusive*, as Case Number BC 696568. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Neither of the Defendants has been served with a copy of the Summons or Complaint.

Plaintiff asserts in the Complaint one cause of action: for Declaratory Relief, claiming that the signed written agreement entitled "Confidential Settlement

NOTICE OF REMOVAL OF ACTION BY DEFENDANT ESSENTIAL CONSULTANTS, LLC

Agreement and Mutual Release; Assignment of Copyright and Non-Disparagement Agreement" (the "Settlement Agreement") dated October 28, 2016, by and between EC and Clifford, and for which Clifford was paid $130,000.00 pursuant to its terms, supposedly is "void, invalid, or otherwise unenforceable."

The Settlement Agreement contains a broad arbitration provision which provides that "any and all claims or controversies which may arise between" Clifford and "DD"—whom Plaintiff's Complaint alleges is Defendant Trump—"shall be resolved by binding confidential Arbitration to the greatest extent permitted by law" (herein, the "Arbitration Agreement").

On February 22, 2018, pursuant to the Arbitration Agreement, EC commenced an arbitration proceeding regarding the controversy at issue in this lawsuit, before ADR Services, Inc. in Los Angeles, Case No. 18-1118-JAC (the "Pending Arbitration Proceeding").  In the Pending Arbitration Proceeding, EC seeks compensatory damages, liquidated damages, and injunctive relief.  The Settlement Agreement provides for liquidated damages of one million dollars ($1,000,000) per instance of breach by Clifford of the confidentiality provisions of the Settlement Agreement. Clifford has breached the confidentiality provisions of the Settlement Agreement numerous times.

Plaintiff Clifford and her counsel were aware of the Pending Arbitration Proceeding at the time they filed the instant lawsuit on March 6, 2018 in the California Superior Court, County of Los Angeles.  *See* Complaint, ¶ 29.

Plaintiff refuses to comply with the Arbitration Agreement.  Therefore, EC intends to file a Petition to Compel Arbitration with this Court at the earliest possible time permitted by the Federal Rules of Civil Procedure and Local Rules of this Court, to compel this action to the Pending Arbitration Proceeding.

EC is informed that Defendant Trump will be filing a Joinder in Removal, which will consent to the removal of this action to this Court, and also consent to the arbitration of the claims in this action, pursuant to the Arbitration Agreement.

Nothing contained in this Notice of Removal or accompanying papers is intended to waive or relinquish any of the Defendants' rights to seek to compel this action to arbitration, all rights of which are expressly reserved.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**I.      The Amount-In-Controversy Requirement is Satisfied.**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The Ninth Circuit employs the "either viewpoint" test to determine the value of the object of the litigation. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001).

Here, the Complaint states that the sum of $130,000—the amount that was paid by EC to Plaintiff Clifford—is at issue. Exhibit 1, Complaint, pp. 4-5, ¶¶ 23, 25, 32. Plaintiff is seeking to invalidate the Settlement Agreement by way of this lawsuit, but has not returned to EC its payment to her of $130,000. Thus, if Plaintiff prevails in her action for Declaratory Relief, the pecuniary result the judgment would directly produce is the return of $130,000 received by Clifford under the Settlement Agreement.

Further, Plaintiff's counsel sent a written settlement proposal to EC dated March 12, 2018, wherein Plaintiff offered to pay $130,000 in exchange for, among

NOTICE OF REMOVAL OF ACTION BY DEFENDANT ESSENTIAL CONSULTANTS, LLC

other things, an agreement that the Settlement Agreement is "null and void."
(Plaintiff's counsel spoke about this settlement proposal in news interviews, thus
waiving any confidentiality. A copy of the letter can be furnished to the Court upon
request.) This settlement letter constitutes evidence that Plaintiff values the object of
the litigation at $130,000. *See e.g. Cohn v. Petsmart, Inc.*, *supra*, 281 F.3d at 840 ("A
settlement letter is relevant evidence of the amount in controversy if it appears to
reflect a reasonable estimate of the plaintiff's claim.")

Moreover, EC is aware of at least twenty (20) violations by Clifford of the
confidentiality provisions of the Settlement Agreement. Clifford expressly agreed in
the Settlement Agreement to liquidated damages in the amount of "One-Million
Dollars ($1,000,000)" for "<u>each</u> breach" of the confidentiality provisions of the
Settlement Agreement. (Emphasis in original.) Therefore, EC and/or Defendant
Trump have the right to seek liquidated damages against Clifford for her numerous
breaches in an amount to be proven with certainty at the Pending Arbitration
Proceeding, but which is approximated to already be in excess of twenty million
dollars ($20,000,000). Clifford was aware that EC is seeking liquidated damages
against her in the Pending Arbitration Proceeding prior to the filing of the Complaint.
Exhibit 1, Complaint, ¶ 29.

Accordingly, the amount in controversy in this action well exceeds $75,000,
exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of
diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

## II. Complete Diversity of Citizenship Exists Between Plaintiffs and All Defendants.

Plaintiff Clifford alleges at Paragraph 1 of the Complaint that she "is a resident
of the State of Texas." EC alleges herein that she is also a citizen and domiciliary of
the State of Texas. Nothing in the Complaint or other pleadings suggests otherwise.
EC, following a diligent search of public records, is not aware of any residency,

1  citizenship or domiciliary by Plaintiff Clifford in either New York, Delaware or the
2  District of Columbia.

3       Plaintiff alleges at Paragraph 2 of the Complaint that Defendant Trump "is a
4  resident of the District of Columbia (among other places)."  Defendant Trump's
5  Joinder in Removal to be filed herein, confirms that he is currently a resident of the
6  District of Columbia, but is a permanent resident, citizen and domiciliary of the State
7  of New York.

8       Plaintiff alleges at Paragraph 3 of the Complaint that EC is a "Delaware limited
9  liability company."  EC admits that it was incorporated in the State of Delaware.
10 Moreover, the citizenship of an LLC is the citizenship of its members.  *Johnson v.*
11 *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a
12 partnership, an LLC is a citizen of every state of which its owners/members are
13 citizens."); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d
14 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes
15 is that of the members, not of the company"); *Handelsman v. Bedford Vill. Assocs.,*
16 *Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the
17 citizenship of its membership"); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.
18 1998); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D.
19 Cal. 2002) ("A limited liability company … is treated like a partnership for the
20 purpose of establishing citizenship under diversity jurisdiction.").

21      EC is a single member LLC.  Its sole member is Michael D. Cohen, who is a
22 resident, citizen and domiciliary of the State of New York.  Accordingly, EC is a
23 resident, citizen and domiciliary of the State of New York.

24      As stated above, Mr. Trump will file a joinder in this removal.  Title 28, U.S.C.
25 § 1446(b)(2)(A) provides that all served defendants who properly may be joined in
26 the removal notice must join.  Here, none of the defendants have been served with the
27 summons and complaint, thus, no joinders are required.  Nevertheless, the only named
28 defendant besides EC (namely, Defendant Trump) will join in this removal.

NOTICE OF REMOVAL OF ACTION BY DEFENDANT ESSENTIAL CONSULTANTS, LLC

The Complaint also names Doe Defendants "1 through 10". Exhibit 1, Complaint, p. 1 ¶ 5. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

## III.   The Other Prerequisites for Removal Are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed the Complaint with the state court on March 6, 2018. Neither of the Defendants has been served with a copy of the Summons or Complaint, as of the date of the filing of this Notice of Removal.

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (Case No. BC 696568) to be included with this Notice of Removal. EC was not served with any of the papers. However, EC has obtained from the California Superior Court the following papers, and has attached them hereto as **Exhibit 1**, Summons and Complaint, and

**Exhibit 2**, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Peremptory Challenge, Notice of Case Management Conference and Order to Show Cause.

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 3**, together with this Notice of Removal, will be served upon counsel for Plaintiff and Defendant Trump, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

By filing this Notice of Removal, EC does not waive its right to seek to compel arbitration, or to object to jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, EC respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.


Dated: March 16, 2018                              BLAKELY LAW GROUP


                                                   By:  /s/ Brent H. Blakely
                                                   BRENT H. BLAKELY
                                                   *Attorneys for Defendant and Petitioner*
                                                   *EXECUTIVE CONSULTANTS, LLC*

NOTICE OF REMOVAL OF ACTION BY DEFENDANT ESSENTIAL CONSULTANTS, LLC