UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 18-02217 SJO (FFMx) | **DATE:** March 29, 2018 |
| **TITLE:** Stephanie Clifford v. Donald J. Trump et al. | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================

**PROCEEDINGS (in chambers):  ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL** [Docket No. 16]

This matter is before the Court on Plaintiff Stephanie Clifford's ("Plaintiff") Motion for Expedited Jury Trial Pursuant to Section 4 of the Federal Arbitration Act, and for Limited Expedited Discovery ("Motion"), filed March 27, 2018.[1]  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for April 30, 2018.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **DENIES** Plaintiff's Motion

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint in the Superior Court of the State of California for the County of Los Angeles on March 6, 2018, seeking declaratory judgment that an alleged non-disclosure agreement (the "Agreement") between herself, Essential Consultants, LLC ("EC"), and current United States President Donald J. Trump ("Mr. Trump") is void, invalid, or unenforceable.  (*See generally* Notice of Removal, Ex. 1 ("Compl."), ECF No. 1-1.)  This Agreement had been the subject of a separate Temporary Restraining Order ("TRO") that was issued against Clifford during arbitration proceedings unilaterally initiated by EC.  (Decl. Michael J. Avenatti in Supp. Mot. ("Avenatti Decl.") ¶ 5, ECF No. 16-2.)  EC removed the instant action to federal court on March 16, 2018.  (*See generally* Notice of Removal, ECF No. 1.)  Mr. Trump joined the Notice of Removal the same day.  (Joinder, ECF No. 5.)  Plaintiff filed a First Amended Complaint ("FAC") on March 26, 2018, adding a claim for defamation against Michael Cohen ("Cohen"), named in the Agreement as the attorney for EC.  (*See generally* FAC, ECF No. 14.)

In the Notice of Removal, EC states that it "intends to file a Petition to Compel Arbitration with this Court at the earliest possible time permitted by the Federal Rules of Civil Procedure and Local

---

[1]  The Court notes that the Motion exceeds the page limit set forth in the Court's Initial Standing Order.  (*See* Initial Standing Order ¶ 24, ECF No. 11.)  The parties are advised to carefully review the Initial Standing Order and the local rules of this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 18-02217 SJO (FFMx)          DATE:  March 29, 2018

Rules of this Court, to compel this action to the Pending Arbitration Proceeding." (Notice of Removal 3.) The Joinder filed by Mr. Trump likewise states that he "intends to join in EC's anticipated Petition to Compel Arbitration under the Arbitration Agreement." (Joinder 2.) Based on EC's stated intention to file this petition, Plaintiff now moves for an expedited jury trial and limited discovery under section four of the Federal Arbitration Act ("FAA"). (*See generally* Mot., ECF No. 16.)

II.     LEGAL STANDARD

Section four of the FAA provides in relevant part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default . . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . . . **If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.** If no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine such issue. Where such an issue is raised, **the party alleged to be in default may . . . on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose**. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

9 U.S.C.A. § 4.

Courts confronted with the issue have generally determined that "the return day of the notice of application," by which a plaintiff must file a demand for jury trial, is the date on which the plaintiff's opposition to a petition to compel arbitration is due. *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1349 n. 19 (11th Cir. 2017) (holding that the plaintiff's due date for his opposition is the "dispositive return day of the notice of application"); *Castillo v. Lowe's HIW, Inc.*, No. C13-4590 TEH, 2013 WL 12143002, at *4 (N.D. Cal. Dec. 2, 2013) ("If Plaintiff desired a jury trial on this

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 18-02217 SJO (FFMx)</u>  DATE: <u>March 29, 2018</u>

issue, he was required to demand one in his opposition to Defendant's motion to compel arbitration or prior to the date the opposition brief was due."); *Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373 WBS, 2011 WL 6702424, at *9 (E.D. Cal. Dec. 21, 2011).

II. <u>DISCUSSION</u>

In her Motion, Plaintiff requests an expedited jury trial and limited discovery concerning the existence of a valid arbitration agreement in anticipation of EC's forthcoming petition to compel. Plaintiff cites a number of factual disputes that would potentially require determination by a jury, including (1) whether "David Dennison," one of the parties named in the Agreement, is a pseudonym for Mr. Trump; (2) whether Mr. Trump had knowledge of the Agreement; and (3) the role of EC and Cohen in the formation of the Agreement. (Mot. 7.)

While Plaintiff is correct that "a party alleged to be in default" is entitled to demand a jury trial on a valid question regarding "the making of an arbitration agreement," this question must in fact be "in issue." 9 U.S.C.A. § 4. Absent a petition "for an order directing that such arbitration proceed in the manner provided for in such agreement," 9 U.S.C.A. § 4, such a demand is untimely. While EC and Mr. Trump have stated their intention to file a petition to compel arbitration, they have not yet done so. If such a petition were filed, a number of the questions raised in Plaintiff's Motion may be answered in the petition, thus limiting the need for discovery on these issues. If such a petition is never filed, Plaintiff's Motion is moot. Accordingly, Plaintiff's Motion is premature and must be denied.

The Court's finding is further bolstered by the fact that neither EC nor Mr. Trump have filed a responsive pleading in the action.[2] Under Federal Rule of Civil Procedure ("Rule") 15(a)(3), "[u]nless the Court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). The time remaining for EC and Mr. Trump to respond to the original pleading is governed by Rule 81(c), which provides that a defendant who does not answer before removing an action to federal court must answer or present other defenses or objections within the longer of: "(A) 21 days after receiving—**through service or otherwise**—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2). As no proof of service has yet been filed with the Court, the time period allotted under Rule 81(c)(2)(B) is inapplicable. (*See generally* Dkt.; *see also* Notice of Removal 2 ["[n]either of the Defendants has been served with a copy of

---

[2] Cohen, who was added as a party to the FAC on March 26, 2018, has not yet been served in the action, and must be properly served under Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 4.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 18-02217 SJO (FFMx)                DATE:  March 29, 2018

the Summons or Complaint"]; Joinder 2 ["Mr. Trump has not been served with the summons or complaint in this action"].)

The Notice of Removal does state, however, that "EC has obtained from the California Superior Court" the Summons and Complaint.  (Notice of Removal 7.)  While EC does not specifically name the date that it obtained these documents, the latest that receipt could have occurred would have been March 16, 2018—the date the Notice of Removal was filed with copies of the Summons and Complaint attached.  As Mr. Trump joined the Notice of Removal, both parties would be required to file an answer or responsive pleading to the original pleading on or before April 6, 2018.  Under Rule 15, service of the FAC on March 26, 2018 would extend the time to respond until April 9, 2018.  However, because Plaintiff has not yet filed a certificate of service with the Court regarding service of the FAC—as required under Rule 5(a)(1)(B) and Rule 5(d)(1)—the exact deadline is unknown.  *See* Fed. R. Civ. Proc. 5(a)(1)(B) (stating that "a pleading filed after the original complaint" must be served on every party; Fed. R. Civ. Proc. 5(d)(1) (stating that any paper after the complaint that is required to be served must be filed "together with a certificate of service" within a reasonable time after service).

Given that Plaintiff has failed to follow certain of the Court's procedural requirements that would trigger a responsive pleading deadline for the defendants, and that such a responsive pleading may answer a number of questions raised by Plaintiff's Motion, the Court declines to prematurely address these issues.[3]

III.    RULING

For the foregoing reasons, the Court **DENIES** without prejudice Plaintiff Stephanie Clifford's Motion for Expedited Jury Trial Pursuant to Section 4 of the Federal Arbitration Act, and for Limited Expedited Discovery.  The Court further **ORDERS** Plaintiff to file the required proofs or certificates of service for the FAC within fourteen (14) days of the date of this Order.  Defendants Essential Consultants, LLC and Donald J. Trump must file responsive pleadings within fourteen (14) days of the date service is accomplished, and Defendant Michael Cohen must file a responsive pleading within twenty-one (21) days of the date service is accomplished.

IT IS SO ORDERED.

---

[3]  The parties are advised that the instant litigation is not the most important matter on the Court's docket.  Requests for expedited proceedings, hearings, and discovery not clearly supported by the record and law are discouraged.