BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:   (310) 546-7400
Facsimile:   (310) 546-7401
Email:        BBlakely@BlakelyLawGroup.com

Attorneys for Defendant
ESSENTIAL CONSULTANTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**DECLARATION OF BRENT H. BLAKELY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>**Date:        April 30, 2018**<br>**Time:        10:00 a.m.**<br>**Location:   350 West 1st Street**<br>                    **Courtroom 10C, 10th Floor**<br>                    **Los Angeles, CA 90012**<br><br>Action Filed:  March 6, 2018 |

DECLARATION OF BRENT H. BLAKELY

**DECLARATION OF BRENT H. BLAKELY**

I, Brent H. Blakely, declare:

1. I am an attorney duly licensed to practice before all courts of the State of California and in the U.S. District Court for the Central District of California, among other courts. I make this declaration based on my own personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2. I am a partner of the law firm of Blakely Law Group, counsel of record for Defendant Essential Consultants, LLC ("EC").

3. Attached hereto as **Exhibit B** is a true and correct copy of the Complaint, without exhibits, filed by Plaintiff Stephanie Clifford a.k.a. Stormy Daniels a.k.a. Peggy Peterson ("Clifford") in Los Angeles Superior Court, Case Number BC696568, on March 6, 2018. EC removed the Complaint to this court on March 16, 2018. The exhibits to the Complaint are contained in Dkt. No. 1, Exhibit 1.

4. Attached hereto as **Exhibit C** is a true and correct copy of the First Amended Complaint ("FAC"), without exhibits, filed by Clifford on March 26, 2018. The exhibits to the FAC are contained in Dkt. No. 14.

5. Attached hereto as **Exhibit D** is a true and correct copy of the article entitled, "*EXCLUSIVE: How Stormy Daniels tried to sell story about her one-night-stand with Donald Trump for $200,000 THREE weeks before the election but worked out a deal with Trump's lawyer Michael Cohen after she got no takers*," which was published by the *Daily Mail* on or about March 29, 2018, at the following URL: http://www.dailymail.co.uk/news/article-5554437/Stormy-Daniels-tried-sell-story-sex-Trump-200-000-weeks-election.html.

6. Attached hereto as **Exhibit F** is a true and correct copy of the article entitled, "*Stormy Daniels says Trump scandal has been good for business*," which was published by *CNN* on or about March 11, 2018, at the following URL: https://www.cnn.com/2018/03/10/ politics/stormy-daniels-interview/index.html.

7. Attached hereto as **Exhibit G** is a true and correct copy of the article entitled, "*One Night with Stormy Daniels, the Hero America Needs*," which was published by *Rolling Stone* on or about March 9, 2018, at the following URL: https://www.rollingstone.com/ culture/features/one-night-with-stormy-daniels-the-hero-america-needs-w517692.

8. On March 21, 2018, I met with counsel for Clifford, Ahmed Ibrahim, in person at my offices to discuss the instant Motion to Compel Arbitration ("Motion"). Charles J. Harder, counsel for Defendant Donald J. Trump, was also present in person. Michael Avenatti, also counsel for Clifford, participated by telephone. During the conference, we discussed our respective positions regarding the Motion, along with the authorities upon which we rely, and I specifically informed counsel for Clifford that, pursuant to *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006), Clifford's defenses to the enforcement of the Settlement Agreement as a whole must be decided by the arbitrator, not the Court. In response, counsel for Clifford cited the following cases: *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 964 (9th Cir. 2007), *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1144 (9th Cir. 1991), *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 741, 747 (9th Cir. 2014) and *Granite Rock Co. v. Int'l Bhd. of Teamsters,* 561 U.S. 287, 303-304 (2010). For the reasons set forth in EC's accompanying memorandum of points and authorities, these cases are highly distinguishable from this case.

9. Thus, no agreement to eliminate the need for the Motion was reached. A true and correct copy of my email exchange with Mr. Avenatti summarizing our discussions is attached hereto as **Exhibit H**.

10. Attached hereto as **Exhibit I** is a true and correct copy of my March 27, 2018 letter to counsel for Clifford, Michael Avenatti, setting forth the basis upon which defendant Michael Cohen intends to file an anti-SLAPP motion pursuant California Code of Civil Procedure § 425.16 in connection with Clifford's second cause of action against Mr. Cohen for defamation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2018, at Los Angeles, California.

/s/ *Brent H. Blakely*
BRENT H. BLAKELY