BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Park View Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:   (310) 546-7400
Facsimile:    (310) 546-7401
Email:         BBlakely@BlakelyLawGroup.com

Attorneys for Defendant
ESSENTIAL CONSULTANTS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217<br><br>**JOINT *EX PARTE* APPLICATION OF DEFENDANTS ESSENTIAL CONSULTANT, LLC AND DONALD J. TRUMP FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>Action Filed:  March 6, 2018 |

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Essential Consultants, LLC ("EC") and Donald J. Trump (collectively, "Defendants") will and hereby do move *ex parte* for an order granting Defendants an extension of time to file an answer or Rule 12 motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Stephanie Clifford a.k.a. Stormy Daniels a.k.a. Peggy Peterson ("Clifford" or "Plaintiff") of: (1) 30-days; or (2) 14 days (or another reasonable time) following the Court's ruling on EC's Motion to Compel Arbitration [Dkt. No. 20] (the "Arbitration Motion"), in which Mr. Trump joined, if necessary.

Defendants are aware that *ex parte* applications are solely for extraordinary relief and are discouraged by the Court.  Court's Standing Order, ¶ 30.  However, Plaintiff's conduct (as detailed herein) and refusal to agree to the requested extension has left Defendants no choice but to seek relief on an *ex parte* basis.

The current deadline for Defendants to respond the FAC is April 9, 2018, which is well before this Court's anticipated ruling on the Arbitration Motion.  If the Arbitration Motion is granted, it will likely obviate the need for Defendants to file any response to the FAC.  If the Arbitration Motion is denied, the Court's ruling may dispose of certain issues that Defendants could raise in a Rule 12 motion to dismiss.

The requested extension is therefore in the interest of judicial economy and is likely to save the parties time and expense of engaging in unnecessary motion practice.  Additionally, as detailed below, Defendants diligently attempted to obtain a stipulation from Plaintiff on this matter, but given Plaintiff's refusal and the short period of time to respond to the FAC, there is insufficient time to make this request via a noticed motion.  Further, Defendants have not previously requested such an extension from the Court.

This application is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Brent H. Blakely, any reply papers filed by Plaintiff, all other papers on file in this action, all materials that may be

properly considered in connection with this motion, and oral argument at any hearing on this matter.

> Plaintiff is represented by:
> Michael J. Avenatti
> Avenatti & Associates, APC
> 520 Newport Center Drive, Suite 1400
> Newport Beach, California 92660
> (949) 706-7000
> mavenatti@eoalaw.com

On April 2, 2018, counsel for EC, Brent Blakely, orally advised counsel for Plaintiff, Michael Avenatti, that Defendants would bring the instant *ex parte* application if Plaintiff did not agree to an extension of time for Defendants to respond to the FAC.  Declaration of Brent H. Blakely ("Blakely Decl."), ¶¶ 6-7.  At the time, no agreement on an extension was reached because Mr. Avenatti placed an entirely unreasonable condition on the extension (discussed in detail below).  *Id*.

On April 3, 2018, counsel for Defendants advised Mr. Avenatti of this *ex parte* application, in writing, on two occasions.  Blakely Decl., ¶¶ 8-10; Ex. C and Ex. D to Blakely Decl.  On the second occasion, pursuant to Local Rule 7-19.1, Mr. Blakely attempted to schedule a call the following day (April 4, 2018) to discuss the date and substance of this application.  Blakely Decl., ¶ 10; Ex. D to Blakely Decl.  However, Mr. Avenatti did not respond to Mr. Blakely's email for over thirty (30) hours, and when he did respond, Mr. Avenatti offered to schedule the call over the weekend (i.e. at least 2 days later).  Blakely Decl., ¶ 11; Ex. E to Blakely Decl.  In the interim, on April 4, 2018, Mr. Avenatti appeared on at least three national television news shows to discuss this case: (a) *Anderson Cooper 360* on CNN; (b) *Megyn Kelly Today* on NBC News; and (c) *New Day* on CNN, with Alisyn Camerota.  Blakely Decl., ¶ 11.

Given that the current due date for Defendants' response to the FAC is the next business day (Monday, April 9, 2018) following Mr. Avenatti's proposed meet and confer, Defendants could not wait until the weekend to further meet and confer with Mr. Avenatti.  Blakely Decl., ¶ 12.  Thus, Defendants have no choice but to file the

1  instant application.

2

3  Dated: April 5, 2018                    BLAKELY LAW GROUP

4

5                                          By:  */s/ Brent H. Blakely*

6                                              BRENT H. BLAKELY
                                               Attorneys for Defendant ESSENTIAL
7                                              CONSULTANTS, LLC

8

9  Dated: April 5, 2018                    HARDER LLP

10

11

12                                         By:  */s/ Charles J. Harder*

13                                             CHARLES J. HARDER
                                               Attorneys for Defendant
14                                             DONALD J. TRUMP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The instant *Ex Parte* Application of Defendants Essential Consultants, LLC ("EC") and Donald J. Trump (collectively, "Defendants") is necessary due to Plaintiff Stephanie Clifford a.k.a. Stormy Daniels a.k.a. Peggy Peterson's ("Clifford" or "Plaintiff") counsel's refusal to agree to a routine request to extend the current April 9, 2018 deadline for Defendants to file an answer or a Rule 12 motion to dismiss the First Amended Complaint ("FAC").  In light of EC's pending Motion to Compel Arbitration [Dkt. No. 20] (the "Arbitration Motion"), in which Mr. Trump has joined, Defendants requested that Plaintiff stipulate to a 30-day extension of their response deadline, in the interest of judicial economy.  Rather than simply grant this routine request, Plaintiff's counsel, Michael Avenatti, conditioned Plaintiff's stipulation to an extension on a separate agreement by defendant Michael Cohen (who is not a party to the cause of action brought against Defendants, and is not requesting an extension at this time) to arbitrate Plaintiff's second cause of action of defamation against him in the event the Court grants the Arbitration Motion.

Plaintiff's attempt to condition Defendants' routine request for an extension upon a separate agreement from a separate defendant (Michael Cohen) is wholly inappropriate and runs afoul of Section B.2. of the Central District's Civility and Professionalism Guidelines, which states in pertinent part: "Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines."  *See also In re Barrera,* 2016 WL 3004429, at *2 (Bankr. C.D. Cal. May 17, 2016) (stating counsel should be able to agree to a reasonable extension of time to respond to a complaint "without attaching any extraneous conditions").

Additionally, such requests for an extension are routinely granted by courts and are the proper subject of *ex parte* requests.  *See* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-D (emphasis added) ("Requests for initial extensions should

not be unreasonably refused.  Civility between counsel is good strategy and always appreciated by the court.  Unless it would give defendant a strategic advantage and the matter is important, stipulate to the extension of time (**particularly because courts routinely grant initial extensions**).”); Ex Parte Motions, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-F (*ex parte* orders in connection with scheduling matters are proper).

Accordingly, there is good cause for the Court issue an order granting Defendants: (1) a 30-day extension of time to respond to the FAC; or in the alternative (2) 14 days (or another reasonable period of time) to respond to the FAC following the Court’s ruling on the Arbitration Motion.

Prior to filing this application, counsel for Defendants advised Plaintiff’s counsel, Mr. Avenatti, of the Civility and Professionalism Guidelines set forth herein. Notwithstanding the same, and following multiple requests for a stipulation to the extension requested herein, Mr. Avenatti refused the request, thus requiring Defendants to incur the cost of preparing this Application, and requiring this Court to expend the resources to consider this Application, as opposed to a simple and routine stipulation.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This action was commenced by Plaintiff in Los Angeles Superior Court on March 6, 2018 through the filing of the Complaint.  Plaintiff’s Complaint asserted a single cause of action for declaratory relief against Defendants.  On March 16, 2018, EC removed this action to the United States District Court, Central District of California; Mr. Trump consented to and joined in this removal. [Dkt. Nos. 1, 5]

On March 21, 2018, counsel for Defendants met with counsel for Plaintiff to discuss the Arbitration Motion and Plaintiff’s Motion for Expedited Jury Trial pursuant to Local Rule 7-3.  Blakely Decl., ¶ 3.  The parties however were unable reach an agreement to eliminate the need for their respective motions.  *Id*.

On March 26, 2018, Plaintiff filed her First Amended Complaint (the "FAC"), which asserted a second cause of action for defamation against a new party: Michael Cohen ("Mr. Cohen"). [Dkt. No. 14]

On March 27, 2018, Plaintiff filed her Motion for Expedited Jury Trial. [Dkt. No. 16]  The Court denied this motion, *sua sponte,* without prejudice on March 29, 2018. [Dkt No. 17]  In its ruling, the Court ordered Plaintiff to file proofs of service for the FAC within 14 days and further ordered Defendants to file a response to the FAC within 14 days of the date service was accomplished.  *Id.* at p. 4.  On April 3, 2018, Plaintiff filed a certificate of service [Dkt. No. 22], which reflected that the FAC was served on Defendants on March 26, 2018 and established that the deadline for Defendants to respond to the FAC is April 9, 2018.

On March 27, 2018, counsel for Mr. Cohen, Brent Blakely, sent a letter to Mr. Avenatti requesting a meet and confer in connection with Mr. Cohen's contemplated motion to strike Plaintiff's second cause of action pursuant to California Code of Civil Procedure § 425.16.  Ex. A to Blakely Decl., 3/27/18 Letter.  This correspondence further advised Mr. Avenatti that Mr. Blakely was beginning a trial on April 3, 2018 and requested that the in-person meet and confer take place during the same week.  *Id.*

Having received no response from Mr. Avenatti for nearly three days, Mr. Blakely sent a follow-up email to Mr. Avenatti on Friday, March 30, 2018.  Ex. B to Blakely Decl., 3/30/18 Email Chain.  Additionally, citing the then-upcoming Arbitration Motion and the interests of judicial economy, Mr. Blakely requested on behalf of Defendants that Plaintiff stipulate to a 30-day extension of Defendants' deadline to file an answer or Rule 12 motion to the FAC.  *Id.*

In response, Mr. Avenatti did not state whether or not he would agree to the requested extension, and instead stated that he would discuss it during the parties' meet and confer on Mr. Cohen's motion to strike and/or dismiss, which he scheduled to take place on Monday, April 2, 2018, at 11:00 am.  Ex. B to Blakely Decl.

The meet and confer between Mr. Blakely and Mr. Avenatti took place on April 2, 2018; and was held telephonically due to Mr. Blakely's need to prepare for a trial beginning the next day.  Blakely Decl., ¶ 6.  During the conference, Mr. Avenatti proposed an extension of time for Defendants to respond to the FAC until 10-14 days after the Court ruled on the Arbitration Motion; however, this proposal was conditioned upon defendant Michael Cohen (who was not requesting an extension and is not even a party to the one cause of action against Defendants: the First Cause of Action for Declaratory Relief) agreeing to arbitrate Plaintiff's second cause of action for defamation against him, in the event the Court grants the Arbitration Motion.  *Id.*, ¶ 7.  As result, no agreement on an extension of time was reached and Mr. Blakely informed Mr. Avenatti that an *ex parte* application would be necessary if Plaintiff did not agree to the extension.  *Id.*

On April 2, 2018, EC filed the Arbitration Motion, which Mr. Trump has joined. [Dkt. Nos. 20-21]

On April 3, 2018, counsel for Mr. Trump, Charles Harder, sent a follow-up letter to Mr. Avenatti advising that the aforementioned condition on the extension requested by Defendants was inappropriate and in violation of the Central District's Civility and Professionalism Guidelines, and requested that Plaintiff to agree to an extension without this condition.  Ex. C to Blakely Decl., 4/3/18 Letter.  In response, Mr. Avenatti claimed that Mr. Harder's letter was "inaccurate in many aspects," but did not identify any of the purported inaccuracies or respond to the substance of the letter, namely, whether or not Plaintiff would agree to the requested extension without conditions.  Ex. D to Blakely Decl., 4/3/18 Email Chain.  In response, Mr. Harder advised that his letter was accurate, and reiterated his request that Plaintiff clarify whether she would agree to the requested extension without conditions.  *Id.*  Mr. Harder further advised Mr. Avenatti that Defendants would have no choice but to file an *ex parte* application for the requested extension if it was refused by Plaintiff.  *Id.*

In response, Mr. Avenatti again did not state whether Plaintiff would agree to an extension, and instead combatively hurled accusations.  *Id.*

Thereafter, on the night of April 3, 2018, Mr. Blakely, after concluding the first day of trial before Judge Terry Hatter in the U.S. District Court, Central District of California, and preparing for the following day of trial, sent an email to Mr. Avenatti requesting yet another meet and confer telephonic conference to discuss the requested extension.  Ex. D to Blakely Decl.  Mr. Avenatti did not respond to Mr. Blakely's email for over thirty (30) hours, and when he did, Mr. Avenatti offered to meet and confer over the weekend (i.e. at least two days later).  Blakely Decl., ¶ 11; Ex. E to Blakely Decl., 4/5/18 Email.  In the interim, on April 4, 2018, Mr. Avenatti appeared on at least three national television news shows to discuss this case: (a) *Anderson Cooper 360* on CNN; (b) *Megyn Kelly Today* on NBC News; and (c) *New Day* on CNN, with Alisyn Camerota.  Blakely Decl., ¶ 11.

Given that the current due date for Defendants' response to the FAC is the next business day (Monday, April 9, 2018) following Mr. Avenatti's proposed meet and confer, Defendants could not wait until the weekend to further meet and confer with Mr. Avenatti.  Blakely Decl., ¶ 12.

As a result of the foregoing, Defendants were required to file the instant *Ex Parte* Application, to obtain the requested extension.

## III.   GOOD CAUSE EXISTS TO GRANT THIS *EX PARTE* APPLICATION

Defendants are aware that *ex parte* applications are solely for extraordinary relief and are discouraged by the Court.  Court's Standing Order, ¶ 30.  However, Plaintiff's aforementioned conduct and refusal to agree to the requested extension has left Defendants no choice but to seek relief on an *ex parte* basis.

In *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp 488, 492 (C.D. Cal. 1995) the court set forth a two-part test to determine whether a moving party is entitled to *ex parte* relief: the moving party must show (1) that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular

noticed motion procedures"; and (2) that the moving party is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."

As discussed above, and in the accompanying Declaration of Brent H. Blakely, Defendants diligently attempted to obtain a stipulation from Plaintiff on this matter, but because Plaintiff refused, and because of the short period of time to respond to the FAC (14 days), there is insufficient time make this request via a noticed motion. Defendants have not previously requested such an extension from the Court.

Additionally, the current deadline for Defendants to respond the FAC is April 9, 2018, which is well before this Court's ruling on Arbitration Motion.  If the Arbitration Motion is granted, it will likely obviate the need for Defendants to file any response to the FAC.  If the Arbitration Motion is denied, the Court's ruling may dispose of certain issues that Defendants could raise in a Rule 12 motion to dismiss. The requested extension is therefore in the interest of judicial economy and will save the parties time and expense from engaging in unnecessary motion practice. Accordingly, there is good cause for the Court to grant the requested extension.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court grant the instant *Ex Parte* Application and issue an order granting Defendants an extension of time to file an answer or motion to dismiss the FAC of: (1) 30 days; or in the alternative (2) 14 days (or another reasonable period of time) following the Court's ruling on the Arbitration Motion.


Dated: April 5, 2018                   BLAKELY LAW GROUP


By:  */s/ Brent H. Blakely*
　　　　　BRENT H. BLAKELY
　　　　　Attorneys for Defendant
　　　　　ESSENTIAL CONSULTANTS, LLC

1    Dated: April 5, 2018            HARDER LLP

2

3

4                            By:   */s/ Charles J. Harder*

                               CHARLES J. HARDER

5                              Attorneys for Defendant

                             DONALD J. TRUMP

6

7

8        Pursuant to Local Rule 5-4.3.4, I Brent H. Blakely, hereby attest that all other

9   signatories to this *Ex Parte* Application, and on whose behalf it is submitted, concur

10   in its content and have authorized its filing.

11   Dated: April 5, 2018                      /s/ Brent H. Blakely

12                              BRENT H. BLAKELY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT *EX PARTE* APPLICATION