BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Park View Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:   (310) 546-7400
Facsimile:   (310) 546-7401
Email:       BBlakely@BlakelyLawGroup.com

Attorneys for Defendant
ESSENTIAL CONSULTANTS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>              Plaintiff,<br><br>        v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 2:18-CV-02217<br><br>**DECLARATION OF BRENT H. BLAKELY IN SUPPORT OF *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>Action Filed:  March 6, 2018 |

<u>**DECLARATION OF BRENT H. BLAKELY**</u>

I, Brent H. Blakely, declare:

1.    I am an attorney duly licensed to practice before all courts of the State of California and in the U.S. District Court for the Central District of California, among other courts.  I make this declaration based on my own personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2.    I am a partner of the law firm of Blakely Law Group, counsel of record for Defendant Essential Consultants, LLC ("EC").

3.    On March 21, 2018, I met with counsel for Plaintiff, Ahmed Ibrahim, in person at my offices to discuss EC's Motion to Compel Arbitration ("Arbitration Motion"), in which Mr. Trump joined, and Plaintiff's Motion for Expedited Jury Trial.  Charles J. Harder, counsel for Mr. Trump, was also present in person.  Michael Avenatti, also counsel for Clifford, participated by telephone.  However, we were unable reach an agreement to eliminate the need for the respective motions.

4.    Attached hereto as **Exhibit A** is a true and correct copy of my March 27, 2018 letter to Mr. Avenatti.

5.    Attached hereto as **Exhibit B** is a true and correct copy of the email chain including my March 30, 2018 email to Mr. Avenatti and his response of the same date.

6.    On April 2, 2018, I telephonically met and conferred with Mr. Avenatti regarding Mr. Cohen's contemplated motion to strike Plaintiff's second cause of action pursuant to California Code of Civil Procedure § 425.16 or, in the alternative, motion to dismiss.  At my request, we conducted the meet and confer over the telephone, rather than in person, because I was preparing for a trial that began the next day.

7.    During our conference, Mr. Avenatti offered to agree to an extension of time for Defendants to respond to Plaintiff's First Amended Complaint ("FAC") until 10-14 days after the Court ruled on the Arbitration Motion, conditioned upon Mr.

Cohen (who was not requesting an extension and is not even a party to the one cause of action against Defendants: the First Cause of Action for Declaratory Relief) agreeing to arbitrate Plaintiff's second cause of action for defamation against him, in the event the Court grants the Arbitration Motion.  As result, no agreement on an extension of time was reached.  I also informed Mr. Avenatti that an *ex parte* application would be necessary if Plaintiff did not agree to an extension of time for Defendants to respond to the FAC.

8.   On April 3, 2018, counsel for Defendants advised Mr. Avenatti of the instant *ex parte* application, in writing, on two occasions.

9.   Attached hereto as **Exhibit C** is a true and correct copy of an April 3, 2018 letter from Charles Harder to Michael Avenatti, wherein Mr. Harder informs Mr. Avenatti that an *ex parte* application will be necessary if an unconditional extension of time was not granted.

10.   Attached hereto as **Exhibit D** is a true and correct copy of an April 3, 2018 email chain that begins with the transmission of Mr. Harder's April 3, 2018 letter to Mr. Avenatti, contains an email exchange between Mr. Avenatti and Mr. Harder, and ends with my email to Mr. Avenatti, wherein pursuant to Local Rule 7-19.1, I attempted to schedule a call the following day (April 4, 2018) to discuss the date and substance of the instant *ex parte* application.  I sent this email after concluding my first day of trial before Judge Terry Hatter in the U.S. District Court, Central District of California, and preparing for the following day of trial.

11.   Mr. Avenatti did not respond to my email for over thirty (30) hours, and when he did respond on April 5, 2018, Mr. Avenatti offered to schedule the call over the weekend (i.e. at least 2 days later).  In the interim, on April 4, 2018, Mr. Avenatti appeared on at least three national television news shows to discuss this case: (a) *Anderson Cooper 360* on CNN; (b) *Megyn Kelly Today* on NBC News; and (c) *New Day* on CNN, with Alisyn Camerota.  Attached hereto as **Exhibit E** is a true and correct copy of Mr. Avenatti's April 5, 2018 email.

12.    Given that the current due date for Defendants' response to the FAC is the next business day (Monday, April 9, 2018) following Mr. Avenatti's proposed meet and confer, Defendants could not wait until the weekend to further meet and confer with Mr. Avenatti.  Accordingly, Defendants have no choice but to file the instant *ex parte* application for an extension of time to respond to the FAC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 5, 2018, at Los Angeles, California.

_/s/ Brent H. Blakely_
BRENT H. BLAKELY

# Exhibit A



1334 PARKVIEW AVENUE, SUITE 280 MANHATTAN BEACH, CALIFORNIA 90266
WWW.BLAKELYLAWGROUP.COM T 310-546-7400 F 310-546-7401

E-mail bblakely@blakelylawgroup.com

March 27, 2018

**VIA EMAIL & U.S. MAIL**
Mr. Michael J. Avenatti
Avenatti & Associates, APC
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Email: mavenatti@eoalaw.com

Re:    **Clifford v. Trump, et. al.**
       **Case No. 18-cv-02217-SJO-FFM**

Dear Mr. Avenatti:

I am writing to request an in-person meet and confer conference pursuant to Local Rule 7-3 regarding the First Amended Complaint you recently filed.  Defendant Michael Cohen is considering filing an anti-SLAPP motion pursuant to California Code of Civil Procedure §425.16 in connection to Clifford's Second Cause of Action for Defamation. Under the statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Here, Cohen's alleged statement arose in connection with a public issue.  *See e.g.*, *Paris Hilton v. Hallmark Cards et al.*, 580 F.3d 874 (9th Cir. 2009).  Ms. Clifford will have the burden of establishing that there is a probability of her prevailing on her defamation claim.

As set forth in the First Amended Complaint, Clifford's defamation claim is premised on the following statement by Mr. Cohen:

"*Just because something isn't true doesn't mean that it can't cause you harm  or  damage.  I will always protect Mr. Trump.*"

"Defamation consists of, among other things, a false and unprivileged publication, which has a tendency to injure a party in its occupation."  *Wilbanks v. Wolk* (2004) 121

March 27, 2018
Page 2

Cal.App.4th 883, 901.  *Washer v. Bank of America* (1948) 87 Cal. App. 2d. 501, 509. The *sine qua non* of recovery for defamation … is the existence of falsehood.'  Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability.  Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected." *McGarry v. University of San Diego* (2007) 154 Cal.App.4th 97, 112.

Truth is an absolute defense to defamation.  *Washer v. Bank of America* (1948) 87 Cal. App. 2d. 501, 509.  Nothing about the aforementioned statement, which is not directed at anyone in particular, is untrue.  Indeed, as of this date, Ms. Clifford had stated on at least three different occasions, including in a letter that she signed one month before Mr. Cohen's alleged statement, that she did **not** have an intimate relationship with Mr. Trump.  Thus, her statements which are completely contradictory—that she did **not**, and that she did, have an intimate relationship—cannot both be true.

Ms. Clifford's defamation claim also will fail because when Mr. Cohen made the alleged statement, he was engaging in his constitutionally protected right to express his opinion.  "Under the First Amendment there is no such thing as a false idea.  However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas."  *Gertz v. Robert Welch, Inc*. 418 U.S. 323, 339-340 (1974).

Finally, Ms. Clifford will be required to establish a prima facie claim that she suffered actual damages.  Because the purported libelous statement would require further consideration of extrinsic facts, it is not libel *per se*.  Cal. Civil Code §45a.  Thus, Ms. Clifford would have to prove that she suffered special damages as a proximate result thereof.  Again, as of the time Mr. Cohen made this statement, Ms. Daniels had stated on at least three different occasions that she did **not** have an intimate relationship with Mr. Trump.  Even if one were to distort Mr. Cohen's statement to the length that you attempt in the First Amended Complaint, it can hardly be said that Mr. Cohen's statement, which nowhere contradicts Ms. Clifford's stated position at this time, somehow damaged Ms. Clifford.

Should Ms. Clifford's defamation claim fail to survive an anti-SLAPP challenge, she would be held responsible for Mr. Cohen's legal fees.

Moreover, you have exposed yourself personally to potential sanctions for filing a frivolous pleading in violation of Federal Rule of Civil Procedure, Rule 11, which was

March 27, 2018
Page 3

enacted to deter abusive pretrial tactics and to streamline litigation by excluding baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392-393; *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F. 2d 1531, 1542 (9th Cir. 1986).

We therefore ask that you reconsider Ms. Clifford's Second Cause of Action for Defamation against Mr. Cohen, and stipulate to the voluntary dismissal of same.

I have a trial beginning on April 3, 2018 in another matter and therefore request that we hold the meet and confer conference regarding Mr. Cohen's anti-SLAPP motion **this week**.  As the prior meet and confer conference was held at my office, I'll be happy to travel to Newport Beach for this one.

Naturally, all of my client's claims are expressly reserved and none are waived.

Sincerely,


BRENT H. BLAKELY


cc:    Charles J. Harder, Esq. (via email)
        Ryan Stonerock, Esq. (via email)

# Exhibit B

| | |
|---|---|
| **From:** | Brent Blakely <bblakely@blakelylawgroup.com> |
| **Sent:** | Friday, March 30, 2018 1:10 PM |
| **To:** | Michael J. Avenatti |
| **Cc:** | Charles Harder; Ryan Stonerock; Judy K. Regnier; Ahmed Ibrahim |
| **Subject:** | RE: Clifford v. Trump, et al; Case No. 18-cv-02217-SJO-FFM |

Dear Mr. Avenatti:

1.    EC is planning to file the motion within the next week.  My understanding is that Mr. Trump intends to join in the motion

2.    We disagree that this issue requires clarity in advance of our meeting on Monday.  EC's motion to compel arbitration should be granted regardless of whether Mr. Trump is a party or third party beneficiary to the agreement.  Further, because you have disclosed our previous meet and confer discussions directly to CNN, and mischaracterized them, and CNN reported on the issue, and also because you disclosed our prior meet and confer discussions on your Twitter account, which we assume is monitored by scores if not hundreds of national and international reporters, and you also mischaracterized our discussions in the process, we do not intend to have any further communications with you that go beyond the strict requirements of the court's rules.


Regards, Brent Blakely


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:     310.546.7401
www.blakelylawgroup.com


**From:** Michael J. Avenatti [mailto:mavenatti@eaganavenatti.com]
**Sent:** Friday, March 30, 2018 12:01 PM
**To:** Brent Blakely
**Cc:** charder@harderllp.com; Ryan Stonerock; Judy K. Regnier; Ahmed Ibrahim
**Subject:** RE: Clifford v. Trump, et al; Case No. 18-cv-02217-SJO-FFM
**Importance:** High

Mr. Blakely:

Thank you for your email.  I will disregard your personal attacks in the interest of professionalism.

We will be prepared to discuss each of these issues on Monday in our office in Newport Beach, CA beginning at 11:00 a.m.  Please let me know if that is acceptable.  In the interim, we reserve all rights.

Two issues that we require clarity on in advance of the meeting:

1.  When do you anticipate filing a motion to compel arbitration and which parties will be filing said motion?
2.  I inquired 10 days ago and have yet to receive an answer to the following question – Was Donald Trump ever a party to the agreement?  If so, how and when?  Presumably, your side has determined the answers to these questions as they are not complicated questions.

Thank you in advance.

Michael


Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com


The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

**From:** Brent Blakely [bblakely@blakelylawgroup.com]
**Sent:** Friday, March 30, 2018 11:43 AM
**To:** Michael J. Avenatti
**Cc:** charder@harderllp.com; Ryan Stonerock
**Subject:** RE: Clifford v. Trump, et al; Case No. 18-cv-02217-SJO-FFM

Dear Mr. Avenatti:

I am writing to address three issues:

1.     **Meet and Confer re: Michael Cohen's Anti-SLAPP Motion**:  We have yet to receive a response to my March 27, 2018 letter requesting a meet and confer regarding Mr. Cohen's contemplated motion. (attached)  It is disappointing that you have not responded given that you have had plenty of time to discuss this case on numerous national news shows.  As previously indicated, I will be in trial beginning on Tuesday, April 3rd.  Thus, please let me know your availability this afternoon, over the weekend, or on Monday.  Also, please be advised that Mr. Cohen intends to concurrently file a Motion to Dismiss under FRCP 12(b)(6) on the basis that your client's second cause of action fails to state a claim for relief.

2.     **Extension of EC/Mr. Trump's Deadline to Respond to FAC**:  EC and defendant Donald J. Trump request that your client stipulate to a 30 day extension of their deadline to file a responsive pleading or Rule 12 motion.  In light of EC's upcoming motion to compel arbitration, we request this extension in the interests of judicial economy.  We also note that Section B.2. of the Central District's Civility and Professionalism Guidelines states, in part: "Unless time is of the essence, as a matter of

courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines." If your client is not agreeable to this extension, we will have no choice but to raise this issue with the court.

3.    **Service of the First Amended Complaint on Michael Cohen**:  My office will agree to accept service of the First Amended Complaint on behalf of Michael Cohen.  Please have the First Amended Complaint and Summons served on my office address, which is below.

We look forward to your prompt response.

Regards, Brent Blakely


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com


---

**From:** Monica Lawal [mailto:mlawal@blakelylawgroup.com]
**Sent:** Tuesday, March 27, 2018 1:44 PM
**To:** mavenatti@eoalaw.com
**Cc:** Brent Blakely; charder@harderllp.com; Ryan Stonerock
**Subject:** Clifford v. Trump, et al; Case No. 18-cv-02217-SJO-FFM

Dear Mr. Avenatti,

Please see attached from Mr. Blakely.

Regards,

**Monica Lawal**
**Blakely Law Group**
**1334 Parkview Avenue, Suite 280**
**Manhattan Beach, California 90266**
**T: 310.546.7400**
**F: 310.546.7401**
**************************************

CONFIDENTIALITY NOTICE:

THE INFORMATION CONTAINED IN THIS ELECTRONIC MAIL MESSAGE IS PRIVATE AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. THE INFORMATION CONTAINED HEREIN MAY BE PRIVILEGED, PROPRIETARY AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE FEDERAL, STATE OR OTHER LAW. ANY RECIPIENT OF THIS ELECTRONIC MAIL MESSAGE OTHER THAN THE INTENDED RECIPIENT IS HEREBY NOTIFIED NOT TO DISCLOSE, DISTRIBUTE OR COPY THIS ELECTRONIC MAIL MESSAGE, OR TAKE OR REFRAIN FROM TAKING ANY ACTION IN RELIANCE ON THIS MESSAGE. IF THIS MESSAGE HAS BEEN TRANSMITTED IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY.

# Exhibit C



132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 • 424.203.1600

WWW.HARDERLLP.COM

April 3, 2018

**VIA EMAIL**
Mr. Michael J. Avenatti
Avenatti & Associates, APC
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Email:  mavenatti@eaganavenatti.com

Re:  **Clifford v. Donald J. Trump, Essential Consultants, LLC – Extension of Time to Respond to First Amended Complaint**

Dear Mr. Avenatti:

I am writing to follow up on Mr. Blakely's request for a 30-day extension of time for defendants Essential Consultants, LLC ("EC") and Donald J. Trump to file a responsive pleading or motion.  As you know, Mr. Blakely is in trial starting today.  My understanding is that you offered to grant an extension of time of 14 days from the Court's ruling on EC's motion to compel arbitration (the "Motion"), in which Mr. Trump had joined, conditioned upon a separate defendant—Michael Cohen—agreeing to arbitrate your client's second cause of action for defamation against him, if the Court grants the Motion by EC, joined by Mr. Trump.

We believe your attempt to condition our routine request for an extension, which is in the interests of judicial economy, upon a separate agreement from Mr. Cohen, to be inappropriate and to run afoul of Section B.2. of the Central District's Civility and Professionalism Guidelines, which states in pertinent part: "Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines."

Please let me know if the requested extension is acceptable, without condition, and we will prepare an appropriate stipulation.  Otherwise, we will have no alternative but to file an *ex parte* application and bring to the Court's attention your refusal to grant our routine request, and attempt to condition such extension on obtaining a separate agreement from a separate party (Michael Cohen) who did not even request the extension.

Sincerely,

CHARLES J. HARDER Of
**HARDER LLP**

cc:  Brent Blakely, Esq.

# Exhibit D

| | |
|---|---|
| **From:** | Brent Blakely <bblakely@blakelylawgroup.com> |
| **Sent:** | Tuesday, April 3, 2018 10:49 PM |
| **To:** | Michael J. Avenatti; Charles Harder |
| **Cc:** | Ryan Stonerock; Ahmed Ibrahim; Judy K. Regnier |
| **Subject:** | RE: Clifford v. Trump et al; Case No. 18-cv-02217-SJO-FFM |

Dear Mr. Avenatti:

On Monday during our meet and confer regarding Mr. Cohen's contemplated anti-slapp/Motion to Dismiss, I requested that you agree to a thirty day continuance of the time within which Defendants had to respond to the First Amended Complaint. When we could not come to an agreement regarding a continuance, I stated that either myself and/or Mr. Harder would get back to you to meet and confer regarding an ex parte application, which we are now attempting to do.

As you know I'm currently in trial. Today we finished at 5:15 pm. and I do not expect tomorrow to be any different. Are you available tomorrow evening to discuss an ex parte application for a thirty-day continuance of the time within which to respond to Plaintiff's First Amended Complaint?

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:     310.546.7401
www.blakelylawgroup.com

---

**From:** Michael J. Avenatti [mailto:mavenatti@eaganavenatti.com]
**Sent:** Tuesday, April 3, 2018 12:50 PM
**To:** Charles Harder
**Cc:** Ryan Stonerock; Brent H. Blakely, Esq.; Ahmed Ibrahim; Judy K. Regnier
**Subject:** Re: Clifford v. Trump et al; Case No. 18-cv-02217-SJO-FFM

Charles:

Is there a reason you did not participate in the meet and confer? Your letter is not accurate. Further, how can you move ex parte when you failed to meet and confer as scheduled on Monday?

Moreover, and as we have previously explained, Judge Otero set out specific deadlines in his order last week, which we believe he intends for the parties to follow. This is not a simple case of moving deadlines set by the FRCP.

Lastly, in the event you proceed with your improper ex parte, we ask that you include this email string with your filing.

All rights are reserved.

1

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
<u>520 Newport Center Drive, Ste. 1400</u>
<u>Newport Beach, CA  92660</u>
Tel:  <u>(949) 706-7000</u>
Fax: <u>(949) 706-7050</u>
Cell: <u>(949) 887-4118</u>
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Apr 3, 2018, at 3:39 PM, Charles Harder <<u>charder@harderllp.com</u>> wrote:

> Dear Mr. Avenatti:  We have already conferred with Mr Blakely, and my letter is accurate. Nowhere in your email do you point out where or how it is in accurate. The issue is quite simple: either you stipulate to an extension, or we file an *ex parte* application requesting an extension, which will necessarily include the statement that you have refused to stipulate after multiple requests and in violation of the court's civility and professionalism guidelines. Please let me know which it will be. Thank you.
>
> Charles J. Harder
> HARDER LLP
> 132 S. Rodeo Drive, Fourth Floor
> Beverly Hills, CA  90212
> (424) 203-1600
> <u>www.HarderLLP.com</u>
>
> Sent from iPhone; please excuse any typos.
>
> On Apr 3, 2018, at 12:20 PM, Michael J. Avenatti <<u>mavenatti@eaganavenatti.com</u>> wrote:
>
>> Mr. Harder:
>>
>> I am in receipt of your letter, which is inaccurate in many aspects.  Had you been on the meet and confer as required, you would be aware of the inaccuracies.  Please circle back with Mr. Blakely, who was on the call, and then get back with me.
>>
>> Thank you.
>>
>> Michael
>>
>> Michael J. Avenatti, Esq.
>> Eagan Avenatti, LLP
>> <u>520 Newport Center Drive, Ste. 1400</u>
>> <u>Newport Beach, CA  92660</u>
>> Tel:  <u>(949) 706-7000</u>

Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Apr 3, 2018, at 3:06 PM, Ryan Stonerock <RStonerock@harderllp.com> wrote:

Mr. Avenatti:  Please see the attached letter sent on behalf of Charles Harder.

<image001.jpg>

**RYAN J. STONEROCK**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
RSTONEROCK@HARDERLLP.com
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

<CJH-Avenatti re. Extension of Time.pdf>

**Jessica Covington**

---

| | |
|---|---|
| **From:** | Monica Lawal |
| **Sent:** | Thursday, April 5, 2018 6:41 PM |
| **To:** | Jessica Covington |
| **Subject:** | Fwd: Clifford v. Trump - Joint Ex Parte Application |
| **Attachments:** | Ex Parte Application for Extension to Respond to Complaint - FINAL.docx; Ex Parte Application - Declaration of Brent Blakely - FINAL.docx; Proposed Order re Ex Parte for Extension of Time.docx; Ex. A to Ex Parte Application for Extension of Time to Respond.pdf; Ex. B to Ex Parte Application for Extension of Time to Respond.pdf; Ex. C to Ex Parte Application for Extension of Time to Respond.pdf; Ex. D to Ex Parte Application for Extension of Time to Respond.pdf; Ex. E to Ex Parte Application for Extension of Time to Respond.pdf |

---------- Forwarded message ---------
From: Ryan Stonerock <RStonerock@harderllp.com>
Date: Thu, Apr 5, 2018 at 09:49
Subject: Clifford v. Trump - Joint Ex Parte Application
To: Monica Lawal <mlawal@blakelylawgroup.com>
CC: Brent H. Blakely, Esq. <bblakely@blakelylawgroup.com>, Charles Harder <charder@harderllp.com>, Steven Frackman <sfrackman@harderllp.com>

Monica:

Attached please find the following documents:

1. Joint Ex Parte Application
2. Declaration of Brent Blakely
3. Proposed Order
4. Exhibits

Once we have approval from Brent, please file them asap.

Thanks,



**RYAN J. STONEROCK**

HARDER LLP

132 S. RODEO DR., FOURTH FLOOR

BEVERLY HILLS, CA 90212

TEL (424) 203-1600

RSTONEROCK@HARDERLLP.com

www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.

--
Monica Lawal
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
T: (310) 546-7400
F: (310) 546-7401

# Exhibit E

| | |
|---|---|
| **From:** | Michael J. Avenatti <mavenatti@eaganavenatti.com> |
| **Sent:** | Thursday, April 5, 2018 5:10 AM |
| **To:** | Brent Blakely |
| **Cc:** | Charles Harder; Ryan Stonerock; Ahmed Ibrahim; Judy K. Regnier |
| **Subject:** | Re: Clifford v. Trump et al; Case No. 18-cv-02217-SJO-FFM |

Brent:

Good morning. Thank you for the email but what you described did not occur during the meet and confer.

I am unfortunately unavailable for a call at 5:15 today as I am traveling at that time.  I can make myself available this weekend however if that is more convenient.

Good luck in your trial.

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com


The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Apr 4, 2018, at 1:49 AM, Brent Blakely <bblakely@blakelylawgroup.com> wrote:

> Dear Mr. Avenatti:
>
> On Monday during our meet and confer regarding Mr. Cohen's contemplated anti-slapp/Motion to Dismiss,  I requested that you agree to a thirty day continuance of the time within which Defendants had to respond to the First Amended Complaint.   When we could not come to an agreement regarding a continuance, I stated that either myself and/or Mr. Harder would get back to you to meet and confer regarding an ex parte application, which we are now attempting to do.
>
> As you know I'm currently in trial.  Today we finished at 5:15 pm. and I do not expect tomorrow to be any different.  Are you available tomorrow evening to discuss an ex parte application for a thirty-day continuance of the time within which to respond to Plaintiff's First Amended Complaint?

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:    310.546.7400
Facsimile:      310.546.7401
www.blakelylawgroup.com



**From:** Michael J. Avenatti [mailto:mavenatti@eaganavenatti.com]
**Sent:** Tuesday, April 3, 2018 12:50 PM
**To:** Charles Harder
**Cc:** Ryan Stonerock; Brent H. Blakely, Esq.; Ahmed Ibrahim; Judy K. Regnier
**Subject:** Re: Clifford v. Trump et al; Case No. 18-cv-02217-SJO-FFM

Charles:

Is there a reason you did not participate in the meet and confer?  Your letter is not accurate.  Further, how can you move ex parte when you failed to meet and confer as scheduled on Monday?

Moreover, and as we have previously explained, Judge Otero set out specific deadlines in his order last week, which we believe he intends for the parties to follow.  This is not a simple case of moving deadlines set by the FRCP.

Lastly, in the event you proceed with your improper ex parte, we ask that you include this email string with your filing.

All rights are reserved.

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel: (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com


The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

2

On Apr 3, 2018, at 3:39 PM, Charles Harder <charder@harderllp.com> wrote:

> Dear Mr. Avenatti:  We have already conferred with Mr Blakely, and my letter is accurate. Nowhere in your email do you point out where or how it is inaccurate. The issue is quite simple: either you stipulate to an extension, or we file an *ex parte* application requesting an extension, which will necessarily include the statement that you have refused to stipulate after multiple requests and in violation of the court's civility and professionalism guidelines. Please let me know which it will be. Thank you.
>
> Charles J. Harder
> HARDER LLP
> 132 S. Rodeo Drive, Fourth Floor
> Beverly Hills, CA  90212
> (424) 203-1600
> www.HarderLLP.com
>
> Sent from iPhone; please excuse any typos.
>
> On Apr 3, 2018, at 12:20 PM, Michael J. Avenatti <mavenatti@eaganavenatti.com> wrote:
>
>> Mr. Harder:
>>
>> I am in receipt of your letter, which is inaccurate in many aspects.  Had you been on the meet and confer as required, you would be aware of the inaccuracies.  Please circle back with Mr. Blakely, who was on the call, and then get back with me.
>>
>> Thank you.
>>
>> Michael
>>
>> Michael J. Avenatti, Esq.
>> Eagan Avenatti, LLP
>> 520 Newport Center Drive, Ste. 1400
>> Newport Beach, CA  92660
>> Tel:  (949) 706-7000
>> Fax: (949) 706-7050
>> Cell: (949) 887-4118
>> mavenatti@eaganavenatti.com
>>
>>
>> The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Apr 3, 2018, at 3:06 PM, Ryan Stonerock <RStonerock@harderllp.com> wrote:

> Mr. Avenatti:  Please see the attached letter sent on behalf of Charles Harder.



> <image001.jpg>
>
> **RYAN J. STONEROCK**
> HARDER LLP
> 132 S. RODEO DR., FOURTH FLOOR
> BEVERLY HILLS, CA 90212
> TEL (424) 203-1600
> RSTONEROCK@HARDERLLP.com
> www.HARDERLLP.com

> **Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner. Thank you.

> <CJH-Avenatti re. Extension of Time.pdf>