1  AVENATTI & ASSOCIATES, APC
   Michael J. Avenatti, State Bar No. 206929
2  Ahmed Ibrahim, State Bar No. 238739
   520 Newport Center Drive, Suite 1400
3  Newport Beach, CA 92660
   Telephone: 949.706.7000
4  Facsimile: 949.706.7050

5  Attorneys for Plaintiff Stephanie Clifford
   a.k.a. Stormy Daniels a.k.a. Peggy Peterson
6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>13              Plaintiff,<br><br>14     vs.<br><br>15  DONALD J. TRUMP a.k.a. DAVID DENNISON, and individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive,<br><br>19              Defendants. | CASE NO.: 2:18-cv-02217-SJO-FFM<br><br>**PLAINTIFF'S RESPONSE TO JOINT EX PARTE APPLICATION OF DEFENDANTS ESSENTIAL CONSULTANTS, LLC AND DONALD J. TRUMP FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Plaintiff hereby responds to the *ex parte* application filed by defendants Donald J. Trump ("Trump") and Essential Consultants, LLC ("EC"). In support of her response, Plaintiff makes the following points.

*First*, Defendants conveniently did not share with the Court the principal basis upon which Plaintiff advised Defendants that she would not be agreeable to a stipulation to extend Defendants' deadline to respond to the First Amended Complaint. Namely, Plaintiff advised Defendants repeatedly that the Court had set out specific deadlines in its March 29 Order which, in Plaintiff's view, the Court intended for the parties to comply with and not modify. Indeed, although the issue of Defendants' response to the FAC or the time within which any such response would be due was not before the Court on Plaintiff's motion for jury trial and expedited discovery, the Court made it a point to nevertheless set out very specific deadlines for the parties to follow:

> The Court further **ORDERS** Plaintiff to file the required proofs or certificates of service for the FAC within fourteen (14) days of the date of this Order. Defendants Essential Consultants, LLC and Donald J. Trump must file responsive pleadings within fourteen (14) days of the date service is accomplished, and Defendant Michael Cohen must file a responsive pleading within twenty-one (21) days of the date service is accomplished.

[Dkt No. 17 at 4.]

Plaintiff's counsel interpreted this very clear directive from the Court as an admonition to the parties to make sure the parties not deviate from the Court's instructions and that the deadlines "must" be complied with. A stipulation to move Defendants' response deadline would constitute such a deviation. As a result, both on the phone on Monday, April 2nd, and in Plaintiff's counsel's e-mail to Defendants dated Tuesday, April 3rd, Plaintiff's counsel stated: "[A]s we have previously explained, Judge Otero set out specific deadlines in his order last week, which we believe he intends for

the parties to follow. This is not a simple case of moving deadlines set by the FRCP." [Blakely Decl., Ex. D (Dkt No. 26-1 at 16); Avenatti Decl., ¶3.]

*Second*, notwithstanding the unfortunate personalized attacks lodged against Plaintiff's counsel (which Plaintiff believes are completely irrelevant, have no place in Defendants' filing, and which Plaintiff does not intend to respond to), the timeline laid out by Defendants' counsel only confirms that Plaintiff's counsel has conducted himself appropriately and that Defendants only have themselves to blame for the predicament they find themselves in relating to timing.

Specifically, counsel for Mr. Trump, Mr. Charles Harder, inexplicably failed to participate in the Monday, April 2nd meet and confer discussion between the parties relating to the relief sought by Defendants. [Avenatti Decl., ¶4.] *Despite Plaintiff making accommodation to allow this meet and confer by phone, Mr. Harder nonetheless then ignored the scheduled meet and confer.* This is the actual cause of the delay Defendants now complain of.

On March 30, counsel for EC requested a meet and confer with regards to, among other things, a request for an extension of both EC and Mr. Trump's deadline to respond to the FAC. [Blakely Decl., Ex. B (Dkt No. 26-1 at 11-12).] Plaintiff's counsel agreed to a telephonic meet and confer (to accommodate counsel for EC's trial preparation) on Monday, April 2nd. [Avenatti Decl., ¶4, Ex. A.] Because the Monday call pertained at least in part to Defendants' request for an extension, Plaintiff's counsel understood that counsel for both Defendants would be present. [Avenatti Decl., ¶5.] And indeed, Mr. Harder indicated in an e-mail that he, too, would be participating in the meet and confer discussion on Monday. [Avenatti Decl., Ex. B.]

Thus, when Plaintiff's counsel dialed into the telephonic conference on Monday, he was surprised that Mr. Harder was not on the phone. [Avenatti Decl., ¶6.] Plaintiff's counsel advised EC's counsel, Mr. Blakely, that Mr. Harder was required to be on the call per local rules and this Court's standing order. [Avenatti Decl., ¶6.] Mr. Blakely responded that Mr. Harder's participation was not necessary. [Avenatti Decl., ¶6.] It is

-2-

clear, however, that Mr. Harder's participation *was necessary*. Had Mr. Harder participated as required by the rules, there would have been no delay in Defendants' filing of their *ex parte* application. Plaintiff has yet to receive an explanation for why Mr. Harder did not participate in the meet and confer. [Id., ¶6.][1]

*Finally*, Plaintiff's counsel is not at fault for the delay in scheduling the second meet and confer discussion. EC claims Plaintiff's counsel delayed 30 hours in responding to his request, but the timestamp on Mr. Blakely's e-mail shows he sent the e-mail at 10:49 p.m. on Tuesday night (or 1:49 a.m. Wednesday on the east coast where Plaintiff's counsel was present at the time) proposing to meet and confer on Wednesday evening at 5:15 pm PST. [Blakely Decl., Ex. D (Dkt No. 26-1 at 16).] Plaintiff's counsel responded to EC's counsel early the next morning. [Blakely Decl., Ex. E (Dkt No. 26-1 at 22.] Plaintiff's counsel advised Mr. Blakely that he was not available at that time because of scheduled travel. [Id.] Because he knew Mr. Blakely would be in trial through Friday, Plaintiff's counsel suggested that he could make himself "available over the weekend . . . if that is more convenient." [Id.; Avenatti Decl., ¶7.] He did so in the belief that this would be more convenient to Mr. Blakely's schedule, but at no point did Plaintiff's counsel refuse to meet and confer at another time before the weekend. [Avenatti Decl., ¶7.][2]

---

[1] Notably, Defendants were served with the First Amended Complaint upon its filing via the court's electronic filing system on March 26, and thus have had ample time to bring this issue to the Court's attention. [Dkt No. 14.]

[2] Further, based on an internal e-mail attached to Defendants' filing, it appears that Defendants were prepared to proceed with the filing of this application as of 11:00 a.m. Thursday morning. [Dkt No. 26-1 at Ex. D.] Why the Application was not filed for some 8 hours after that is unclear.

-3-

**PLAINTIFF'S RESPONSE TO DEFENDANTS *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

1  For these reasons, Plaintiff contends that she was justified in declining to extend Defendants' deadline to respond to the First Amended Complaint, and that her counsel has not acted unreasonably in connection with efforts to meet and confer relating to Defendants' application.  Plaintiff thus respectfully requests that Defendants' *ex parte* application be denied.

Dated:  April 6, 2018                           AVENATTI & ASSOCIATES, APC

                                                By:      /s/ Michael J. Avenatti
                                                         Michael J. Avenatti
                                                         Attorneys for Plaintiff Stephanie Clifford
                                                         a.k.a. Stormy Daniels a.k.a. Peggy Peterson