UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | | | |
|---|---|---|---|
| **CASE NO.:** | CV 18-02217 SJO (FFM) | **DATE:** | April 6, 2018 |
| **TITLE:** | Stephanie Clifford v. Donald J. Trump et al. | | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS'** *EX PARTE* **APPLICATION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT** [Docket No. 26]

This matter is before the Court on Defendants Essential Consultants, LLC ("EC") and Donald J. Trump's ("Mr. Trump") (together, "Defendants") *Ex Parte* Application for Extension of Time to Respond to First Amended Complaint ("Application"), filed April 5, 2018. Plaintiff Stephanie Clifford ("Ms. Clifford" or "Plaintiff") opposed the Application ("Opposition") on April 6, 2018. For the following reasons, the Court **GRANTS** Defendants' Application.

Defendants request that the Court extend the deadline to file an Answer to the First Amended Complaint ("FAC") until after the Court rules on a pending motion to compel arbitration, filed by Defendants on April 2, 2018. (*See* Mot. to Compel Arbitration, ECF No. 20.) Plaintiff opposes this request on the grounds that the Court set a firm deadline for filing a responsive pleading to the FAC in a previous order. (*See* Order Denying Pl's Mot. for Expedited Jury Trial 4, ECF No. 20.) Plaintiff's argument is premised on the misunderstanding that a motion to compel arbitration cannot be substituted for a responsive pleading.

Courts considering the matter have consistently held, however, that "a defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint . . . as procedural summaries in arbitration cases uncontroversially reflect." *Lamkin v. Morinda Properties Weight Parcel, LLC*, 440 F. App'x 604, 607–08 (10th Cir. 2011) (citing *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 83 (2000), *Davis v. S. Energy Homes, Inc.*, 305 F.3d 1268, 1270 (11th Cir. 2002)); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (reviewing a motion to compel arbitration under Federal Rule of Civil Procedure 12(b)(1)). The timing for filing a responsive pleading is therefore governed by Federal Rule of Civil Procedure 12(a)(4), which provides that "if the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. Proc. 12(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 18-02217 SJO (FFM)          DATE: April 6, 2018

In the Application, Defendants also note that Plaintiff's counsel did not make himself available for a meet and confer prior to a reasonable deadline for filing the *ex parte* application, and that an agreement on an extension could not be reached during a scheduled meet and confer on April 2, 2018, because it was conditioned on the agreement of Michael Cohen ("Mr. Cohen") to arbitrate a separate claim for defamation should the motion to compel arbitration be granted. (Appl. 7-9.) Plaintiff's counsel responds that his travel schedule would not allow for a meet and confer within the time frame requested by Defendants, that he attempted to make accommodations, and that in any case, Defendants failed to follow the Court's rules as Mr. Trump's counsel did not participate in the meet and confer on April 2, 2018. (Opp'n 2-3.)

The instant dispute could, and should, have been resolved in a civil manner by the parties without intervention by the Court. A short request for extension, supported by good cause, that causes no prejudice to any party, should be accommodated.

As to the merits of the Application, as Defendants are not required to file a responsive pleading while a motion to compel arbitration is pending, the Court **GRANTS** Defendants' Application.

IT IS SO ORDERED.