BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:   BBlakely@BlakelyLawGroup.com

Attorneys for Defendants
ESSENTIAL CONSULTANTS, LLC and
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**DEFENDANTS ESSENTIAL CONSULTANTS LLC AND MICHAEL COHEN'S OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL (DKT.#29) ON THE BASIS OF PLAINTIFF'S NON-COMPLIANCE WITH LOCAL RULE 7-3 AND THIS COURT'S STANDING ORDER**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>**Date:**   May 7, 2018<br>**Time:**   10:00 a.m.<br>**Location:**  350 West 1st Street<br>   Courtroom 10C, 10th Floor<br>   Los Angeles, CA 90012<br><br>Action Filed:  March 6, 2018 |

OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL

Defendants Essential Consultants LLC ("EC") and Michael Cohen (collectively, "Defendants") hereby respectfully object to Plaintiff's Motion to Expedited Jury Trial (Dkt. #29).  Specifically, Plaintiff's counsel never met and conferred with Defendants' counsel regarding this motion and thus the motion was filed in violation of Local Rule 7-3[1] and this Court's Standing Order (Dkt. #11)[2].

---

[1] **L.R. 7-3  Conference of Counsel Prior to Filing of Motions.**
In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion.  If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).

[2] **Meet and Confer Requirement**: For all cases not exempt under L.R. 16-12, and except in connection with discovery motions, applications for temporary restraining orders, or preliminary injunctions, counsel contemplating filing of any motion shall first contact opposing counsel to "discuss thoroughly, referably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3.  The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation.  The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that under L.R. 7-3, discussions of the substance of contemplated motions are to take place, if at all possible, in person. Only in exceptional cases will a telephonic conference be allowed.  All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to
(footnote continued)

(Blakely Dec. ¶3)

On March 21, 2018, counsel for EC, defendant Donald J. Trump ("Mr. Trump") and Plaintiff held an in-person L.R. 7-3 meet and confer conference regarding EC's anticipated Motion to Compel Arbitration (Dkt.# 20) and certain issues contained in Plaintiff's anticipated Motion for Expedited Discovery (Dkt. #16). (Mr. Cohen was not yet a defendant in the case, during that meeting.) During the meeting, Plaintiff's counsel discussed his desire to take the depositions of Mr. Trump and Mr. Cohen. However, Plaintiff's counsel never once discussed or otherwise mentioned that he sought an expedited jury trial or planned to file a motion for an expedited jury trial. (Blakely Dec. ¶4)

On March 26, 2018, Plaintiff filed her First Amended Complaint, which added Mr. Cohen as a defendant and added a cause of action against him: the second cause of action for defamation (Dkt. #14). (Blakely Dec. ¶5)

On March 27, 2018, Plaintiff filed a Motion for Expedited Jury Trial Pursuant to Section 4 of the Federal Arbitration Act, and for Limited Expedited Discovery. (Dkt. #16) On March 29, 2018, this Court *sua sponte* denied Plaintiff's Motion. (Dkt. #17) Had Defendants been required to respond to the motion, they would have objected to it (among other grounds) on the basis that Plaintiff failed to meet and confer regarding an expedited trial, which Plaintiff were required to do pursuant to the Local Rules and this Court's Standing Order. (Blakely Dec. ¶5)

On April 2, 2018, counsel for Plaintiff and counsel for Defendants met and conferred regarding Mr. Cohen's anticipated Anti-SLAPP Motion / Rule 12(b)(6) Motion to Dismiss the Second Cause of Action for Defamation contained in the First Amended Complaint. At no time during this discussion did Plaintiff's counsel

---

eliminate the need for the motion and the date of such discussion. Filings not in compliance with L.R. 7-3 will be denied.

1  indicate that he would be filing a motion for an expedited trial and/or discovery.
2  (Blakely Dec. ¶6)
3       On April 8, 2018, Plaintiff filed her Motion for Expedited Jury Trial Pursuant
4  to Section 4 of the Federal Arbitration Act, and for Limited Expedited Discovery
5  (Dkt. #29). At no time did Plaintiff's counsel request a Local Rule 7-3 meet and
6  confer regarding this motion, or otherwise meet and confer with Defendants' counsel
7  regarding this motion. (Blakely Dec. ¶7)
8       Based on the foregoing, Defendants Essential Consultant's LLC and Michael
9  Cohen hereby respectfully request that Plaintiff's Motion for Expedited Jury Trial
10 Pursuant to Section 4 of the Federal Arbitration Act and for Limited Expedited
11 Discovery (Dkt. #29), be denied.
12
13 Dated: April 9, 2018               BLAKELY LAW GROUP
14
15                                   By: */s/ Brent H. Blakely*
16                                        BRENT H. BLAKELY
17                                        *Attorneys for Defendants*
18                                        *ESSENTIAL CONSULTANTS, LLC and*
                                       *MICHAEL COHEN*
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF BRENT H. BLAKELY

I, Brent H. Blakely, declare:

1. I am an attorney duly licensed to practice before all courts of the State of California and in the U.S. District Court for the Central District of California, among other courts. I make this declaration based on my own personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2. I am a partner of the law firm of Blakely Law Group, counsel of record for Defendant Essential Consultants, LLC ("EC") and Defendant Michael D. Cohen (collectively, "Defendants").

3. Plaintiff's counsel failed to meet and confer regarding this present motion (Dkt. #29). Indeed, Plaintiff's counsel has never met and conferred with me regarding a motion for an expedited jury trial.

4. On March 21, 2018, the parties' respective counsel held a Local Rule 7-3 meet and confer conference regarding Defendant Essential Consultants LLC's Motion to Compel Arbitration (Dkt. #20) and Plaintiff's Motion for Expedited Discovery (Dkt. #16). This conference was held at my office in Manhattan Beach, California. I was present on behalf of Essential Consultants LLC; Charles Harder was present on behalf of defendant Donald J. Trump ("Mr. Trump"); and Ahmed Ibrahim attended in person, with Michael Avenatti attending via telephone, on behalf of Plaintiff. Plaintiff's counsel discussed their desire to take Mr. Trump's and Mr. Cohen's depositions during this conference, however, they never once discussed or otherwise mentioned the issue of seeking an expedited jury trial, including any intention to file a motion to seek an expedited jury trial.

5. On March 26, 2018, Plaintiff filed her First Amended Complaint (Dkt #14), which added Michael Cohen to the case, and a defamation cause of action against him (the Second Cause of Action). On March 27, 2018, Plaintiff filed a Motion for Expedited Jury Trial Pursuant to Section 4 of the Federal Arbitration Act, and for Limited Expedited Discovery (Dkt. #16). On March 29, 2018, this Court

denied Plaintiff's Motion (Dkt. #17).  Had Defendants been required to respond to this motion, they would have objected on the basis of Plaintiff having failed to meet and confer regarding an expedited trial in violation of Local Rule 7-3 and this Court's Standing Order.

6. On April 2, 2018, the respective counsel for Plaintiff and Defendants met and conferred regarding Michael Cohen's then anticipated anti-SLAPP/Motion to Dismiss the Second Cause of Action for Defamation contained in the First Amended Complaint.  At no time during this discussion did Plaintiff's counsel indicate that he would be filing a motion for an expedited trial and/or discovery, or any other motion for that matter.

7. On April 8, 2018, Plaintiff filed her Motion for Expedited Jury Trial Pursuant to Section 4 of the Federal Arbitration Act, and for Limited Expedited Discovery (Dkt. #29).   At no time has Plaintiff's counsel requested a L.R. 7-3 meet and confer regarding this motion or otherwise met and conferred with Defendants' counsel regarding this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 9, 2018, at Los Angeles, California.

/s/ *Brent H. Blakely*
BRENT H. BLAKELY