1  AVENATTI & ASSOCIATES, APC
   Michael J. Avenatti, State Bar No. 206929
2  Ahmed Ibrahim, State Bar No. 238739
   520 Newport Center Drive, Suite 1400
3  Newport Beach, CA 92660
   Telephone:  949.706.7000
4  Facsimile:   949.706.7050

5  Attorneys for Plaintiff Stephanie Clifford
   a.k.a. Stormy Daniels a.k.a. Peggy Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DONALD J. TRUMP a.k.a. DAVID DENNISON, and individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.:  2:18-cv-02217-SJO-FFM <br><br> **PLAINTIFF STEPHANIE CLIFFORD'S RESPONSE AND OPPOSITION TO OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL (DKT NO. 29) ON THE BASIS OF ALLEGED NON-COMPLIANCE WITH LOCAL RULE 7-3 AND THIS COURT'S STANDING ORDER** <br><br> **Hearing Date: April 30, 2018** <br> **Hearing Time: 10:00 a.m.** <br> **Location:       350 West 1st Street** <br> **                        Courtroom 10C** <br> **                        Los Angeles, CA 90012** |

Plaintiff Stephanie Clifford (aka Stormy Daniels) ("Plaintiff") responds to the objection filed by defendants Essential Consultants LLC ("EC") and Michael Cohen (collectively, "Defendants") to Plaintiff's motion for expedited jury trial.[1] Defendant Donald Trump has not filed an objection.

Simply stated, Plaintiff *did* meet and confer with Defendants regarding her request for an expedited jury trial pursuant to 9 U.S.C. § 4. In the declaration of Plaintiff's counsel attached to Plaintiff's motion, Plaintiff's counsel stated as follows:

> On March 21, 2018, in accordance with Local Rule 7-3, the parties met and conferred and thoroughly discussed the relief requested in this Motion. I participated in the conference by telephone and another attorney from my office participated in person at the office of counsel for defendant Essential Consultants, LLC. We discussed the substantive grounds for the Motion and attempted to reach an accord that would eliminate the need for this Motion. We provided citations to specific legal authority to support our position. **We advised counsel for Defendants that Plaintiff intended to seek a jury trial in connection with the issue of whether an agreement was formed**. We also advised counsel for Defendants that Plaintiff sought limited discovery on an expedited basis as follows: (1) a deposition of Mr. Trump of no greater than two (2) hours, (2) a deposition of Mr. Cohen of no greater than two (2) hours, and (3) no more than ten (10) targeted requests for production of documents directed to Mr. Trump and Mr. Cohen on various topics relating to the Agreement. The parties, however, were unable to successfully resolve their dispute. According to counsel for both Defendants, Defendants' position is that no discovery should be conducted in this case, and no trial should be set, because this case should be summarily ordered to arbitration.

[Dkt. No. 29-2 (Declaration of Michael J. Avenatti in Support of Plaintiff's Renewed Motion for Expedited Jury Trial Pursuant to Section 4 of the Federal Arbitration Act, and

---

[1] Defendants only object to Plaintiff's "Motion [for] Expedited Jury Trial" and thus their objection is not to the entirety of the motion, which includes Plaintiff's request for expedited discovery.

For Limited Expedited Discovery) ("Avenatti Decl."), ¶7 (emphasis added).]

Defendants' objection, therefore, should be overruled. Although Defendants' counsel claims to not recall a meet and confer regarding Plaintiff's request for an expedited jury trial taking place, Plaintiff's counsel, on the other hand, has a very specific recollection that this *was* discussed.[2]

This factual dispute aside, the real issue of substance in connection with Defendants' objection is whether Defendants have been prejudiced by any alleged failure to meet and confer. Stated differently, had a meet and confer discussion occurred (and Plaintiff contends it *did* occur), what would Defendants have done differently?

The short answer, in Plaintiff's view, is "nothing." EC very clearly does not consent to a jury trial. EC argued at length in its Motion to Compel Arbitration that the parties' dispute must be resolved by an arbitrator, not the Court. [See Dkt No. 20-1 at 16-17.] This was also the position EC articulated in the March 21, 2018 meet and confer. [Avenatti Decl., ¶7 ("According to counsel for both Defendants, Defendants' position is that no discovery should be conducted in this case, and no trial should be set, *because this case should be summarily ordered to arbitration*.") (emphasis added).]

Moreover, by the time Plaintiff filed its renewed motion on April 8, the fact that Plaintiff sought an expedited jury trial pursuant to section 4 of the Federal Arbitration Act was no surprise to Defendants. Plaintiff filed her initial motion on March 28 seeking a jury trial. [Dkt No. 16.] Defendants obviously do not consent to any form of a jury trial. Had Defendants felt otherwise about this form of relief, or believed Plaintiff's motion was unnecessary for some reason (other than the reason that the case should be arbitrated,

---

[2] Because this is now the second instance the Court has unfortunately had to deal with an issue relating to the parties' meet and confer efforts, Plaintiff would be open to a requirement by the Court to have all meet and confer discussions between the parties transcribed by a court reporter to avoid any disagreements or confusion about what the parties discussed.

which Plaintiff already rejected), then Defendants' counsel could have reached out to Plaintiff's counsel and advised him accordingly.

Indeed, the Court noted in its March 29 order that Plaintiff was seeking an "expedited jury trial . . . under section four of the Federal Arbitration Act ('FAA')." [Dkt No. 17 at 2.] In fact, the Court quoted section 4 of the FAA in its entirety and **bolded** the parts of the statute that create the explicit right of Plaintiff to seek a jury trial. [Id.] The Court stated that "[w]hile *Plaintiff is correct* that 'a party alleged to be in default' *is entitled to demand a jury trial* on a valid question regarding the 'making of an arbitration agreement,' this question must in fact be 'in issue.'" [Id. at 3 (quoting 9 U.S.C. § 4) (emphasis added).] The Court denied the motion without prejudice as "premature" because no motion to compel arbitration had been filed at that time.

Further, Defendant's objection is of no moment because, as expressly permitted by the Court pursuant to its March 29 order, Plaintiff may simply demand a jury trial in its opposition to the motion to compel arbitration. [See Dkt No. 17 at 2-3 (quoting Castillo v. Lowe's HIW, Inc., No. C13-4590 TEH, 2013 WL 12143002, at *4 (N.D. Cal. Dec. 2, 2013) ("If Plaintiff desired a jury trial on this issue, he was required to demand one in his opposition to Defendant's motion to compel arbitration or prior to the date the opposition brief was due."). Plaintiff has done that. [Dkt No. 30 at 10 ("Plaintiff demands a jury trial pursuant to 9 U.S.C. § 4 for a determination of whether the Settlement Agreement (which contains the arbitration clause EC seeks to enforce) was ever formed.").] Therefore, Plaintiff is not even required to file an actual motion seeking a jury trial.

Finally, it does not appear from the objection that Defendants argue Plaintiff was required to conduct another meet and confer after the Court denied Plaintiff's initial motion without prejudice on procedural grounds on March 29. However, to the extent this is Defendants' position, this argument also lacks merit. Plaintiff's renewed motion on April 8 advanced virtually identical arguments to the motion Plaintiff filed on March 28. In other words, nothing changed between the two motions that would require Plaintiff to verify with Defendants that they still opposed the relief sought by Plaintiff.

For these reasons, Plaintiff respectfully requests the Court overrule Defendants' objection in its entirety. To the extent the Court finds any merit to Defendants' objection, Plaintiff requests that Plaintiff's motion for an expedited jury trial should not be denied, but that the Court should instead fashion alternative relief directly related to the specific objection raised by Defendants, such as, for example, ordering the parties to conduct another meet and confer discussion regarding whether a jury trial should be ordered in this case.

Dated: April 10, 2018            AVENATTI & ASSOCIATES, APC

                                 By:     /s/ Michael J. Avenatti
                                     Michael J. Avenatti
                                     Attorneys for Plaintiff Stephanie Clifford
                                     a.k.a. Stormy Daniels a.k.a. Peggy Peterson

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL**