BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:  BBlakely@BlakelyLawGroup.com

Attorneys for Defendant
ESSENTIAL CONSULTANTS, LLC and
MICHAEL COHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**DEFENDANTS ESSENTIAL CONSULTANTS LLC AND MICHAEL COHEN'S REPLY RE OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL (DKT.#29) ON THE BASIS OF PLAINTIFF'S NON-COMPLIANCE WITH LOCAL RULE 7-3 AND THIS COURT'S STANDING ORDER**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>**Date:** May 7, 2018<br>**Time:** 10:00 a.m.<br>**Location:** 350 West 1st Street<br>            Courtroom 10C, 10th Floor<br>            Los Angeles, CA 90012<br><br>Action Filed: March 6, 2018 |

REPLY RE OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL

Plaintiff's counsel, Michael Avenatti, admits in Clifford's Response to Plaintiff's Objection (Dkt. #33) that Plaintiff never met and conferred regarding the present Motion for Expedited Jury Trial (Dkt. #29). Plaintiff's proffered justification for not following the Local Rules and this Court's Standing Order is that Plaintiff's counsel subjectively believed that a meet and confer would not have been fruitful, and therefore was unnecessary. The excuse given by Plaintiff is without a doubt unacceptable.

As with scheduling orders, standing orders are not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985). This Court's Standing Order is not a suggestion, but rather a court <u>Order</u> that the parties "must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion." (Dkt. #11) Plaintiff's attorney is no exception.[1]

Plaintiff's argument that the March 21, 2018 conference in connection with the prior motion (Dkt. #16) (which this Court denied) should somehow qualify as a meet and confer regarding the present motion (Dkt. #29) is equally unavailing. First, Local Rule 7-3 and this Court's Standing Order requires a separate meet and confer regarding every motion filed. Second, Plaintiff's counsel did not discuss or otherwise meet and confer regarding a motion for expedited jury trial during the March 21, 2018 meeting, which is confirmed by the correspondence between the parties.[2]

---

[1] If attorneys were allowed to disregard the meet and confer requirements set forth in Local Rule 7-3 and the Court's Standing Order, most meet and confer conferences would never take place.

[2] On March 21, 2018 Defendants' counsel sent a detailed email summarizing what was discussed during the March 21, 2018 conference, and asked Plaintiff's counsel if he had inadvertently misstated or omitted anything. (Blakely Decl. Ex. #1) As set forth in that confirming email, the only motion raised by Defendant was for Expedited Discovery. (id.) While Mr. Avenatti immediately responded to this email,
(footnote continued)

1    Plaintiff has admittedly not complied with Local Rule 7-3 and this Court's
2  Standing Order, and pursuant to same Plaintiff's Motion for Expedited Jury Trial
3  (Dkt. #29) should be denied.
4    Finally, to be clear, Plaintiff did not meet and confer in regard to the entire
5  motion which is set forth in Docket # 29.  The entire motion should be denied for
6  Plaintiff's failure to meet and confer in compliance with Local Rule 7-3 and this
7  Court's Standing Order (Dkt. #11).

10  Dated: April 10, 2018              BLAKELY LAW GROUP

12                                     By: */s/ Brent H. Blakely*
                                           BRENT H. BLAKELY
13                                         *Attorneys for Defendants*
14                                         *ESSENTIAL CONSULTANTS, LLC and*
                                           *MICHAEL COHEN*

---

27  he did not attempt or otherwise clarify that he also discussed a motion for expedited
28  trial during the meeting.  (id) The obvious reason is because he never did.

-3-
REPLY RE OBJECTION TO PLAINTIFF'S MOTION FOR EXPEDITED JURY TRIAL

## DECLARATION OF BRENT H. BLAKELY

I, Brent H. Blakely, declare:

1. I am an attorney duly licensed to practice before all courts of the State of California and in the U.S. District Court for the Central District of California, among other courts. I make this declaration based on my own personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2. I am a partner of the law firm of Blakely Law Group, counsel of record for Defendant Essential Consultants, LLC ("EC") and Defendant Michael D. Cohen.

3. Attached hereto as **Exhibit #1** and incorporated herein by this reference is a true and correct copy of an email chain between myself and Plaintiff's counsel, Michael Avenatti, beginning on March 16, 2018 and ending on March 21, 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 10, 2018, at Los Angeles, California.

                                          /s/ *Brent H. Blakely*
                                          BRENT H. BLAKELY