# EXHIBIT 1

**Brent Blakely**

| | |
|---|---|
| **From:** | Brent Blakely |
| **Sent:** | Wednesday, March 21, 2018 7:41 PM |
| **To:** | 'Michael J. Avenatti' |
| **Cc:** | 'Ahmed Ibrahim'; 'Judy K. Regnier'; 'Charles Harder' |
| **Subject:** | RE: Clifford v. Trump et. al. |

Dear Mr. Avenatti:

As I indicated in my prior email, if you have anything to add or clarify to the summary, please do so. I in no way wrote the email to mischaracterize our discussions. Rather, given Judge Otero's Standing Order, the email, which will be attached to Essential Consultants' motion, was written to ensure that the Court is satisfied that the parties sufficiently discussed the merits of their respective motions pursuant to Local Rule 7-3. This is a common practice in the Central District of California, which has stringent requirements regarding meet and confer discussions as set forth in Local Rule 7-3 and the Courts' respective Standing Orders.

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com


**From:** Michael J. Avenatti [mailto:mavenatti@eaganavenatti.com]
**Sent:** Wednesday, March 21, 2018 7:25 PM
**To:** Brent Blakely
**Cc:** Ahmed Ibrahim; Judy K. Regnier; Charles Harder
**Subject:** Re: Clifford v. Trump et. al.

Brent:

This does not accurately reflect what transpired. In any event, it is of no moment, because it was a meet and confer and no agreement was reached.

Please refrain from trying to summarize meet and confers in the future. I have never seen this done before in my career and it appears that you are undertaking this now for some self-serving reason that is not immediately apparent.

On a more important issue, have you or Mr. Harder determined yet whether Mr. Trump is a party to the agreement? Perhaps you can simply ask him?

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA 92660
Tel: (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Mar 21, 2018, at 10:19 PM, Brent Blakely <bblakely@blakelylawgroup.com> wrote:

Dear Mr. Avenatti:

It was a pleasure meeting you today and discussing the parties' respective motions pursuant to Local Rule 7-3.  In summary, we discussed the following:

Essential Consultants' Motion to Compel Arbitration:

As I had set forth in my prior email, the Federal Arbitration Act ("FAA") established a clear preference for enforcing arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)   Because the FAA "is phrased in mandatory terms," a district court "has little discretion to deny an arbitration motion." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

You indicated today that Plaintiff was going to oppose Essential Consultants' anticipated Petition to Compel Arbitration because you believe that the parties did not enter into a valid and binding agreement.  I responded that under the FAA, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator, not the court. *Buckeye Check Cashing, Inc. v. Cardgna*, 546 U.S. 440, 449 (2006); *Grove Lumber & Bldg. Supply, Inc. v. Argonaut Ins. Co.*, 2008 WL 2705169, at *7 (C.D. Cal. July 7, 2008). Specifically, the district court "can only determine whether a written arbitration agreement exists, and if it does, enforce it 'in accordance with its terms.'" *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635, 637 (9th Cir.), cert denied, 469 U.S. 1061 (1984).  Under the FAA, a challenge to the validity of the contract as a whole must go to the arbitrator, not the court. *Buckeye Check Cashing*, 546 U.S. at. 449.

We also cited the decision in *Guadagno v. E'Trade Bank*, 592 F. Supp. 2d 1263 (C.D. Cal. 2008) wherein Judge Otero reiterated the well-established principles I've mentioned above.  (*Id.* at 1270)

In the present case there is no dispute that the agreement in question contains an arbitration provision, which was signed by your client and EC. (Moreover, your client was represented by counsel and received substantial consideration.) You also agreed that the scope of this arbitration clause was broad, and did not contend that the arbitration clause did not cover the subject matter of the present dispute.

I have taken a look at the two cases you cited in your email, *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) and *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010). Neither of these cases are on point, as both involved a dispute as to the existence and scope of an arbitration agreement.

Based on the foregoing, I once again request that you stipulate to have this dispute, and your argument that Plaintiff is not bound by the Confidential Settlement Agreement, decided by an arbitrator.

Plaintiff's Motion for Expedited Discovery:
You indicated that you wanted to seek the following expedited discovery: 1) a two hour deposition of Mr. Cohen, 2) a two hour deposition of President Trump, and 3) ten to twenty document requests. You also indicated that the need for the expedited discovery is to support Plaintiff's challenge to the validity of the Confidential Settlement Agreement.

We responded that, for the same reasons given in support of Essential Consultants' anticipated Petition to Compel Arbitration, there is no merit to Plaintiff's proposed motion for expedited discovery. Specifically, evidence pertaining to the validity or supposed invalidity of the Confidential Settlement Agreement is irrelevant at this juncture of the proceedings due to the simple fact that a challenge to the validity of the contract as a whole goes to the arbitrator, not the District Court. *Buckeye Check Cashing*, 546 U.S. at. 449. Thus, if a Court finds that there is an arbitration agreement, then, as a matter of substantive federal arbitration law, the arbitration agreement is severable from the remainder of the contract. An arbitration agreement survives even in a contract that the arbitrator later finds to be void. *Rent-A-Ctr. W., Inc. v. Jackson*, 561 U.S. 63, 70, 130 (2010) (a challenge to the contract as a whole "does not prevent a court from enforcing a specific agreement to arbitrate"). Thus, an arbitrator may resolve the merits of a dispute even if the arbitrator finds the contract as a whole to be void for illegality or otherwise unenforceable. See *Buckeye*, 546 U.S. at 448-49. As such, your desire to obtain expedited discovery regarding your underlying claims does not satisfy the "good cause" requirement set forth by the courts. See e.g., *Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*, 296 F.R.D. 1 (DC Dist. Court. 2013).

I've done my best to accurately summarize our discussion. Please let me know if I've inadvertently misstated and/or omitted anything.

Regards,

Brent Blakely

3

Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com

**From:** Michael J. Avenatti [mailto:mavenatti@eaganavenatti.com]
**Sent:** Tuesday, March 20, 2018 3:15 PM
**To:** Brent Blakely
**Cc:** Ahmed Ibrahim; Judy K. Regnier; Charles Harder
**Subject:** Re: Clifford v. Trump et. al.

Counsel:

In furtherance to my email below, the basis of our motion for expedited discovery and trial setting is as follows:

Plaintiff contends no agreement was formed. Thus, there was no agreement to arbitrate. Where "the parties contest the *existence* of an arbitration agreement, the presumption in favor of arbitrability does not apply." Goldman, Sachs & Co. v. City of Reno, 747 F.3d 733, 742 (9th Cir. 2014) (emphasis in original). This issue will be decided by the Court. Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 130 S.Ct. 2847, 2855, 177 L.Ed.2d 567 (2010) ("[W]here the dispute at issue concerns contract formation, the dispute is generally for courts to decide."). And it will require a jury trial, 9 U.S.C. § 4, accompanied by discovery.

Accordingly, because there are numerous factual questions that bear on the issue of whether a contract exists that will have to be resolved in the trial, we are entitled to discovery from your respective clients. This includes prompt limited depositions of Mr. Trump and Mr. Cohen (not to exceed two hours each), along with responses to document demands (less than 10).

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400

4

Newport Beach, CA 92660
Tel: (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Mar 20, 2018, at 6:02 PM, Michael J. Avenatti <mavenatti@eaganavenatti.com> wrote:

> Mr. Blakely:
>
> We can meet at your office at 9:30 tomorrow - the time originally planned. We assume counsel for all parties will be present.
>
> We will be providing authority for the motion we intend on filing before the meeting. Note that we will not be filing a motion for remand, however.
>
> Thank you.
>
> Michael
>
> Michael J. Avenatti, Esq.
> Eagan Avenatti, LLP
> 520 Newport Center Drive, Ste. 1400
> Newport Beach, CA 92660
> Tel: (949) 706-7000
> Fax: (949) 706-7050
> Cell: (949) 887-4118
> mavenatti@eaganavenatti.com
>
> The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
>
> On Mar 20, 2018, at 5:54 PM, Brent Blakely <bblakely@blakelylawgroup.com> wrote:
>
>> Dear Mr Averatti:
>>
>> I was looking at the Judge's standing order, which states:

5

"The Court strongly emphasizes that under L.R. 7-3, discussion of the substance of contemplated motions are to take place, if at all possible, in person. (emphasis in original) Only in exceptional cases will a telephonic conference be allowed."

It's clear from this Order that the Court requires LR 7-3 conferences to occur in person. I would recommend my office as the half-way point but am flexible regarding time and location. Please let me know if you are available to meet at my office tomorrow, and at what time.

Regards, Brent


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com




**From:** Brent Blakely [mailto:bblakely@blakelylawgroup.com]
**Sent:** Monday, March 19, 2018 12:14 PM
**To:** 'Michael J. Avenatti'
**Cc:** 'Ahmed Ibrahim'; 'Judy K. Regnier'; 'Charles Harder'
**Subject:** RE: Clifford v. Trump et. al.

Dear Mr. Avenatti:

     Thank you for your response.   We are available to meet and confer with you this Wednesday at 9:30 a.m. on the parties' respective motions.   I can initiate the call, which will also include Charles Harder.

     I believe that the LR 7-3 meet and confer would be more productive if each side were to set forth the basis for their proposed motion(s) beforehand.   With regard to Essential Consultants' Motion to Compel Arbitration, it would appear that controlling authority mandates that this case be stayed and that the dispute be decided in arbitration.

6

The Federal Arbitration Act ("FAA") established a clear preference for enforcing arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements."); accord *Mortensen v. Bresnan Comm.*, LLC, 722 F.3d 1151, 1160 (9th Cir. 2013) ("the FAA's purpose is to give preference (instead of mere equality)to arbitration provisions"). Accordingly, the FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)(emphasis in original); *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 n.8 (9th Cir. 1991) (FAA "reflects the strong Congressional policy favoring arbitration by making such clauses 'valid, irrevocable, and enforceable'"). Because the FAA "is phrased in mandatory terms," a district court "has little discretion to deny an arbitration motion." *Republic of Nicaragua*, 937 F.2d at 475. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

A district court "can only determine whether a written arbitration agreement exists, and if it does, enforce it 'in accordance with its terms.'" Importantly, under the FAA a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator, not the court. *Buckeye Check Cashing, Inc. v. Cardgna*, 546 U.S. 440, 449 (2006).

I would appreciate it if Plaintiff were to reciprocate and provide us with the basis of her proposed Motion to Remand and Motion for Expedited Discovery prior to our conference on Wednesday.

Regards,


Brent Blakely


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266

7

Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com

**From:** Michael J. Avenatti [mailto:mavenatti@eaganavenatti.com]
**Sent:** Monday, March 19, 2018 12:59 AM
**To:** Brent Blakely
**Cc:** Ahmed Ibrahim; Judy K. Regnier
**Subject:** Re: Clifford v. Trump et. al.

Mr. Blakely:

I am available this Wednesday morning to meet and confer on this issue pursuant to the local rule. At that time, I would like to also meet and confer on our anticipated motion for remand and motion for expedited discovery. Please confirm we can meet and confer on all three motions this Wednesday at 9:30 am by telephone.

Thank you. All rights are expressly reserved.

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel: (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Mar 16, 2018, at 4:25 PM, Brent Blakely <bblakely@blakelylawgroup.com> wrote:

> Dear Mr. Avenatti:
>
> I left a message for you at your office at about 2:00 PM today, to please call me back. As I stated in the message, I am counsel for Essential

8

Consultants, LLC in the lawsuit filed by you on behalf of Stephanie Clifford aka Stormy Daniels. The purpose for my call is to request that you stipulate to submit your lawsuit to the pending arbitration proceeding at ADR Services, Inc., case no. 18-1118-JAC (the "Arbitration") which my client filed against your client regarding the same and related subject matter as your lawsuit. Your lawsuit even makes reference to the Arbitration, and was filed nearly two weeks after the Arbitration was filed.

As we assume you are aware, applicable law strongly favors the arbitration of disputes when the parties have agreed to submit their disputes to arbitration—which is the case here. See 9 USC § 1; *Perry v. Thomas*, 482 U.S. 483, 489 (1987); *Hall v. Nomura Sec. Int'l*, 219 Cal.App.3d 43, 48 (1990); *Lehto v. Underground Constr. Co.*, 69 Cal.App.3d 933, 939 (1977) among many other legal authorities.

If you do not intend to consent to arbitration, Essential Consultants LLC will be filing a motion to compel arbitration in the United States District Court, Central District of California, where the case has been removed. Please let me know when you are available to discuss this matter pursuant to Local Rule 7-3.

Regards,

Brent Blakely


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:    310.546.7401
www.blakelylawgroup.com



**From:** Brent Blakely [mailto:bblakely@blakelylawgroup.com]

9

**Sent:** Friday, March 16, 2018 2:05 PM
**To:** 'mavenatti@eaganavenatti.com'
**Subject:** Clifford v. Trump et. al.

Dear Mr. Avenatti:

I represent Essential Consultants LLC in connection with the above-referenced matter. Can you please call me at your earliest possible convenience to discuss the case.

Regards,

Brent Blakely


Brent H. Blakely, Esq.
Blakely Law Group
1334 Parkview Ave., Suite 280
Manhattan Beach, California 90266
Telephone:   310.546.7400
Facsimile:   310.546.7401
www.blakelylawgroup.com