BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:   (310) 546-7400
Facsimile:   (310) 546-7401
Email:       BBlakely@BlakelyLawGroup.com
Attorneys for Defendant
ESSENTIAL CONSULTANTS, LLC
and MICHAEL COHEN

HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:   (310) 546-7400
Facsimile:   (310) 546-7401
Email:       CHarder@HarderLLP.com
             RStonerock@HarderLLP.com
Attorneys for Defendant
DONALD J. TRUMP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217<br><br>**JOINT *EX PARTE* APPLICATION OF DEFENDANTS ESSENTIAL CONSULTANTS, LLC, DONALD J. TRUMP AND MICHAEL COHEN FOR A STAY OF THIS ACTION**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>Action Filed:  March 6, 2018 |

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Essential Consultants, LLC ("EC"), Michael Cohen ("Mr. Cohen") and Donald J. Trump (collectively, "Defendants") will and hereby do move *ex parte* for an order staying the case for a period of 90 days or to an alternative date suitable to the Court, and permitting Defendants to request a further stay, if necessary.

Defendants are aware that *ex parte* applications are solely for extraordinary relief and are discouraged by the Court.  However, given the sudden April 9, 2018 FBI raid on Mr. Cohen's residence, office and hotel room, and the upcoming May 14, 2018 hearing on pending motions and the related response deadlines, there is insufficient time for Defendants to make this request via noticed motion.

Because the facts underlying this action and the criminal investigation related to Mr. Cohen overlap, Mr. Cohen's Fifth Amendment rights may be adversely impacted if this case proceeds.  As such, if this action is not stayed, Defendants will be unable to fully respond to and defend themselves against the claims asserted by Plaintiff (including in connection with the currently pending motions), resulting in substantial prejudice.  Additionally, Plaintiff may also be prejudiced if a stay is not granted because she likely would be unable to obtain the documents and deposition testimony that she is seeking from Mr. Cohen pursuant to her Motion for Expedited Discovery, in the event that motion is granted (which it should not be).  The requested stay therefore is necessary to prevent all such prejudice.

This application is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Brent H. Blakely, any reply papers filed by Plaintiff, all other papers on file in this action, all materials that may be properly considered in connection with this motion, and oral argument at any hearing on this matter.

Plaintiff is represented by:

Michael J. Avenatti, Esq.
Ahmed Ibrahim, Esq.
Avenatti & Associates, APC
520 Newport Center Drive, Suite 1400
Newport Beach, California 92660
(949) 706-7000
mavenatti@eoalaw.com, mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com

On April 12, 2018, counsel for Defendants conferred telephonically with Plaintiff's counsel, and advised that Defendants intended to bring the instant *Ex Parte* Application.  Declaration of Brent H. Blakely, ¶ 6.  In response, Plaintiff's counsel advised that Plaintiff would not consent to a stay and would oppose the request.  *Id*. The parties stipulated to a briefing schedule in connection with this *Ex Parte* Application and also to a seven-day continuance of the parties' respective response deadlines in connection with all pending motions.  [Dkt. No. 36].  On April 12, 2018, the Court approved this stipulation.  [Dkt. No. 37].


Dated: April 13, 2018                    BLAKELY LAW GROUP

                                         By:  */s/ Brent H. Blakely*
                                              BRENT H. BLAKELY
                                              Attorneys for Defendants
                                              ESSENTIAL CONSULTANTS, LLC and
                                              MICHAEL COHEN


Dated: April 13, 2018                    HARDER LLP

                                         By:  */s/ Charles J. Harder*
                                              CHARLES J. HARDER
                                              Attorneys for Defendant
                                              DONALD J. TRUMP

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

The instant *Ex Parte* Application of Defendants Essential Consultants, LLC ("EC"), Michael Cohen ("Mr. Cohen") and Donald J. Trump ("Mr. Trump") (collectively, "Defendants") is necessary to prevent substantial prejudice to Defendants' ability to defend themselves in this action.

On April 9, 2018, the Federal Bureau of Investigation ("FBI") raided Mr. Cohen's residence, office and hotel room, located in New York, in connection with an apparent criminal investigation related in part to the facts giving rise to the claims asserted by Plaintiff Stephanie Clifford a.k.a. Stormy Daniels a.k.a. Peggy Peterson's ("Clifford" or "Plaintiff") in this case, namely the payment made by EC to Clifford. Declaration of Brent H. Blakely ("Blakely Dec."), ¶ 3, Ex. A, 4/13/18 *CNN* Article.

Because the facts underlying this action and criminal investigation overlap, Mr. Cohen's Fifth Amendment rights may be adversely impacted if this case proceeds. *See Neman Fin., L.P. v. Citigroup Glob. Markets, Inc.*, 2015 WL 12837640, at *4 (C.D. Cal. Apr. 17, 2015).  As a party to this action as a defendant and EC's principal, Mr. Cohen is a key witness in this action and Defendants' most knowledgeable person with respect to the facts underlying this action because he is the only person (other than Plaintiff's prior attorney) who negotiated the underlying Settlement Agreement and he arranged for payment of the $130,000 to Plaintiff, which is at issue in this action.  Blakely Dec., ¶ 5; First Amended Complaint ("FAC"), ¶ 17, 24 [Dkt No. 14].

Thus, if the case moves forward, Defendants' key witness would have to choose between exercising his Fifth Amendment rights, and testifying on Defendants' behalf.  In other words, Defendants could be forced to proceed with this case without presenting key testimony in their defense.  Additionally, Plaintiff may also be prejudiced if a stay is not granted because she will likely be unable to obtain the documents and deposition testimony that she is seeking from Mr. Cohen pursuant to her Motion for Expedited Discovery, in the event the motion is granted (which it

1   should not be).

2       Accordingly, the requested 90-day stay of this action is reasonable and

3   necessary.  *See Chrome Hearts, LLC, v. Old School Fairfax, Inc.*, No. 16-CV-09080

4   AB, Docket No. 70 (C.D. Cal. Feb. 26, 2018, Judge Birotte) (granting a 90 day stay

5   under similar circumstances).

6   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

7       On April 9, 2018, the FBI raided Mr. Cohen's residence, office and hotel room,

8   located in New York.  Blakely Dec., ¶ 3, Ex. A.  In the course of this raid, the FBI

9   sought documents in Mr. Cohen's possession relating to several topics, including the

10  payment of $130,000 to Plaintiff, which is at issue in this action.  *Id.*  As such, this

11  criminal investigation arises out of the same facts alleged by Plaintiff in her First

12  Amended Complaint.  *Id.*  This investigation is still ongoing, and has been confirmed

13  by the U.S. Department of Justice.  *Id.*

14      As of the date of the aforementioned raid, Defendants' response deadlines in

15  connection with the currently pending motions in this action were as follows:  EC's

16  and Mr. Trump's deadline to file replies in support of EC's Motion to Compel

17  Arbitration: Monday, May 16, 2018; EC's and Mr. Trump's deadline to file

18  oppositions to Plaintiff's Motion for Expedited Discovery and Jury Trial: Wednesday

19  April 17, 2018; Mr. Cohen's deadline to file a reply in support of his Motion to Strike

20  Plaintiff's First Amended Complaint: Monday, April 23, 2018.  Blakely Dec., ¶ 4.

21  The Court has scheduled the hearings on the foregoing motions for Monday, May 14,

22  2018.  [Dkt. No. 35].

23      On April 12, 2018, counsel for Defendants conferred telephonically with

24  Plaintiff's counsel, and advised that Defendants intended to bring the instant *Ex Parte*

25  Application.  Blakely Dec., ¶ 6.  In connection with this meet and confer, Defendants

26  provided Plaintiff with a copy of a recent ruling by Judge Birotte in *Chrome Hearts,*

27  *LLC v. Old School Fairfax, Inc.* (CDCA Case No. 16-cv-09080), wherein Judge

28  Birotte granted a stay under similar circumstances.  *Id.*  In response, Plaintiff's

counsel advised that Plaintiff would not consent to a stay and would oppose this request.  *Id.*  However, the parties stipulated to a briefing schedule in connection with this *Ex Parte* Application and to a seven-day continuance of the parties' respective response deadlines in connection with all pending motions.  [Dkt. No. 36].  On April 12, 2018, the Court approved this stipulation.  [Dkt. No. 37].

The Court-approved stipulation set forth the following briefing schedule in connection with this *Ex Parte* Application: Defendants' deadline to file the Application: 6:00 p.m. on Friday, April 13, 2018; Plaintiff's deadline to file her opposition to the Application: 6:00 p.m. on Monday, April 16, 2018; Defendants' deadline to file their reply in support of the Application: 6:00 p.m. on Tuesday, April 17, 2018.  [Dkt. No. 37].  The Court also extended the due dates for all opposition and reply briefs in connection with all other currently pending motions by a period of seven days.  *Id.*

## III.   GOOD CAUSE EXISTS TO GRANT THE REQUESTED STAY

### A.   There Is Good Cause for *Ex Parte* Relief

Defendants are aware that *ex parte* applications are solely for extraordinary relief and are discouraged by the Court.  However, given the sudden raid on Mr. Cohen's residence, office and hotel room and the upcoming response deadlines for pending motions, there is insufficient time for Defendants to make this request via noticed motion.

In *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp 488, 492 (C.D. Cal. 1995), the court set forth a two-part test to determine whether a moving party is entitled to *ex parte* relief: the moving party must show (1) that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) that the moving party is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."

As discussed above, and in the accompanying Declaration of Brent K. Blakely, the circumstances necessitating this request for a stay did not arise until Monday, April 9, 2018, at which time EC's and Mr. Trump's reply briefs in support of EC's Motion to Compel Arbitration were already required to be filed on Monday, April 16, 2018.  Blakely Dec., ¶ 3-4.  Additionally, although the Court has continued this and all other briefing deadlines for pending motion for a period of seven days, there is still insufficient time for Defendants to proceed via a noticed motion.  As such, Defendants were not the cause of the instant emergency.

Additionally, Defendants will be irreparably prejudiced if this request is heard according to regular noticed procedures.  As a party to this action and EC's principal, Mr. Cohen is a key witness in this action and Defendants' most knowledgeable person with respect to the facts underlying this action.  Blakely Dec., ¶ 5; FAC, ¶ 17, 24.  As such, if this action is not stayed, Defendants will be unable to fully respond to and defend themselves against the claims asserted by Plaintiff, including in connection with the briefs due on the pending motions.

## B.   Mr. Cohen's Fifth Amendment Rights May be Adversely Impacted if this Case Proceeds

Where, as here, the facts underlying civil and criminal proceedings overlap, the civil case implicates Fifth Amendment rights.  *Neman Fin., L.P. v. Citigroup Glob. Markets, Inc.*, 2015 WL 12837640, at *4 (C.D. Cal. Apr. 17, 2015) ("That this case involves factual circumstances related to those underlying the criminal charges suggests that Plaintiffs Fifth Amendment rights may be adversely affected if this matter proceeds.").  Accordingly, "[a] party asserting the Fifth Amendment privilege should suffer no penalty for his silence."  *Pacers, Inc. v. Superior Court*, 162 Cal. App. 3d 686, 689 (1984).  "In this context 'penalty' is not restricted to fine or imprisonment.  It means…the imposition of any sanction which makes assertion of the Fifth Amendment privilege costly."  *Id.* (internal quotations omitted).  A court may therefore, in its discretion, stay civil proceedings when the interests of justice so

require.  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  Accordingly, where there are overlapping issues in criminal and civil cases, a stay "is appropriate to preserve [an individual's] Fifth Amendment Rights." *Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002).

Moreover, an individual need not be subject to any formal criminal proceedings or indictment to exercise his Fifth Amendment rights.  "A valid assertion of the privilege does not require an imminent criminal prosecution or investigation: The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *Englebrick v. Worthington Indus., Inc.*, 670 F. Supp. 2d 1048, 1050 (C.D. Cal. 2009), quoting *In re Master Key Litigation*, 507 F.2d 292, 293 (9th Cir.1974).  "The mere possibility of criminal prosecution is all that is necessary for the Fifth Amendment privilege against self-incrimination to be invoked." *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *3 (E.D. Cal. July 15, 2009).

## C.   Adverse Impact on Mr. Cohen's Fifth Amendment Right Prejudices the Other Defendants

A stay also is appropriate where the Fifth Amendment rights of an individual will prejudice another's ability to meaningfully defend itself in a civil action.  When a defendant's main witnesses are likely to invoke their Fifth Amendment rights, it "will certainly hinder [the defendant's] defense in a substantial way." *Delphi Connection Sys., LLC v. Koehlke Components, Inc.*, 2012 WL 12895670, at *2 (C.D. Cal. Oct. 17, 2012); *see also Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *3 (E.D. Cal. July 15, 2009) (explaining that, while a defendant corporation did not have Fifth Amendment rights, its directors' Fifth Amendment rights prejudiced its "ability to meaningfully defend itself…"); *Medina v. Argent Mortg. Co.*, 2006 WL 1305230, at *2 (N.D. Cal. May 11, 2006) (granting a stay where persons most knowledgeable for defendant were charged with crimes related to

the facts of the civil matter).

Because Mr. Cohen is a key witness, Defendants will be unable to fully respond to and meaningfully defend themselves against the claims asserted by Plaintiff, resulting in substantial prejudice.  Blakely Dec., ¶ 5; FAC, ¶ 17, 24. Additionally, Plaintiff may also be prejudiced if a stay is not granted because she will likely be unable to obtain the documents and deposition testimony that she is seeking from Mr. Cohen pursuant to her Motion for Expedited Discovery, in the event the motion is granted (which it should not be).  A stay of this action therefore is warranted.

### D.   The *Molinaro Factors* Weigh in Favor of Granting a Stay

In evaluating whether to grant a stay, Courts also consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.  *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

These factors weigh in favor of granting the requested stay.

Although Plaintiff undoubtedly has an interest in this case proceeding expeditiously, she will not be prejudiced by the requested stay.  There is no risk of any loss of property and Plaintiff's ability to obtain her requested relief will not be impaired by the stay.  Additionally, Plaintiff has already appeared on a national television show, 60 Minutes, to tell her alleged story.  Indeed, another court in this district has found a 90 day stay to be reasonable under similar circumstances.  *See*

*Chrome Hearts, LLC, v. Old School Fairfax, Inc.*, No. 16-CV-09080 AB, Docket No. 70, at p. 5 (C.D. Cal. Feb. 26, 2018) (granting the requested stay and finding that "[a] 90 day stay will not overly prejudice Plaintiff."). Moreover, as previously explained, Plaintiff also may be prejudiced if a stay is not granted.

Defendants will be substantially prejudiced if compelled to proceed with this case while the criminal investigation related to Mr. Cohen is ongoing, given the substantial overlap between the facts in this action and the criminal investigation, and Mr. Cohen's status as is a key witness. Blakely Dec., ¶ 5; FAC, ¶ 17, 24. Thus, if the case moves forward, Defendants' key witness would have to choose between exercising his Fifth Amendment rights and testifying on Defendants' behalf. In other words, Defendants could be forced to proceed with this case without presenting key testimony in their defense.

The other *Molinaro* factors similarly weigh in favor of the requested stay. If this case is not stayed, this Court may be required to decide certain issues without necessary information from a key witness, which would not be an efficient use of judicial resources. *See Jones v. Conte,* 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) ("Staying the case makes efficient use of judicial resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination."). Additionally, a 90 day stay "will not significantly impact the Court's ability to clear its docket." *See Chrome Hearts, LLC, v. Old School Fairfax, Inc.*, No. 16-CV-09080 AB, Docket No. 70, at p. 7. The requested stay will also not implicate the interests of persons not parties to this action.

Furthermore, public interest is best served by ensuring this action does not interfere with the criminal investigation. *See Douglas v. United States*, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) ("The public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases."). While the public may also have an interest in the resolution of this action, a 90 day stay "effectively

accounts for that interest" since it will allow this case to be resolved if criminal proceedings conclude within that time.  *See Chrome Hearts, LLC, v. Old School Fairfax, Inc.*, No. 16-CV-09080 AB, Docket No. 70, at p. 8.

Accordingly, the requested stay is appropriate and necessary to prevent prejudice in this action.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court grant the instant *Ex Parte* Application and issue an order staying the case for a period of 90 days or to an alternative date suitable to the Court, and permitting Defendants to request a further stay, if necessary.


Dated: April 13, 2018               BLAKELY LAW GROUP


                                    By:  */s/ Brent H. Blakely*
                                        BRENT H. BLAKELY
                                        Attorneys for Defendants
                                        ESSENTIAL CONSULTANTS, LLC and
                                        MICHAEL COHEN


Dated: April 13, 2018               HARDER LLP


                                    By:  */s/ Charles J. Harder*
                                        CHARLES J. HARDER
                                        Attorneys for Defendant
                                        DONALD J. TRUMP

Pursuant to Local Rule 5-4.3.4, I Brent H. Blakely, hereby attest that all other signatories to this *Ex Parte* Application, and on whose behalf it is submitted, concur in its content and have authorized its filing.

Dated: April 13, 2018

                                        /s/ Brent H. Blakely
                                        BRENT H. BLAKELY