BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:   BBlakely@BlakelyLawGroup.com
Attorneys for Defendant
ESSENTIAL CONSULTANTS, LLC
and MICHAEL COHEN

HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:   CHarder@HarderLLP.com
         RStonerock@HarderLLP.com
Attorneys for Defendant
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**REPLY IN SUPPORT OF JOINT *EX PARTE* APPLICATION OF DEFENDANTS ESSENTIAL CONSULTANTS, LLC, DONALD J. TRUMP AND MICHAEL COHEN FOR A STAY OF THIS ACTION**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>Action Filed: March 6, 2018 |

## I. Introduction

Plaintiff's opposition attempts to distract from the fact that she will suffer no prejudice if the requested 90-day stay is granted. *First*, Plaintiff's attempt to contest the evidence submitted by Defendants is without merit. Defendants have submitted admissible evidence of the FBI raid, and the statements and conduct of the U.S. Attorney and Plaintiff confirm the overlap with this action. *Second,* the law is clear that the submission of declarations or making public statements does not waive the Fifth Amendment privilege; waiver must be knowing and intelligent, which did not occur here. *Third,* Plaintiff incorrectly argues that criminal charges are a requirement for a stay. Where there is a possibility of prosecution, as here, a stay is proper. Plaintiff's attorney stated publicly, two days ago, that he believes Mr. Cohen **will be indicted** within the next 90 days. For these reasons, and those stated in Defendants' initial moving papers, the Court should stay this action for 90 days.

## II. Defendants Have Established The Overlap Between The Two Matters

Plaintiff contends that Defendants have not met their evidentiary burden of establishing the overlap between the facts in the FBI investigation and the facts at issue in this action. This position is absurd. Mr. Blakely's declaration, which is based on his personal knowledge and not merely what has been reported by the media, confirms that the April 9 FBI raid sought documentation related to the payment Mr. Cohen made to Plaintiff, which is at issue in this action. Blakely Dec., ¶ 1-3. Moreover, statements by the U.S. Attorney leave no doubt of the overlap between the investigation and the facts in this action. A recent filing by the U.S. Attorney in proceedings related to the FBI investigation (*Cohen v. U.S.*, S.D.N.Y. Case No. 18-mj-03161 ("SDNY Action")) expressly states that Mr. Cohen is under criminal investigation for offenses and reference communications related to the payment EC made to Plaintiff. Request for Judicial Notice, Ex. 1, pp. 1, 3-4, fn. 5. A brief filed by Mr. Cohen's attorney in the SDNY Action also identified Mr. Cohen's communications with Mr. Blakely, regarding this action, as one of the categories of

-1-
REPLY IN SUPPORT OF JOINT *EX PARTE* APPLICATION

documents potentially seized the FBI raid. Request for Judicial Notice, Ex. 2, p. 2.

Plaintiff's own statements and actions confirm the overlap between the investigation and this case. Plaintiff's counsel, Mr. Avenatti, attended the Friday, April 13, 2018 hearing in the SDNY Action. Immediately thereafter, on the steps of the courthouse, Mr. Avenatti stated: "My client's [Plaintiff] documents are some of the documents which were seized in connection with the search warrants." Supplemental Declaration of Brent Blakely ("Supp. Blakely Dec."), Ex. 3, p. 1. Then, in an April 15, 2018 interview on *CNN* about this case and the FBI investigation, Mr. Avenatti stated Plaintiff would personally attend a hearing in the SDNY Action on April 16. Supp. Blakely Dec., Ex. 4, p. 8-9. Plaintiff did attend that hearing, and made a statement to the press on the steps of the courthouse. Supp. Blakely Dec., Ex. 5, p. 1. On April 16, 2018, after the SDNY hearing, Mr. Avenatti appeared on *CNN* again and stated that the documents at issue in the SDNY Action are "of utmost importance" to the instant civil lawsuit case. Supp. Blakely Dec., Ex. 6, p. 7.

Accordingly, it is beyond dispute that the facts underlying this action and criminal investigation overlap, as Plaintiff and her counsel have confirmed. Mr. Cohen's Fifth Amendment rights therefore may be adversely impacted if this case proceeds.[1]

---

[1] The authority cited by Plaintiff for less dramatic measures than a full stay is inapposite. In *O. Thronas, Inc. v. Blake*, 2010 WL 931924 (D. Haw. Mar. 10, 2010), a request for an indeterminate stay was denied because the court found plaintiff would suffer "severe prejudice." Here, Plaintiff will suffer no prejudice and Defendants are only requesting a 90-day stay. In *Sec. & Exch. Comm'n v. Braslau*, 2015 WL 9591482 (C.D. Cal. Dec. 29, 2015), the stay was denied because defendant had "already testified during his criminal trial, and likely addressed many of the issues that he will be dealing with in the civil case." That is not the case here. In *Sanrio, Inc. v. Ronnie Home Textile Inc.*, 2015 WL 1062035 (C.D. Cal. Mar. 10, 2015), the Court denied the motion to stay based upon plaintiffs' representation they had "already developed significant evidence supporting their claims separate and independent from any testimony or statements required by the individual

(footnote continued)

### III. Plaintiff Will Not Be Prejudiced By The Stay

Plaintiff identifies no concrete or legitimate prejudice that she would suffer as a result of a 90-day stay. She identifies no potential witnesses whose memories may fade, costs she may incur or other concerns. Instead, Plaintiff cites her ability speak freely about this matter. Yet this lawsuit has not stopped her ongoing media campaign to tell her alleged story, including a March 25, 2018 appearance on *60 Minutes* and an April 17, 2018 appearance on *The View*. Supp. Blakely Dec., Ex. 7. Between the commencement of this action on March 6, 2018 and the date of this reply, Plaintiff and Mr. Avenatti have appeared on no less than **55 national televisions shows** to tell her story. *Id.* Plaintiff also cites to the EC arbitration (which was stayed on April 3, 2018), but is unable to articulate how a 90-day stay of this action would prejudice her. Supp. Blakely Dec., ¶ 10. Indeed it would not. The status of this action and the arbitration are not affecting Plaintiff's decision to speak publicly, and Plaintiff has not demonstrated how a stay will in any way impact her current conduct.

Conversely, the prejudice Defendants will suffer if the stay is denied is substantial, and far outweighs Plaintiff's concerns. As detailed in Defendants' initial papers, there is a substantial risk they would be forced to defend themselves without the benefit of Mr. Cohen's testimony, which would be highly prejudicial.[2]

### IV. There Has Been No Waiver By Mr. Cohen

---

Defendants." *Id.* at *3. The opposite is true here. Plaintiff has a pending motion to expedite Mr. Cohen's deposition for her opposition to Defendants' motion to compel arbitration. Moreover, the issues Plaintiff seeks to depose Mr. Cohen about in her motion all relate to the investigation, making an assertion of the Fifth Amendment on a question by question basis inappropriate and a waste of judicial resources.

[2] As detailed in Defendants' initial papers, a stay is appropriate where the Fifth Amendment rights of an individual prejudices another's ability to meaningfully defend itself. Because this action unquestionably threatens Mr. Cohen's privilege, a stay is appropriate as to EC and Mr. Trump since he is a key witness for them.

Any waiver of the Fifth Amendment must be voluntary as well as knowing and intelligent. *Colorado v. Spring*, 479 U.S. 564, 572 (1987); *Moran v. Burbine*, 475 U.S. 412, 421 (1986). The waiver must be both "voluntary in the sense that it was the product of a free and deliberate choice" and knowing in that it "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Spring*, *supra,* 479 U.S. at 573. Furthermore, "[a] waiver of the Fifth Amendment privilege at one stage of a proceeding is not a waiver of that right for other stages." *United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978).

Here, Mr. Cohen did not waive his Fifth Amendment privilege through his prior conduct. *First*, the two declarations made by Mr. Cohen in this action were filed before it was known that there was an investigation related to the facts in this action. The first declaration [Dkt. No. 20-5] was filed on April 2, 2018, one full week before the April 9 FBI raid; the second declaration [Dkt. No. 31-2] was filed mere hours after the FBI raid commenced, before it was known that the FBI search included documents related to EC's payment to Plaintiff. Supp. Blakely Dec., ¶ 11. Under these circumstances, there could be no knowing or intelligent waiver of the privilege.

*Second*, the submission of declarations at this stage of the case does not constitute a waiver of Mr. Cohen's privilege in this action. Mr. Cohen's Fifth Amendment rights may still be adversely impacted by this action, which compels the issuance of the requested stay. *See Square 1 Bank v. Lo*, 2014 WL 7206874, at *3 (N.D. Cal. Dec. 17, 2014) (prior submission of affidavit did not waive Fifth Amendment privilege and granting of stay).

*Third*, unsworn public statements made outside of judicial proceedings, such as the ones Plaintiff alleges Mr. Cohen made, do not have any bearing on Fifth Amendment rights in this case. *See Jones v. Conte*, 2005 WL 1287017, at *1 (public statements did not constitute waiver and granting stay); *U.S. v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979) ("It is settled that a waiver of the Fifth Amendment privilege

is limited to the particular proceeding in which the waiver occurs.")

## V. No Indictment Is Necessary For A Stay

Contrary to Plaintiff's assertion, and as detailed in Defendants' initial moving papers, there is no requirement to demonstrate that criminal charges have actually been filed as a prerequisite for a stay. "A valid assertion of the privilege does not require an imminent criminal prosecution or investigation: The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the **possibility of prosecution**." *Englebrick v. Worthington Indus., Inc.*, 670 F. Supp. 2d 1048, 1050 (C.D. Cal. 2009) (emphasis added). As stated by Plaintiff, "[a] witness justifiably claims the privilege if he is confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." *Earp v. Cullen*, 623 F.3d 1065, 1070 (9th Cir. 2010) (internal quotations omitted).

When courts decline to issue a stay where there are no criminal charges it is because whether and when an indictment will issue is unknown, which may result in an indefinite stay. *eBay, Inc. v. Digital Point Sols., Inc.*, 2010 WL 702463, at *4 (N.D. Cal. Feb. 25, 2010). That is not the case here: Defendants are not requesting an indefinite stay; they are only requesting a 90-day stay, which is reasonable when weighed against the lack of prejudice Plaintiff would suffer by this short delay.

Plaintiff's counsel has confirmed that there is nothing speculative or illusory about the risks of this investigation—he has publicly stated: "**I strongly believe** that within the **next 90 days** we will see an unsealing of an **indictment against Mr. Cohen** for a host of very serious offenses." Supp. Blakely Dec., Ex. 4, p. 7. Accordingly, there can be no dispute that a 90-day stay is reasonable and appropriate even though no formal charges have been brought at this time. *See Delphi Connection Sys., LLC v. Koehlke Components, Inc.*, 2012 WL 12895670 (C.D. Cal. Oct. 17, 2012); *Estate of Limon v. City of Oxnard*, 2013 WL 12131359 (C.D. Cal. Dec. 10, 2013); *Chao v. Fleming*, 498 F. Supp. 2d 1034 (W.D. Mich. 2007); *S.E.C. v. Healthsouth Corp.*, 261 F.Supp.2d 1298 (N.D.Ala.2003).

| | | |
|---|---|---|
| Dated: April 17, 2018 | | BLAKELY LAW GROUP |
| | | By:  */s/ Brent H. Blakely* |
| | | BRENT H. BLAKELY |
| | | Attorneys for Defendants |
| | | ESSENTIAL CONSULTANTS, LLC and |
| | | MICHAEL COHEN |

Dated: April 17, 2018         HARDER LLP

By:  */s/ Charles J. Harder*
     CHARLES J. HARDER
     Attorneys for Defendant
     DONALD J. TRUMP

Pursuant to Local Rule 5-4.3.4, I Brent H. Blakely, hereby attest that all other signatories to this Reply, and on whose behalf it is submitted, concur in its content and have authorized its filing.

Dated: April 17, 2018

/s/ Brent H. Blakely
BRENT H. BLAKELY