UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 18-02217 SJO (FFM)      DATE: April 27, 2018
TITLE:   Stephanie Clifford v. Donald J. Trump et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                               Not Present

========================================================================
PROCEEDINGS (in chambers):    ORDER GRANTING DEFENDANTS' *EX PARTE* APPLICATION TO STAY CASE [Docket No. 38]

This matter is before the Court on Defendants Essential Consultants, LLC ("EC"), Michael Cohen ("Mr. Cohen"), and Donald J. Trump's ("Mr. Trump") (together, "Defendants") *Ex Parte* Application for a Stay of this Action ("Application"), filed April 13, 2018. Plaintiff Stephanie Clifford ("Ms. Clifford" or "Plaintiff") opposed the Application ("Opposition") on April 16, 2018. Defendants replied ("Reply") on April 17, 2018. A hearing on the matter was held on April 20, 2018. Pursuant to a request from the Court, Mr. Cohen submitted a supplemental declaration on April 25, 2018, and Ms. Clifford submitted a supplemental brief in support of her opposition ("Supplemental Opposition") on April 26, 2018. For the following reasons, the Court **GRANTS** Defendants' Application.

I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the alleged breach of an agreement (the "Agreement") between Ms. Clifford, EC, and Mr. Trump concerning the non-disclosure of certain confidential information by Ms. Clifford apropos of an alleged intimate relationship with Mr. Trump. (*See generally* Notice of Removal, Ex. 1 ("Compl."), ECF No. 1-1.) On behalf of EC, Mr. Cohen negotiated the Agreement and arranged for a payment of $130,000 to Ms. Clifford. (Appl. 4, ECF No. 38; Decl. Michael Cohen in Supp. Mot. to Strike ("Cohen Strike Decl.") ¶ 3, ECF No. 31-2; First Amended Complaint ("FAC") ¶ 24, ECF No. 14.) On April 9, 2018, the Federal Bureau of Investigation ("FBI") raided Mr. Cohen's residence, office, and hotel room, seizing various devices and documents related to an ongoing criminal investigation, some of which contained information regarding the $130,000 payment to Ms. Clifford. (Decl. Michael Cohen in Supp. Appl. ("Cohen Decl.") ¶ 2, ECF No. 50; *see also* Req. For Judicial Notice ("RJN")[1], Ex. 1 at 11 n. 5 [referencing payments to Ms. Clifford

---

[1] In connection with the Application, Defendants submit a Request for Judicial Notice containing two (2) exhibits for the Court to consider in its ruling. These two exhibits, filed in the matter of *Michael D. Cohen v. United States of America*, United States District Court,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 18-02217 SJO (FFM)**          DATE: **April 27, 2018**

in conjunction with potential communications received pursuant to the FBI raid], ECF No. 40-1.) Defendants now move for a stay on the basis that Mr. Cohen's Fifth Amendment right against self-incrimination would prevent him from presenting key testimony in their defense. (Appl. 4.)

On February 22, 2018, EC initiated an arbitration proceeding with ADR Services, Inc., seeking to enjoin Ms. Clifford from disclosing information allegedly protected under the Agreement. (Decl. Michael D. Cohen in Supp. Mot. to Compel Arbitration ("Cohen Arbitration Decl.") ¶¶ 6-7, ECF No. 20-15.) On February 27, 2018, the arbitrator issued a Temporary Restraining Order ("TRO") precluding Ms. Clifford from "disclosing or inducing, promoting or actively inspiring anyone to disclose Confidential Information," as defined in the Agreement. (Cohen Arbitration Decl. ¶ 7, Ex. E at 2.) Prompted in part by the TRO, Ms. Clifford filed her Complaint on March 6, 2018 seeking declaratory judgment that the Agreement is void, invalid, or unenforceable. (*See generally* Compl.) EC removed the action, which had been filed in the Superior Court of the State of California for the County of Los Angeles, to federal court on March 16, 2018. (*See generally* Notice of Removal, ECF No. 1.) Mr. Trump joined the Notice of Removal the same day. (Joinder to Notice of Removal, ECF No. 5.) Plaintiff filed a First Amended Complaint ("FAC") on March 26, 2018, adding a claim for defamation against Mr. Cohen, named in the Agreement as the attorney for EC. (*See generally* FAC, ECF No. 14.)

On the basis of an arbitration provision found within the text of the Agreement, EC moved to compel Ms. Clifford to privately arbitrate her claims on April 2, 2018. (Mot. to Compel 6, ECF No. 20; Compl. Ex. 1 ("Agreement") § 5.2, ECF No. 14.) Ms. Clifford opposed the Motion on the grounds that a valid contract, and thus agreement to arbitrate, was never actually formed. (Opp'n to Mot. to Compel 4-5, ECF No. 30.) Pursuant to 9 U.S.C. § 4, Ms. Clifford also demanded a jury trial on the issue of the formation and enforceability of the Agreement's arbitration provision. (*See generally* Mot. to. Expedite Jury Trial, ECF No. 29.) The grounds for Ms. Clifford's jury demand included that the arbitration provision was invalid because: (1) Mr. Trump did not consent

---

Southern District of New York, case number 1:18-mj-03161-KMW, include (1) the Government's Opposition to Michael Cohen's Motion for a Temporary Restraining Order and (2) a letter submitted by Mr. Cohen's attorneys in the above referenced action. Under Rule 201, "[t]he court may judicially notice a fact that is not subject to a reasonable dispute because it… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). As the subject matter of the FBI raid is directly pertinent to both the Application and the New York action, the Court finds consideration of these documents to be proper under Rule 201 and **GRANTS** Defendants' RJN. The Court notes that it takes judicial notice of only the existence and content of these filings, but not to the truth of the statements made in the filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 18-02217 SJO (FFM)**  DATE: **April 27, 2018**

to the Agreement and (2) both the Agreement and its arbitration provision had an illegal purpose. (Mot. to Expedite Jury Trial 11-17.) On April 9, 2018, Mr. Cohen moved to strike Plaintiff's defamation claim under California Code of Civil Procedure § 425.16. (Mot. to Strike, ECF No. 31.)

II.  DISCUSSION

In their Application, Defendants contend that a ninety (90) day stay of the action is warranted because "Mr. Cohen is a key witness in this action and Defendants' most knowledgeable person with respect to the facts underlying this action," and, pursuant to Mr. Cohen's Fifth Amendment right against self-incrimination, "will be unable to fully respond to and defend themselves against the claims asserted by Plaintiff, including in connection with the briefs due on the pending motions." (Appl. 7.) Plaintiff responds that Mr. Cohen has failed to establish under the applicable legal standards that his Fifth Amendment privilege would justify a stay.[2] (*See generally* Opp'n, ECF No. 39.) Given the context and significance of the criminal proceedings, the Court agrees with Defendants that a temporary stay is warranted.

  A.  Legal Standards

The United States Constitution "does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989); *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)); *see also United States v. Kordel*, 397 U.S. 1, 10 n. 27 (1970) (noting that federal courts have deferred civil proceedings pending the completion of parallel criminal prosecution "when the interests of justice seemed to require such an action"). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.* (citation and quotations omitted). "Nevertheless, a court may decide in its discretion to stay civil proceedings[.]" *Id.* (citations and quotations omitted). As a general matter, the Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case,'" including "'the extent to which the defendant's fifth amendment rights are implicated.'" *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902). "In addition, the decisionmaker should

---

[2] Plaintiff also raises a number of evidentiary objections, which the Court will address only to the extent that Plaintiff's objections impact evidence relied on by the Court in its disposition.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 18-02217 SJO (FFM)</u>　　　　DATE: <u>April 27, 2018</u>

generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324-25 (citing *Molinaro*, 889 F.2d at 903).

　　B.　　<u>Analysis</u>

　　　　1.　　<u>Defendants' Fifth Amendment Rights are Heavily Implicated</u>

The first step in *Keating* requires a district court to assess "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324. Courts have found that "there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both" civil and criminal cases. *Roberts v. Brown*, No. 2:13-CV-07461 ODW (JCx), 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014) (listing cases). However, "the case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903 (citing *Dresser*, 628 F.2d at 1376). "A stay of an action is not necessary where a defendant's fifth amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis and implementing protective orders." *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012) (citing *O. Thronas, Inc. v. Blake*, No. CIV.09-00353DAE-LEK, 2010 WL 931924, at *3 (D. Haw. Mar. 10, 2010)).

While the exact scope and breadth of the criminal investigation remains unclear, both the government and Mr. Cohen have indicated that the subject matter of the criminal investigation, and the documents seized, in some part reference the $130,000 payment made to Ms. Clifford pursuant to the Agreement. (Cohen Decl. ¶ 2; RJN Ex. 1 at 11 n. 5.) Any criminal investigation into this payment would likely have significant overlap with Plaintiff's assertions that the Agreement, and the payment in particular, had an illegal purpose. (*See* Mot. to Expedite Jury Trial 15.) Indeed, the government has even acknowledged that the particular issue of Mr. Trump's consent to the Agreement could have a significant impact on the criminal proceedings. (*See* RJN Ex. 1 at 11 n. 5 [suggesting that communications regarding Mr. Cohen's payment to Ms. Clifford are not covered by attorney-client privilege because Mr. Trump has publicly denied knowledge of the payment].) Furthermore, Ms. Clifford has **specifically** requested testimonial discovery from Mr. Cohen on his role and conduct in relation to the payment, EC, and the Agreement. (Mot. to Expedite Jury Trial 4-5.) Given these circumstances, the Court finds that there is a large potential factual overlap between the civil and criminal proceedings that would heavily implicate Mr. Cohen's Fifth Amendment rights.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.: CV 18-02217 SJO (FFM)**          **DATE: April 27, 2018**

Prior to the filing of Mr. Cohen's supplemental declaration, Plaintiff argued that Mr. Cohen had failed to meet his burden to establish that a stay is warranted, as he had not testified personally about "the FBI raids, what was seized in the raids, the supposed relationship between the seizures and this case, the fact that he has been informed that he is under criminal investigation and that criminal charges are imminent." (Opp'n 6-7.) The Court agreed with Plaintiff that, on the basis of the record before it, Mr. Cohen had failed to demonstrate a reasonably high likelihood that substantial prejudice to his rights would result if a stay were not granted. Because there was no admissible evidence on the record regarding the subject matter of the criminal investigation, and because Mr. Cohen himself had not indicated whether or not his Fifth Amendment rights would be invoked during civil proceedings, the Court requested that Mr. Cohen file a declaration on these topics. (*See* Minutes of Motion Hearing, ECF No. 49.) Mr. Cohen complied with the Court's request, and specifically stated that he would "assert [his] 5th amendment rights in connection with all proceedings in this case due to the ongoing criminal investigation by the FBI and U.S. Attorney for the Southern District of New York."[3] (Cohen Decl. ¶ 3.) Furthermore, while Plaintiff is correct that a case for stay is weaker where no indictment has been returned, the significance of the FBI raid cannot be understated. This is no simple criminal investigation; it is an investigation into the personal attorney of a sitting President regarding documents that might be subject to the attorney-client privilege. Whether or not an indictment is forthcoming, and the Court thinks it likely based on these facts alone, these unique circumstances counsel in favor of stay.

Plaintiff next argues that a stay is not justified because EC, not Mr. Cohen, is the subject of her claim, and corporations are not protected by the Fifth Amendment. (Opp'n 9-10.) Plaintiff cites to *U.S. v. Braswell*, which held that a corporate custodian may not "resist [a] subpoena for corporate documents on the ground that the act of production might tend to incriminate him." 487 U.S. 99, 119 (1988). Supreme Court precedent is clear, however, that so long as the evidence is testimonial in nature and is potentially incriminating toward the speaker, not the corporation, the Fifth Amendment privilege applies. *Fisher v. United States*, 425 U.S. 391, 408 (1976); *Curcio v. United States*, 354 U.S. 118, 122 (1957). Plaintiff's discovery requests include testimonial evidence from Mr. Cohen relating to the substantive allegations in her claims. This type of testimony clearly supports a Fifth Amendment privilege.

---

[3] Plaintiff points out that Mr. Cohen's declaration is an improper "blanket refusal to answer any question" that in ordinary circumstances would not suffice as a proper invocation of his Fifth Amendment rights. (Suppl. Opp'n 1-3.) Mr. Cohen is not required at this stage in the proceedings, however, to properly assert his Fifth Amendment rights– he need only demonstrate that there is a reasonably high likelihood that substantial prejudice to his rights would result if a stay were not granted. Given that one of Plaintiff's key questions is the legality of the $130,000 payment to Ms. Cohen, which Mr. Cohen asserts is part of the FBI's criminal investigation, the Court finds that Mr. Cohen has adequately met his burden.

MINUTES FORM 11                                                                                          __:__
CIVIL GEN                                          Page 5 of 9                          Initials of Preparer _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 18-02217 SJO (FFM)</u>         DATE: <u>April 27, 2018</u>

Plaintiff also argues that Mr. Cohen has waived his Fifth Amendment privilege by filing declarations in this action related to the alleged subject matter of the criminal investigation. (Opp'n 12-15.) Plaintiff relies on *Brown v. United States*, a Supreme Court case affirming a finding of criminal contempt for a civil defendant in a denaturalization proceeding who voluntarily testified about her communist activities and then refused on Fifth Amendment grounds to submit to cross-examination about whether or not she was a member of the Communist Party. 356 U.S. 148 (1958). The Court reasoned that a witness who voluntarily testifies in an action "has the choice, after weighing the advantage of the privilege against self-incrimination against the advantage of putting forward his version of the facts and his reliability as a witness, not to testify at all." *Id.* at 155.

Brown is distinguishable from this case for several reasons. First, it involves the refusal to testify regarding a contested fact– whether or not the defendant was a member of the Communist Party. *Id.* at 150. Here, neither Plaintiff nor Defendants dispute the truth of Mr. Cohen's testimony– namely, that Mr. Cohen facilitated the $130,000 payment to Ms. Clifford on behalf of EC. (*See* Cohen Decl. ¶ 3; FAC ¶ 24.) Second, and most importantly, the subject matter of the action, the stage of the proceedings, and the defendant's invocation of the Fifth Amendment within the same hearing as her testimony demonstrated that she did in fact realize her Fifth Amendment rights could be implicated and yet made a conscious decision to testify. This deliberation is essential because voluntary disclosure serving to forestall a claim of Fifth Amendment privilege requires that a witness answer a question that he "should reasonably expect to incriminate him[.]" *Minnesota v. Murphy*, 465 U.S. 420, 428 (1984). Mr. Cohen avers that he was not aware that the invocation of his Fifth Amendment privilege might be necessary until he "considered the events" of the FBI raid, which occurred the day after both the raid and the filing of his second declaration. (Cohen Decl. ¶ 4.) While Plaintiff disputes the veracity of Mr. Cohen's claim, as there is nothing on the record that would suggest that Mr. Cohen's claim is untruthful, the Court declines to rule on the basis of speculation that the waiver of an essential constitutional right has occurred.

Plaintiff finally argues that less drastic measures than a blanket stay are available that would adequately protect Mr. Cohen's constitutional rights, because Mr. Cohen in his deposition "may assert any Fifth Amendment rights he deems appropriate at that time on a question by question basis." (Opp'n 10.) The Court carefully considered Plaintiff's request.[4] However, as to Plaintiff's

---

[4] The Court had originally considered denying the stay with respect to the second cause of action for defamation. However, Defendants have requested a stay of the entire proceedings and Plaintiff argued during the hearing that the Court's ability to hear the defamation claim relies upon the validity of the Agreement's arbitration provision and is thus inseverable from the first cause of action. (*See* Tr. 36:11-38:09.) The Court interprets Plaintiff's argument as indicating that if a stay is warranted, it should be granted as to the entire action, and rules accordingly.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 18-02217 SJO (FFM)</u>    **DATE:** <u>April 27, 2018</u>

first cause of action, it is unclear which questions, if any, Mr. Cohen could be compelled to answer. At this stage in the proceedings, all of Plaintiff's requested discovery relates to the Agreement's legality or Mr. Trump's consent. As noted above, both of those topics could have an impact on the criminal proceedings and may be legitimately interpreted as potentially incriminating to Mr. Cohen. Any deposition taken of Mr. Cohen, assuming he took full advantage of his Fifth Amendment privilege, would thus be utterly useless to the Court. While the Court takes note of Plaintiff's argument that Mr. Cohen is not the only witness whose testimony would be required, as the alleged mastermind behind the Agreement and the person with the most direct knowledge of the facts and circumstances surrounding its formation, his testimony would be indispensable to the disposition of this action. The Court finds that a stay is warranted until it is able to determine that the scope and context of the FBI investigation and potential criminal proceedings will not substantially interfere with this action.

    2.    <u>The Five *Keating* Factors Favor a Stay</u>

        a.    <u>Plaintiff Will Not be Substantially Prejudiced by a Stay</u>

The first *Keating* factor requires the Court to consider "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay." *Keating*, 45 F.3d at 325. Plaintiff argues that she will be necessarily prejudiced by the delay caused by a stay because "Plaintiff's claims center on her ability to speak and be free from any potential liability for a violation of the Settlement Agreement." (Opp'n 16.) Defendants respond that Plaintiff will not be prejudiced as she has already appeared on at least two national television shows, 60 Minutes and The View, to tell her alleged story. (Appl. 9; Tr. 30:11-17.) The Court agrees that Plaintiff has not established that she has actually been deterred from speaking, or that a delay in proceedings would cause undue prejudice. While it is undeniable that Plaintiff has a valid interest in the prompt resolution of her claims, where Mr. Cohen's Fifth Amendment rights are heavily implicated and the potential impact on the criminal investigation substantial, Plaintiff's interests do not outweigh the necessity of a stay.

        b.    <u>The Burden on Mr. Cohen is Significant</u>

Under the second *Keating* factor, the Court analyzes "the burden which any particular aspect of the proceedings may impose on defendants." *Keating*, 45 F.3d at 325. Defendants argue that they "will be substantially prejudiced if compelled to proceed with this case while the criminal investigation related to Mr. Cohen is ongoing, given the substantial overlap between the facts in this action and the criminal investigation, and Mr. Cohen's status as a key witness." (Appl. 10.) As described in section II(B)(1) *supra*, the Court agrees that Mr. Cohen's Fifth Amendment rights are heavily implicated within the context of the current proceedings. The Court also agrees that, given the potential significance of Plaintiff's stated questions to the ongoing criminal investigation, compelling Mr. Cohen to sit for a deposition that bears heavily on these rights would cause undue

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** <u>CV 18-02217 SJO (FFM)</u>  **DATE:** <u>April 27, 2018</u>

prejudice. Unlike the discrete issues outlined in Plaintiff's cited cases, Mr. Cohen would have to choose between his Fifth Amendment privilege and his ability to defend himself on almost **every major aspect** of the requested discovery. The adverse inference drawn from the invocation of his privilege, if he so chose to maintain it, would undeniably impact the case. *See Keating*, 45 F.3d at 326 ("Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.") (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). The potential prejudice to Mr. Cohen thus weighs in favor of a stay.

   c. <u>The Efficient Use of Judicial Resources Weighs Toward Staying the Case</u>

The third *Keating* factor permits the court to determine whether a stay will impact "the convenience of the court in the management of its cases, and the efficient use of judicial resources." *Keating*, 45 F.3d at 325. It is well established that a court has "an interest in clearing its docket." *Molinaro*, 889 F.2d at 903. However, as described above, it is unlikely that compelling testimony from Mr. Cohen on the issues cited by Plaintiff would lead to an efficient outcome. The majority of questions brought forth under Plaintiff's first cause of action relate to topics on which Mr. Cohen has indicated he is entitled to invoke his Fifth Amendment privilege, and are likely to cause a number of disputes related to discovery, procedure, and timing. It is also quite possible that the outcome of the criminal investigation will benefit the parties and the Court by streamlining the issues and questions presented in this action. Accordingly, the interests of judicial efficiency weigh in favor of a temporary stay.

   d. <u>The Interests of Persons Not Parties to the Civil Litigation is Not Applicable to the Current Action</u>

The fourth *Keating* factor requires a court to assess "the interests of persons not parties to the civil litigation." *Keating*, 45 F.3d at 325. None of the parties suggest that any third party has any compelling interest in a stay. This factor is thus neutral.

   e. <u>The Interest of the Public in the Pending Civil and Criminal Litigation</u>

The final *Keating* factor directs a court to analyze "the interest of the public in the pending civil and criminal litigation." *Id.* at 325. Plaintiff cites to the determination in *Keating* that where there is an "inordinate amount of media attention given to the case, any delay would [be] detrimental to public confidence." *Keating*, 45 F.3d at 326. However, Defendants also correctly note that the public has an interest in ensuring that civil proceedings do not interfere with criminal investigations. (Appl. 10 [citing *Douglas v. United States*, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006].) The Court finds that where, as here, the civil litigation has just commenced, and there is significant

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority  \_\_\_\_\_
Send  \_\_\_\_\_
Enter  \_\_\_\_\_
Closed  \_\_\_\_\_
JS-5/JS-6  \_\_\_\_\_
Scan Only  \_\_\_\_\_

**CASE NO.:** CV 18-02217 SJO (FFM)        **DATE:** April 27, 2018

public attention given to both proceedings, the public interest is best served by ensuring the integrity of the criminal process and strict adherence to the rule of law. And, as the Ninth Circuit recognized in *Keating*, "[i]n such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights." *Keating*, 45 F.3d at 326. Accordingly, this factor weighs in favor of stay.

### 3. Conclusion

On balance, the particular circumstances and competing interests in this case counsel towards the requested stay. This finding is based primarily on: (1) the lack of significant prejudice to Plaintiff; (2) the evidentiary disputes likely to arise if the stay is not granted; (3) the potential resolution of several key issues in the context of the criminal investigation; (4) the potentially significant impact of this proceeding on the integrity of the criminal investigation; and (5) Mr. Cohen's significant interest in the preservation of his Fifth Amendment privilege. This action is stayed for ninety (90) days.

### III. RULING

For the foregoing reasons, the Court **GRANTS** Defendants' *Ex Parte* Application for a Stay of This Action. A status conference regarding the status of the stay is set for July 27, 2018 @ 9:00 a.m. The parties shall file a joint report on the status of the criminal proceedings ten (10) days prior to the conference date.

IT IS SO ORDERED.