AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, State Bar No. 206929
Ahmed Ibrahim, State Bar No. 238739
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile:  949.706.7050

Attorneys for Plaintiff Stephanie Clifford
a.k.a. Stormy Daniels a.k.a. Peggy Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-02217-SJO-FFM<br><br>**PLAINTIFF STEPHANIE CLIFFORD'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION IN PART OF ORDER IMPOSING STAY**<br><br>[*filed concurrently with Memorandum of Points and Authorities in Support of Motion and Declaration of Michael J. Avenatti*]<br><br>**Hearing Date: June 21, 2018**<br>(Pursuant to Court's Order Dkt. No. 55)<br>**Hearing Time: 1:30 p.m.**<br>**Location: Courtroom 10C** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on June 21, 2018, at 1:30 p.m. in Courtroom 10C of the above entitled Court, located at 350 West First Street, Los Angeles, California, Plaintiff Stephanie Clifford (aka Stormy Daniels) ("Plaintiff") hereby moves pursuant to Local Rules 7-18 for reconsideration, in part, of the Court's April 27, 2018 order imposing a stay of this case for a period of 90 days. Specifically, Plaintiff does not seek reconsideration of the Court's order staying discovery as to Defendant Michael Cohen. Plaintiff, however, seeks to modify the stay order by lifting the stay as to all other aspects of this case.

Plaintiff makes this motion based on the emergence of new facts and circumstances that could not have been discovered before the issuance of the Court's order. These new facts, set forth in detail in Plaintiff's accompanying Memorandum of Points and Authorities, consist of statements made directly by Defendant Donald J. Trump and his attorney Rudolph Giuliani demonstrating that Mr. Trump has personal knowledge of the Settlement Agreement at issue in this action and the $130,000 payment made thereunder. Plaintiff's motion should be granted for at least the following reasons:

1.  The new facts call into question whether Mr. Cohen's Fifth Amendment rights relating to the matters at issue in this case are as compelling as previously argued by defendants Mr. Trump, Essential Consultants, LLC ("EC"), and Mr. Cohen (collectively, "Defendants"). Statements from Mr. himself, along with Mr. Giuliani speaking on authority of Mr. Trump, suggest that the criminal proceeding in New York pertain to Mr. Cohen's "businesses" (not anything relating to this lawsuit) and that the $130,000 payment to Plaintiff did not result in campaign finance violations.

2.  The new developments in the case make clear that less drastic measures than a complete stay of all proceedings are available. Mr. Cohen will not be deposed while the existing stay is in place. Plaintiff has agreed to only pursue a deposition of Mr. Trump—who is not reportedly under criminal investigation for any of his dealings relating to the facts of this case. Plaintiff is also agreeable to permit Defendants to rely

on Mr. Cohen's April 2 and 9 declarations during the existing stay.  All of this evidence, along with testimony of other witnesses previously identified and the documents that will be available in discovery, is more than adequate to enable Defendants to mount a defense to Plaintiff's first cause of action.

3. Mr. Trump and Mr. Giuliani's new revelations concerning the Settlement Agreement and $130,000 payment demonstrate that Defendants Trump and EC are fully equipped to defend Plaintiff's declaratory judgment claim even without Mr. Cohen. Further, because Plaintiff agrees a stay should be maintained as to Mr. Cohen's deposition for the remaining 90 days covered by the Court's prior order, Mr. Cohen will not have to assert the Fifth Amendment privilege on specific questions.  Therefore, the second Keating factor—namely, the burden on Defendants—weighs decidedly in favor of denying the stay.

4. Because Plaintiff will not be seeking a deposition of Mr. Cohen during the remainder of the 90-day stay period, the third Keating factor regarding convenience of the court in the management of its cases and the efficient use of judicial resources weighs in favor of denying a stay.  The Court's previously stated concerns about inefficiencies associated with compelling Mr. Cohen to be deposed when he would merely assert Fifth Amendment objections, and the attendant discovery and other disputes associated with the deposition no longer apply.  Further, because Plaintiff will not object to Defendants' use of Mr. Cohen's declarations to support their two existing motions, the Court's interest in clearing its docket is served by hastening the resolution of these motions.

5. Finally, Mr. Trump's renewed public threat to obtain damages from Plaintiff, and his disparagement of Plaintiff and her story as "false and extortionist" underscore Plaintiff's strong interest in proceeding expeditiously with this litigation and the prejudice to her of a delay.  The first Keating factor, therefore, also weighs in favor of Plaintiff.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Michael J. Avenatti, the prior briefing and

declaration filed by Plaintiff opposing Defendants' motion for a stay, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

On May 18, 2018, Plaintiff's counsel conferred with Brent Blakely, counsel for EC and Mr. Cohen regarding the content of Plaintiff's motion. [Declaration of Michael Avenatti, ¶9.] On May 23, 2018, Plaintiff's counsel conferred with Charles Harder and Ryan Stonerock, counsel for Mr. Trump, regarding the content of Plaintiff's motion. Counsel was unable to reach an agreement with Defendants, and all Defendants indicated they would oppose Plaintiff's motion. [Id.] All counsel agreed to the briefing schedule and hearing date for the motion as set forth in the stipulation and proposed order approved by the Court. [Id.; Dkt. No. __.] All counsel further agreed that the parties had adequately met and conferred regarding Plaintiff's motion. [Id.]

Dated: May 23, 2018              AVENATTI & ASSOCIATES, APC

                                 By:     /s/ Michael J. Avenatti
                                     Michael J. Avenatti
                                     Attorneys for Plaintiff Stephanie Clifford
                                     a.k.a. Stormy Daniels a.k.a. Peggy Peterson