AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, State Bar No. 206929
Ahmed Ibrahim, State Bar No. 238739
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff Stephanie Clifford
a.k.a. Stormy Daniels a.k.a. Peggy Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-02217-SJO-FFM<br><br>**PLAINTIFF STEPHANIE CLIFFORD'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION IN PART OF ORDER IMPOSING STAY**<br><br>Hearing Date: June 21, 2018<br>(Pursuant to Court's Order Dkt. No. 55)<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 10C |

## I. INTRODUCTION

At the time this Court imposed a 90-day stay, it was assumed that: (1) Defendant Michael Cohen acted on his own without his client Donald J. Trump's knowledge in negotiating the Agreement underlying this action and paid the $130,000 consideration to Plaintiff out of his own pocket, and (2) that there was no reason to question that Mr. Cohen was being investigated for crimes, including possible campaign finance violations, he may have committed arising out of his legal work for Mr. Trump in connection with the Agreement and $130,000 payment. These assumptions, which along with the notion that Mr. Cohen's deposition testimony would have to be compelled, formed the foundation of the Court's ruling that a stay is necessary because Defendants would be powerless to defend the action without testimony from Mr. Cohen.

In her motion, Plaintiff proffers new facts and evidence that fundamentally undercut the very basis of the Court's ruling. This evidence consists of factual revelations directly from Defendant Trump and his attorney Rudy Giuliani's own recorded words. Rather than confronting these new facts and their ramifications on the stay order under the rationale articulated by the Court, Defendants instead hope to distract the Court from the merits with their continued obsession with launching extraneous attacks on Plaintiff's counsel.[1] The Court should grant Plaintiff's motion for reconsideration, in part.

## II. THE FACT THAT MR. COHEN'S DEPOSITION WILL NOT BE COMPELLED DURING THE REMAINDER OF THE 90 DAY STAY REMOVES ANY JUSTIFICATION TO STAY THE REST OF THE CASE

Defendants' opposition suffers from a glaring omission that is fatal to their position. Defendants fail to address the impact on the Court's order of the fact that Mr. Cohen's deposition will not be compelled during the remainder of the 90 day stay period ordered by the Court. Defendants fail to do so because they would have to concede that this changed circumstance removes any conceivable justification for a blanket stay.

---

[1] The Court has already found Plaintiff's counsel's advocacy for his client on television to be irrelevant to the issues at hand. Plaintiff, therefore, does not intend to waste the Court's time (particularly with the limitations on space in this brief) by addressing matters that have nothing to do with the merits of this Motion and are designed to impugn.

As argued in the motion, the Court's decision to stay the case was influenced in substantial part by Mr. Cohen having to sit for a deposition. The Court found compelling him to do so "bears heavily" on his Fifth Amendment rights and would cause him "undue prejudice." [Dkt No. 53 at 7-8.] In fact, the perceived issues associated with Mr. Cohen being deposed permeates the Court's order, as it was found to be material to the Court's analysis of the first, second, and third Keating factors, along with the Fifth Amendment analysis. [Dkt No. 53 at 4-8.] However, these concerns no longer apply. Defendants fail to explain why concerns about Mr. Cohen's Fifth Amendment rights remain front and center when he will not be called upon to testify in the short term.

Estate of Limon v. City of Oxnard, No. CV 13-01961 SS, 2013 WL 12131359 (C.D. Cal. Dec. 10, 2013), is instructive. There, the Court refused to grant a blanket stay and instead ordered a stay only of the depositions of individual officers accused of shooting a victim in a wrongful death case because "Defendants have not explained why a complete stay is the only feasible way to protect the individual officers' constitutional rights." Id. at *5. This case is similar. Discovery from Mr. Cohen may be postponed until additional information from the criminal investigation is made public. That does not, however, require staying the remainder of the lawsuit. This time can be used to conduct document and deposition discovery from Mr. Trump, document and deposition discovery through subpoenas from a myriad of third-parties, allow the Court to rule on Plaintiff's motion to expedite discovery, and conduct case management activities such as issuing a scheduling order with discovery deadlines and setting the matter for an FAA jury trial. *None of these activities risks compromising Mr. Cohen's Fifth Amendment rights.*

### III. THE NEW FACTS ARE RELEVANT

#### A. Trump and Giuliani's Statements Are Assertions of Fact, Not Opinion.

Defendants first contend that Mr. Trump's statements about the FBI's investigation of Mr. Cohen should be shrugged off as mere "opinions." But the statements speak for themselves. Regarding the scope of the investigation, Mr. Trump stated: "they're looking [in]to something having to do with his business. I have nothing to do with his business."

[See Avenatti Decl., Ex. 1 at 14:43.] On why Mr. Cohen is pleading the Fifth, Mr. Trump replied: "Because he's got other things. He's got businesses. And from what I understand, they're looking at his businesses." [Avenatti Decl., Ex. 1 at 15:40.] These are assertions of **fact**. And they are being made by a sitting President of the United States— the same President who oversees the Justice Department that is investigating Mr. Cohen and who regularly communicates with Mr. Cohen. Whether Mr. Trump is misrepresenting the facts is a separate issue. But Defendants should not be permitted to weaponize Mr. Trump's well known reputation for routinely misrepresenting the facts to their advantage in a court of law by characterizing his factual assertions as "opinions."

Similarly, Mr. Giuliani makes fact assertions. Indeed, that is exactly what Mr. Giuliani told Mr. Hannity: "I'm going to give you a **fact** now that you don't know." [Avenatti Decl., Ex. 2 at 40:06.] This includes, by way of example, the fact that the $130,000 was "not campaign money," that it was "funneled through a law firm, and the President repaid it," and that Mr. Trump "*did* know about the general arrangement, that Michael would take care of things like this." [Avenatti Decl., Ex. 2 at 40:30.]

### B.  Trump and Giuliani's Statements About the Payment Are Relevant.

Defendants' argument that Mr. Trump's knowledge about the $130,000 payment and reimbursement of Mr. Cohen is irrelevant defies logic. Simply stated, Mr. Trump's knowledge of the payment demonstrates he knew about the underlying Agreement at issue. There is no other way to interpret Mr. Trump's admissions. *To suggest otherwise would be to accept the absurd notion that Mr. Cohen, an attorney, acted on his own without informing his client by negotiating the Agreement and personally paying $130,000 out of his own pocket to Plaintiff and then never told his client why he was requiring a $130,000 reimbursement*. Defendants ask the Court to accept this story at face value, but have not supplied the Court with any evidence to support this version of events. There is no declaration from Mr. Trump. None of Mr. Cohen's previously filed declarations make this claim. In fact, not a single piece of evidence has been put before the Court to even establish that Mr. Cohen is the "mastermind" and "most knowledgeable witness." Instead,

Defendants rely exclusively on the arguments of their attorneys. But the "[a]rguments and statements by lawyers are not evidence." 9th Cir. Model Civ. Jury Instr. 1.10 (2017). This Court must rely on evidence, not speculation and conjecture.

In sum, the new revelations coming directly from Mr. Trump and Mr. Giuliani demonstrate Mr. Trump had knowledge of the payment and creates a very strong inference he also knew about the Agreement. The new evidence is therefore relevant. Defendants are not powerless to mount a defense without Mr. Cohen.[2]

## IV.   THE NEW FACTS ALTER THE COURT'S *KEATING* ANALYSIS

### A.   Trump's Tweet Calling Plaintiff "False and Extortionist" is Prejudicial.

In a tweet to his **51 million** followers, Mr. Trump threatened Plaintiff with damages and called her "**false and extortionist**." [Avenatti Decl., Ex. 3.] Defendants trivialize Mr. Trump's bullying, claiming Plaintiff has not been deterred from appearing on television. But Defendants continue to mischaracterize the purpose of this lawsuit as merely about being able to speak freely. This description is inaccurate and incomplete. Rather, this suit is about being able to speak freely *without being held liable for money damages*. Staying the litigation therefore is unmistakably prejudicial to Plaintiff because it delays final judgment declaring the Agreement null and void. The law's recognition of this interest is undisputed. See, e.g., ESG Capital Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) ("Courts have recognized that a civil plaintiff has an interest in having her case resolved quickly."). Unless Defendants withdraw their claim for money damages, Plaintiff will continue to be prejudiced by delayed resolution of this case.

### B.   The Prejudice to Defendants Is Minimal.

Defendants next argue that they will be prejudiced by Mr. Cohen's unavailability to testify because they wish to file a declaration of Mr. Cohen in connection with their reply in support of their motion to compel arbitration. *But Defendants have no reasonable expectation of being able to file new evidence on reply because this Court prohibits such a*

---

[2] Further, as shown in the concurrently filed response to Defendants' evidentiary objections, the statements are not inadmissible hearsay.

*practice*. Standing Order, ¶23(d) ("Reply papers are limited to argument and authorities responsive to the opposition papers. The Court will not address new matter that was improperly introduced."); see also Courthouse News Serv. v. Planet, No. CV1108083SJOFFMX, 2016 WL 9711185, at *3 (C.D. Cal. Nov. 16, 2016) (Otero, J.) ("[P]arties may not submit new evidence in their reply papers, as such a tactic fails to provide the opposing party with a fair opportunity to respond."). Further, Defendants, who have been in possession of Plaintiff's evidence supporting her opposition to Defendants' motion to compel arbitration for weeks, fail to specify what aspects of those declarations merit a response that only Mr. Cohen is capable of rebutting.

### C.  Defendants Ignore Plaintiff's Judicial Efficiency Argument.

Defendants continue to ignore the Court's rationale that compelling Mr. Cohen's deposition would lead to inefficiencies. [Dkt No. 53 at 8.] As Plaintiff demonstrated, these concerns no longer apply because Plaintiff will not be seeking a deposition of Mr. Cohen in the coming weeks. Defendants provided no response to this argument.

Defendants instead contend that lifting the stay would risk the merits of the claims and defenses being "tried" without testimony from Mr. Cohen. Defendants misconstrue Plaintiff's position. Although Plaintiff has previously argued that the FAA jury trial may occur with Mr. Cohen taking the stand and pleading the Fifth Amendment (for which Plaintiff would be entitled to an adverse inference), Plaintiff has made clear that for purposes of the present motion, the Court need not decide at this time whether the trial should actually proceed without Mr. Cohen's testimony. However, the parties should not be delayed in their ability to conduct all other discovery and litigate the remainder of the case right up to the point at which the parties are prepared to try the arbitrability dispute.

### V.  CONCLUSION

For the reasons stated above and in their moving papers, Plaintiff respectfully requests the Court to modify its April 27, 2018 order by imposing a partial stay.

Dated: June 7, 2018                    AVENATTI & ASSOCIATES, APC
                                       By:      /s/ Michael J. Avenatti
                                           Michael J. Avenatti