UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 18-02217 SJO (FFM)     DATE: June 15, 2018

TITLE: Stephanie Clifford v. Donald J. Trump et al.

========================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| Victor Paul Cruz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFFS:**    **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present      Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER SETTING BRIEFING SCHEDULE ON DEFENDANT MICHAEL COHEN'S *EX PARTE* APPLICATION FOR RESTRAINING ORDER** [Docket No. 60]

This matter is before the Court on Defendant Michael Cohen's ("Mr. Cohen" or "Defendant") *Ex Parte* Application for Restraining Order ("Application"), filed June 14, 2018. Defendant has not demonstrated in the Application that immediate, irreparable injury would occur in the absence of emergency *ex parte* relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures").[1] Accordingly, the Court sets the following briefing schedule: opposition due June 25, 2018, reply due July 2, 2018.

IT IS SO ORDERED.

---

[1] The parties are reminded that the initial standing order of this Court clearly states that "[e]x parte applications are solely for extraordinary relief and are discouraged." (Initial Standing Order ¶ 30, ECF No. 11.) This is because:

> Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification. Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

*In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal 1989). Any *ex parte* application must clearly demonstrate why and how emergency relief is warranted.