UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 18-02217 SJO (FFM) | **DATE:** June 19, 2018 |
| **TITLE:** Stephanie Clifford v. Donald J. Trump et al. | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                 Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** [Docket No. 56]

This matter is before the Court on Plaintiff Stephanie Clifford's ("Ms. Clifford" or "Plaintiff") Motion for Reconsideration in Part of Order Imposing Stay ("Motion"), filed May 24, 2018. Defendants Essential Consultants, LLC ("EC"), Michael Cohen ("Mr. Cohen"), and Donald J. Trump ("Mr. Trump") (together, "Defendants") opposed the Motion ("Opposition") on June 1, 2018. Plaintiff replied ("Reply") on June 7, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 21, 2018. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff moves the Court to reconsider a previous order (hereinafter, the "Order") imposing a stay of the action for ninety days. (*See generally* Mot., ECF No. 56; Order, ECF No. 53.) Defendants requested this stay on the grounds that the proceedings would severely prejudice Mr. Cohen's Fifth Amendment rights in light of an ongoing criminal investigation into Mr. Cohen and EC, an entity on behalf of which Mr. Cohen negotiated an allegedly invalid non-disclosure agreement with Ms. Clifford (the "Agreement") and arranged an allegedly illegal payment of $130,000 to Ms. Clifford.[1] (*See generally* Order; FAC, ECF No. 14.) After careful consideration, the Court concluded that the gravity of the criminal investigation and the various competing interests in this action counseled in favor of a temporary stay. (Order 9.) The Court premised its holding on:

> (1) the lack of significant prejudice to Plaintiff; (2) the evidentiary disputes likely to arise if the stay is not granted; (3) the potential resolution of several key issues in

---

[1] The Agreement, which also names Mr. Trump as a party, restricts Plaintiff from discussing certain confidential information, which she contends is related to a former intimate relationship with Mr. Trump. (*See* Order 1.) The Court has yet to address the legality of the Agreement and payment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority   \_\_\_\_\_
Send       \_\_\_\_\_
Enter      \_\_\_\_\_
Closed     \_\_\_\_\_
JS-5/JS-6  \_\_\_\_\_
Scan Only  \_\_\_\_\_

CASE NO.: <u>CV 18-02217 SJO (FFM)</u>          DATE: <u>June 19, 2018</u>

the context of the criminal investigation; (4) the potentially significant impact of this proceeding on the integrity of the criminal investigation; and (5) Mr. Cohen's significant interest in the preservation of his Fifth Amendment privilege.

(Order 9.) The Court issued the Order on April 27, 2018, and set a status conference for July 27, 2018. (Order 9.)

Despite the imposition of the stay, the media attention on this action– and the parties' willingness to publicly discuss its merits– has not waned. Mr. Avenatti,[2] Ms. Clifford, Mr. Trump, and at least one ostensible member of Mr. Trump's legal team have made regular public comments related to Plaintiff's claims.[3] (*See* Decl. Michael J. Avenatti in Supp. Mot. ("Avenatti Decl.") ¶¶ 2-6, Exs. 1-5, ECF No. 56-2; Decl. Brent H. Blakely in Supp. Opp'n ("Blakely Decl.") ¶¶ 2-3, Ex. A, ECF No. 57-4.)

II.   <u>DISCUSSION</u>

In her Motion, Plaintiff argues that new facts and evidence exist which demonstrate that less drastic measures than a complete stay of proceedings are available that would adequately protect Mr. Cohen's Fifth Amendment rights. (Mot. 1.) In particular, Plaintiff argues that Mr. Trump and Mr. Giuliani's statements demonstrate that Defendants are fully equipped to defend Plaintiff's claims without Mr. Cohen's testimony, and that the action should proceed without discovery from Mr. Cohen. (Mot. 1.) Plaintiff thus requests that the Court reconsider its Order and permit the action to move forward despite the stay of discovery from Mr. Cohen. (Mot. 1.)

   A.   <u>Legal Standards</u>

Under Federal Rule of Civil Procedure 59(e), a party may move the court to reconsider and amend a previous order. Fed. R. Civ. Proc. 59(e). The rule offers an "extraordinary remedy, to be used

---

[2]  Plaintiff's counsel.

[3]  Defendants object to the evidence offered by Plaintiff regarding the public statements of Mr. Trump and attorney Rudy Giuliani ("Mr. Giuliani"), arguing that this evidence is inadmissible hearsay. (*See* Evidentiary Objections, ECF No. 58.) While the Court notes that relevant statements by Mr. Trump or an authorized agent are generally admissible as statements offered against a party opponent, *see* Fed. R. Evid. 801(d)(2), the Court considers the proffered evidence only to the extent that it shows that the statements were made, and not as to the truth of those statements. *See* Fed. R. Evid. 801(c)(2) (hearsay evidence is an out-of-court statement used "to prove the truth of the matter asserted in the statement"). Because the Court is not considering the truth of the statements, Defendants' hearsay objections are **OVERRULED**. The Court makes no finding as to whether Mr. Giuliani is an authorized agent of Mr. Trump for the purpose of the hearsay exclusion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  <u>CV 18-02217 SJO (FFM)</u>         DATE:  <u>June 19, 2018</u>

sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  A party may not use a motion for reconsideration to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Id.*

      B.    <u>Analysis</u>

Plaintiff first argues that statements made by Mr. Trump and Mr. Giuliani regarding the scope of the FBI investigation "cast doubt" onto whether Mr. Cohen's Fifth Amendment rights are truly implicated in this action. (Mot. 9.) According to Plaintiff, statements by Mr. Trump and Mr. Giuliani that the investigation relates only to Mr. Cohen's business dealings[4] and that no wrongdoing has occurred[5] demonstrate that: (1) the scope of the investigation is unrelated to this lawsuit; and (2) Mr. Cohen has no valid reason to believe his testimony would be self-incriminating. (Mot. 10-11.) Plaintiff argues that this evidence demonstrates that Mr. Cohen's invocation of the privilege was simply an opportunistic attempt to delay resolution of the civil proceedings.  (Mot. 11.)

As an initial matter, Mr. Trump or Mr. Giuliani's belief in Mr. Cohen's innocence has absolutely **no bearing** on Mr. Cohen's Fifth Amendment privilege.  As the holder of the privilege, it is Mr. Cohen himself who must determine whether there is a reasonable "risk of incrimination" that would justify his silence.  *See Ohio v. Reiner*, 532 U.S. 17, 21 (2001).  Plaintiff has provided no evidence demonstrating that Mr. Cohen's invocation of the privilege was disingenuous or unreasonable, as Mr. Cohen has refrained from making any statements on these topics.

More importantly, even if Mr. Cohen were to assert a belief that no wrongdoing has occurred, this would not divest him of his privilege.  As the Supreme Court has noted, the "privilege against self-incrimination would be reduced to a hollow mockery if its exercise could be taken as equivalent

---

[4] Mr. Trump reportedly stated on Fox News that the investigation "doesn't have to do with me. Michael is a business man. He's got a business. He also practices law. I would say, probably the big thing is his business. And they're looking at something having to do with his business. I have nothing to do with his business."  (Avenatti Decl. Ex. 1 at 10.)

[5] Mr. Trump stated on Fox News that "from what I see [Mr. Cohen] did absolutely nothing wrong. There were no campaign funds going into this which would have been a problem." (Avenatti Decl. Ex. 1 at 10-11.)  Mr. Giuliani also stated in an interview that the payment "is going to turn out to be perfectly legal. That money was not campaign money." (Avenatti Decl. Ex. 2 at 30.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>CV 18-02217 SJO (FFM)</u>     DATE: <u>June 19, 2018</u>

either to a confession of guilt or a conclusive presumption of perjury." *Slochower v. Bd. of Higher Ed. of City of New York*, 350 U.S. 551, 557 (1956). A witness "may have a reasonable fear of prosecution and yet be innocent of any wrongdoing." *Id.* Plaintiff's suggestion that a belief in wrongdoing is somehow required to assert the privilege is entirely baseless.

Plaintiff's evidence regarding the scope of the investigation is likewise deficient. First, even were the Court to consider the substance of Mr. Trump's statements, they do little if anything to clarify what, precisely, is being investigated. Mr. Trump asserts that "probably the big thing is his business" and "they're looking at something having to do with business." (Avenatti Decl. Ex. 1.) Mr. Cohen's "business" may well involve the $130,000 payment at issue in this action. Second, qualified statements made by Mr. Trump during a news broadcast do not outweigh the more substantial evidence from Mr. Cohen and government officials directly involved in the investigation. The Court previously found that even though "the exact scope and breadth of the criminal investigation remains unclear, both the government and Mr. Cohen have indicated that the subject matter of the criminal investigation, and the documents seized, in some part reference the $130,000 payment made to Ms. Clifford pursuant to the Agreement." (Order 4.) Mr. Trump's statements do not to alter this finding.

Plaintiff next argues that a complete stay is not necessary because she is willing to concede to a limited stay on discovery of Mr. Cohen that would fully protect his Fifth Amendment privilege. (Mot. 12.) Plaintiff does not adequately explain why this argument or concession could not have been put forth earlier in the litigation, asserting only that "we now know that Mr. Trump is also capable of testifying authoritatively and with personal knowledge about the Settlement Agreement and payment." (Mot. 12.) While this attempt to defeat the requirements for reconsideration is creative, Mr. Trump's knowledge of the payment and agreement has always been at issue in this action, and his ability to testify on these topics was not an element of the Court's decision. Furthermore, the new evidence does not contradict the Court's prior finding that Mr. Cohen is "the alleged mastermind behind the Agreement with the most direct knowledge of the facts and circumstances surrounding its formation" as it does not demonstrate that Mr. Trump was in any way involved with the negotiation or drafting of the Agreement or the initial payment to Ms. Clifford. (*See* Order 7.)

Beyond Plaintiff's willingness to agree to a limited stay, the only new evidence presented concerns public statements made by Mr. Trump that the Agreement "is in full force and effect and will be used in Arbitration for damages against Ms. Clifford" and was implemented "to stop the false and extortionist accusations made by her about an affair[.]" (Avenatti Decl. Ex. 3.) However, these statements are not markedly different from the previous claims of falsity or damage that the Court considered in its ruling. The Court held that while it "is undeniable that Plaintiff has a valid interest in the prompt resolution of her claims," Plaintiff "has not established that she has actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 18-02217 SJO (FFM)          DATE: June 19, 2018

been deterred from speaking, or that a delay in proceedings would cause undue prejudice."[6] (Order 7.) This evidence does not substantially change this analysis, and the Court declines to reconsider its decision based on this evidence alone.

In closing, the Court again counsels against the unjustified use of "extraordinary" procedural mechanisms to advance the case. Absent a compelling showing of good cause, the Court will not permit the parties to displace other litigants or violate the Court's rules. While the Court is cognizant of the amount of media attention in this case, this alone is insufficient to create the exigency required for extraordinary relief. If anything, the heightened scrutiny on this action requires that the Court ensure that the rules are scrupulously followed and that justice is administered properly and with due regard to the rights of all parties involved.

III.     RULING

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

---

[6] In fact, the evidence shows that Ms. Clifford made her now famous appearance on "Saturday Night Live" following the above referenced tweet by Mr. Trump on May 3, 2018. (Blakely Decl. ¶ 2.)