BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
Facsimile:   (310) 546-7401
Email:        BBlakely@BlakelyLawGroup.com

Attorneys for Defendants
ESSENTIAL CONSULTANTS LLC, and MICHAEL COHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**REPLY BRIEF RE *EX PARTE* APPLICATION OF DEFENDANT MICHAEL COHEN FOR A RESTRAINING ORDER AGAINST PLAINTIFF'S COUNSEL, MICHAEL AVENATTI**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>Action Filed:  March 6, 2018<br><br>Hearing<br>Date:     July 27, 2018<br>Time:    9:00 a.m.<br>Ctrm:    10C |

This case calls upon the Court to balance the right of free speech against the need to control statements by attorneys that threaten the fairness, and indeed the integrity, of the judicial process.  Plaintiff argues that lawyers involved in pending cases should be treated the same as the press and that lawyers' statements about such cases should be subject to virtually no regulation whatsoever. This suggestion contradicts decades of judicial decisions and disciplinary standards, which recognize the importance of controlling lawyers' comments about pending cases.

Avenatti has and continues to engage in a willful, open, and consistent strategy to litigate in the court of public opinion, appearing on television over 170 times and issuing over 500 tweets, during which he routinely accuses Cohen of various criminal acts, being a moron, etc., and comments on anticipated evidence.  Not only should Avenatti have reasonably known that his unprecedented level of self-promotion at the expense of Cohen would cause prejudice in this and other proceedings, it is reasonable to conclude that his comments were specifically calculated to accomplish this goal.

Like a small-town carnival magician who attempts to confuse the audience with smoke and mirrors, Avenatti attempts to somehow justify his conduct by pulling the First Amendment out of his tiny bag of tricks while at the same time pointing his finger at others.  However, Cohen's Application is not being decided by Avenatti's twitter followers, but rather by this Court.  Rules 5-100 and 5-120 (every state has adopted similar restrictions, see Blakely Dec. Ex A) are clear and Avenatti's repeated violations thereof obvious.   As Judge Wood already concluded in the New York matter, Avenatti should be restrained from any further communication with the press regarding this case so long as he is an attorney of record therein.  (Dkt. #60-2)

### A.    Plaintiff Misstates the Appropriate Standard

A fundamental flaw in Plaintiff's Opposition is the misconception that attorneys engaged in a litigation have the same First Amendment Rights as everyone else – they do not.  Lawyers are "officers of the court." As such they are critical to the proper functioning of our judicial system and must be held to exacting ethical

standards. Because lawyers participating in a case have special access to information through discovery and client communications, their extrajudicial statements pose a grave risk because such statements are likely to be viewed as especially authoritative and thus highly influential.  See *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1069-1075 (1991) Thus, in *Gentile* the High Court definitively rejected the "clear and present danger of actual prejudice or an imminent threat" standard applicable to the press and instead held that a court may permit restraints on extrajudicial statements by counsel of record that are reasonably likely to prejudice a fair trial.  *Id.*

Plaintiff cites to *Doe v. City of San Diego*, 2014 WL 11997808 (S.D. Cal. 2014), which relied upon *Levine v. U.S. Dist Ct*, 764 F.2d 590 (9th Cir. 1985), for the proposition that "a clear and present danger or a serious and imminent threat" must exist in order for the speech to be restrained.  This is not the appropriate standard. After *Gentile*, the Ninth Circuit uses a less stringent test for a prior restraint if the prior restraint is being challenged by participants in the case – which likely explains why Plaintiff avoids *Gentile* and instead relies on cases considering a prior restraint on the press, as opposed to counsel of record.  (e.g., *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976)) Now, prior restraints on attorney participants must pass the "substantial likelihood of material prejudice" standard, rather than the stricter "clear and present danger" standard.  *United States v. Wunsch*, 84 F.3d 1110, 1117 (9th Cir. 1996); *Standing Comm. on Discipline of the United States District Court for the C.D. of Cal. v. Yagman*, 55 F.3d 1430, 1442 (9th Cir. 1994); *Zal v. Steppe*, 968 F.2d 924, 928 (9th Cir. 1992); *Berndt v. Cal. Dep't of Corr.*, 2004 U.S. Dist. LEXIS 15896 (N.D. Cal. 2004); *Caso v. Hartford* 2007 U.S. Dist. LEXIS 91248 (E.D. Cal. 2007).[1]

### B.     Rule 5-120 Governs Attorneys Involved in a Pending Litigation

---

[1] Even *Levine,* which was decided before the standard in *Gentile* was established, recognized that "a lower standard applies to prior restraints of attorneys participating in a case, who are officers of the court subject to fiduciary and ethical obligations…" *Dan Farr v. U.S. Dist. Court* 874 F.3d 590, 593, fn. 3. (9th Cir. 2017).

Avenatti attempts to deflect attention away from his own dubious conduct by pointing his finger at Cohen, President Trump, and Rudolph Giuliani. At the outset, an important distinction is that unlike Avenatti, none of Plaintiff's scapegoats is an attorney who has appeared in this case. Consequently, they are not governed by Rule 5-120 and the less stringent substantial likelihood of material prejudice standard.

There is also a massive difference in the matter of degree. Avenatti has made over 170 television interviews and issued 500 tweets in connection with this case. In stark contrast, Plaintiff cites to only one limited comment made by Cohen, three comments and tweets from President Trump, and two comments by Giuliani (by the time President Trump made his first limited comment about this matter on April 5, 2018, Avenatti had already given 37 television interviews and issued 98 tweets regarding this case). Significantly, Plaintiff fails to cite to a single interview given by either Cohen and/or President Trump's respective counsel of record in this matter.

As Joanna Hendon, President Trump's counsel in the New York Proceeding, so aptly stated in connection with Avenatti's doomed *pro hac* application, "when I came into the courthouse this morning, there was a podium in front of the courthouse with eight microphones set up on that podium, and I walked by and nobody looked at me… I don't think that podium is there for Michael Cohen or Steve Ryan or for me." (Dkt. #60-2 pg.35) A similar episode occurred after the April 20, 2018 hearing on Cohen's Motion to Stay. (Blakely Decl. Ex. B) Even the prosecutors currently investigating Cohen have issues with Avenatti. Last week they cancelled a meeting with Clifford because Avenatti leaked it to the press, telling Avenatti "[s]uch leaks are inappropriate in and of themselves, and more importantly, call into question your commitment to maintaining the required confidentiality." (id. at Ex C) In typical form, Avenatti responded by insulting them on twitter. (id at Ex C) Avenatti, and nobody else, is to blame for deliberately creating the kind of "carnival atmosphere" forcefully criticized by the Supreme Court in *Sheppard v. Maxwell*, 384 U.S. 333, (1966)

**C.   A Restraining Order is Not Premature**

Avenatti does not contend or otherwise deny that he has engaged in a deliberate campaign to malign Cohen in the press. Avenatti's smear campaign is aimed at tainting the jury pool and creates a substantial likelihood of material prejudice to Cohen and his right to a fair defense. Plaintiff currently has pending a Motion for Expedited Trial. (Dkt. #29) Thus, if the stay in this case is lifted in July there is the potential of a jury trial within the next few months. Even absent said Motion, a restraining order is not premature. The potential prejudice to Cohen is not some remote and/or abstract threat. As Judge Wood has already observed: "I know a jury, if there is one, is way down the road, and memories certainly may fade, but this conduct is inimicable to giving Mr. Cohen eventually a fair trial." (Dkt. #60-2 pg. 29) If there existed only a handful of infractions this would be a far different matter. However, given the sheer magnitude of Mr. Avenatti's violations of Rule 5-120, a restraining order is necessary to not only ensure that Mr. Cohen eventually receives a fair trial, but to preserve the integrity of the judicial system.

### D.  Less Restrictive Means Are Not Available

As the Supreme Court noted in *Gentile*, even "extensive *voir dire* may not be able to filter out all of the effects of pretrial publicity." *Gentile* at 1075. Similarly, the Ninth Circuit has observed, "[i]t is not in the parties' interest or in the interest of justice to exclude from the jury all citizens" who have read or heard about the case or remove those potential jurors who "keep abreast of current events…. *voir dire* cannot alleviate the harm to the integrity of the judicial process caused by the extrajudicial statements of trial participants." *Levine* at 600; see also *U.S. v. Brown*, 218 F. 3d 415, 431 (5th Cir. 2000)("'emphatic' jury instructions may be at best an imperfect filter, and would also fail to address the threat of a 'carnival atmosphere' [as in *Sheppard*] around the trial."); *U.S. v. Bulger*, 2013 U.S. Dist. LEXIS 91953, *15 (D.C. Mass. 2013)

### E.  The Proposed Restraining Order is Not Overbroad

The proposed Order sets forth elements identical to those already approved by the Ninth Circuit in *Levine* and Plaintiff's reliance on *Doe v. City of San Diego* is

misplaced. In that case, which had not received widespread media attention, many of the statements involved "regurgitations of all-to-familiar facts." In the one instance where counsel attempted to smear the other side in the press, the court warned: "[t]his commentary crosses the line, as extrajudicial comments denouncing the legitimacy of case evidence obviously threatens to undermine a fair trial. If similar commentary persists, the Court will not hesitate to impose sanctions or issue a gag order." Here, the case has been widely covered in the press; Avenatti currently has 597,000 twitter followers and Clifford's interview on *60 Minutes* was seen by 22 million viewers. (Blakely Dec. Exs D-H) Rather than being a mitigating factor, the enormous amount of publicity surrounding this case heightens the need for a restraining order.[2]

"Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right." *Gentile* at 1030. Avenatti has repeatedly crossed-the-line, routinely accusing Cohen of criminal acts, and has even taken it upon himself to obtain, apparently illegally, Cohen's bank records and then disclosed them to the world to see. As this Court recently observed, the heightened scrutiny surrounding this case requires that the rules are scrupulously followed to ensure that justice is administered properly. (Dkt. #63) Anything short of a restraining order would not only condone Avenatti's conduct, it would encourage other lawyers to act likewise and attempt to influence potential jurors through the press.

Dated: July 2, 2018 BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*
BRENT H. BLAKELY

---

[2]See *Brown* at 425 ("[u]nrestricted statements by the participants in this trial would only serve to increase the volume of pre-trial publicity"); *U.S. v. Simon*, 664 F. Supp. 780, 792-793 (S.D.N.Y. 1987)(in a highly publicized case the court concluded that unrestricted statements by counsel would only add fuel to the fire)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*REPLY RE EX PARTE* APPLICATION