1 | AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, State Bar No. 206929
2 | Ahmed Ibrahim, State Bar No. 238739
520 Newport Center Drive, Suite 1400
3 | Newport Beach, CA 92660
Telephone:  949.706.7000
4 | Facsimile:  949.706.7050

5 | Attorneys for Plaintiff Stephanie Clifford
a.k.a. Stormy Daniels a.k.a. Peggy Peterson
6 |

7 | BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
8 | 1334 Park View Avenue, Suite 280
Manhattan Beach, California 90266
9 | Telephone:   (310) 546-7400
Facsimile:   (310) 546-7401

10 | Attorneys for Defendants
ESSENTIAL CONSULTANTS, LLC and
11 | MICHAEL COHEN

12 | HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
13 | RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
14 | Beverly Hills, California 90212
Telephone:   (310) 546-7400
15 | Facsimile:   (310) 546-7401

16 | Attorneys for Defendant
DONALD J. TRUMP
17 |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual, | Case No. 2:18-CV-02217 |
|---|---|
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | <u>Scheduling Conference</u><br>Date:  September 10, 2018<br>Time: 9:00 a.m. |
| DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive, | Assigned to the Hon. S. James Otero<br>Action Filed:  March 6, 2018 |
| Defendants. | |

1  Plaintiff Stephanie Clifford ("Plaintiff") and Defendants Donald J. Trump
2  ("Mr. Trump"), Essential Consultants, LLC ("EC"), and Michael Cohen ("Mr.
3  Cohen") (collectively, "Defendants") (together with Plaintiff, the "Parties") hereby
4  submit the following Joint Rule 26(f) Report.

5

6  **I.    STATEMENT OF THE CASE**

7      **A.    Plaintiff's Statement**

8      This case centers primarily on a settlement and non-disclosure agreement
9  which violated federal campaign finance laws through the payment of hush money to
10 Plaintiff to cover up an extramarital affair and conceal its existence from the
11 American people in order to influence the 2016 election for President of the United
12 States.  Plaintiff seeks a declaratory judgment confirming that the agreement, along
13 with the arbitration clause contained therein, had no lawful object or purpose (Cal.
14 Civ. Code § 1550), violates public policy, and indeed was never even formed
15 between Plaintiff and Mr. Trump.  Plaintiff also seeks attorneys' fees incurred in
16 connection with prosecuting her declaratory judgment action pursuant to paragraph
17 8.2 of the agreement.  In addition, Plaintiff asserts a claim for defamation against Mr.
18 Cohen.

19     The agreement at issue is entitled "Confidential Settlement Agreement and
20 Mutual Release; Assignment of Copyright and Non-Disparagment [sic] Agreement"
21 (hereafter, the "Settlement Agreement" or "Agreement").  As to the first cause of
22 action, and as detailed in her First Amended Complaint, Plaintiff contends that (1) the
23 Settlement Agreement was never formed, and (2) there was no lawful object or
24 purpose for the Settlement Agreement as a whole, or the confidential arbitration
25 clause in particular.  As to the latter basis for invalidating the Agreement, Plaintiff
26 asserts, among other things, that the Agreement violated federal campaign finance
27 laws.  Consequently, Plaintiff contends she is not bound by any of the terms and
28 conditions of the Settlement Agreement.  This includes the provision of the

1    Agreement providing for arbitration.

2         The second cause of action for defamation set forth in the Amended Complaint
3    is asserted against Mr. Cohen.  Mr. Cohen defamed Plaintiff when he made a
4    statement on February 13, 2018 insinuating Plaintiff was lying regarding whether she
5    had an affair with Mr. Trump.  Accordingly, Plaintiff seeks damages against Mr.
6    Cohen.

7         This action is presently stayed based on Mr. Cohen's assertion that proceeding
8    with discovery and a resolution on the merits would force him to invoke his Fifth
9    Amendment right to avoid self-incrimination.  Prior to the imposition of the stay,
10   EC's Motion to Compel Arbitration, Plaintiff's Motion for Expedited Discovery and
11   Federal Arbitration Act (FAA) Jury Trial, and Mr. Cohen's Special Motion to Strike
12   under the California Anti-SLAPP Statute were pending before the Court.  As
13   discussed herein, Plaintiff's position is that that stay should now be lifted because
14   Mr. Cohen pled guilty to eight criminal counts, including one criminal count wherein
15   Mr. Cohen admitted committing a campaign finance violation relating to the
16   $130,000 payment to Plaintiff in which he also implicated Mr. Trump as a co-
17   conspirator.

18        The lifting of the stay should not be delayed until Mr. Cohen's sentencing in
19   December.  Plaintiff will wait to depose Mr. Cohen until after his sentencing.
20   Nothing should prevent the Parties from engaging in all other litigation activities to
21   move this case along, including the deposition of Mr. Trump (who does not assert
22   Fifth Amendment rights and indeed insists he committed no crime), the exchange of
23   relevant documents, and the scheduling of case deadlines and a jury trial on
24   arbitrability.  Defendants are again reminded that a stay in a civil case is not a
25   constitutional right, and the mere fact that a defendant in a civil case is *in possession*
26   of Fifth Amendment rights does not grant him or her the privilege of an *automatic*
27   *stay.*  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) ("The
28   Constitution does not ordinarily require a stay of civil proceedings pending the

outcome of criminal proceedings."); see also id. at 326 ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.").  Here, Mr. Cohen has already testified under oath in federal court before the Southern District of New York in which he admitted to his crimes, including the campaign finance crime that intersects with the facts of this case.  He will not be asked to testify again until after his sentencing.  There is thus no prejudice to Defendants, or any other substantive basis, to continue the stay.  The Court should thus permit expedited discovery, conduct an expedited trial under section 4 of the FAA to decide arbitrability, and proceed to a judgment on the merits.

**B.     Defendants' Statement**

Defendants dispute Plaintiff's characterization of this action and her allegations.

Plaintiff's First Amended Complaint asserts two causes of action: (1) a claim for declaratory relief to invalidate a signed written agreement entitled "Confidential Agreement and Mutual Release; Assignment of Copyright and Non-Disparagement Agreement" (the "Settlement Agreement"), dated October 28, 2016, by and between EC and Plaintiff, and for which Plaintiff was paid $130,000.00 pursuant to its terms; and (2) a claim for defamation against Mr. Cohen, arising out of alleged statements by Mr. Cohen relating to Plaintiff's "claims about her relationship with Mr. Trump."

As detailed more fully in EC's currently-pending Motion to Compel Arbitration (the "Arbitration Motion"), in which Mr. Trump has joined, the Settlement Agreement constitutes a valid agreement to arbitrate.  [Dkt. No. 20, Arbitration Motion; Dkt. No. 21, Joinder.]  By Plaintiff's own admission, she signed the Settlement Agreement, accepted the consideration required of EC thereunder, and did not raise any objection to its enforceability until approximately sixteen months thereafter.

As detailed more fully in Mr. Cohen's pending Anti-SLAPP Motion (the "Anti-SLAPP Motion"), Plaintiff's claim for defamation against Mr. Cohen is

without merit and should be dismissed because, among other things, the alleged statements are not defamatory as a matter of law, and the claim arises out of actions that were taken in furtherance of Mr. Cohen's First Amendment rights and relates to matters of public interest.  [Dkt No. 31, Anti-SLAPP Motion.]

With regard to Rule 26, it is premature to set a schedule in this case for the following reasons:

First, as set forth in detail in Section 1.C. immediately below, the stay of this action should remain in place until Mr. Cohen has been sentenced in the Southern District of New York criminal case against him (18-cr-00602-WHP) (the "SDNY Case").

Second, there are currently three pending motions before the Court: the Arbitration Motion [Dkt. No. 20], Plaintiff's Motion for Expedited Jury Trial [Dkt. No. 29], and the Anti-SLAPP Motion [Dkt. No. 31] (collectively, the "Pending Motions"), that will determine key threshold issues in this action, including whether Plaintiff's claims are to be resolved in arbitration rather than in this Court.

### C.    Mr. Cohen's Statement Regarding the Stay

Mr. Cohen's recent plea in the SDNY Case did not constitute a waiver of his Fifth Amendment privilege.  *See Mitchell v. United States,* 526 U.S. 314, 325 (1999) ("We reject the position that either petitioner's guilty plea or her statements at the plea colloquy functioned as a waiver of her right to remain silent at sentencing…Where a sentence has yet to be imposed,…this Court has already rejected the proposition that incrimination is complete once guilt has been adjudicated[.]") (internal quotations omitted).   Moreover, Mr. Cohen's Fifth Amendment rights will be adversely impacted if the stay is lifted prior to his sentencing.  "Where the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony."  *Id.*, at 326.  "To maintain that sentencing proceedings are not part of 'any criminal case' is contrary to the law and to common sense."  *Id.*, at 327.  Therefore, the Court should extend the

stay until Mr. Cohen has been sentenced in the SDNY Case.  His sentencing is currently scheduled for December 12, 2018.  [*See* Docket for SDNY Case.]

There can be no dispute that there is a substantial overlap between this case and the SDNY Case, and that both cases are directly related.  Indeed, Count 8 in the indictment against Mr. Cohen, which Mr. Cohen has pled guilty to, involves the $130,000 payment made to Plaintiff that is at issue in this action.  [Dkt. No. 2 in SDNY Case, Information, ¶¶ 34, 43-44.]  This Court previously found that a stay was warranted merely because of the investigation into Mr. Cohen, and now that Mr. Cohen has been indicted and pled to charges directly related to this case, it is clear that the testimony or discovery he may provide in this case may be used against him at sentencing.

Accordingly, it is necessary for the stay to be extended until Mr. Cohen has been sentenced in the SDNY Case to protect his Fifth Amendment rights.  *See Square 1 Bank v. Lo*, 2014 WL 7206874, at *2 (N.D. Cal. Dec. 17, 2014) (granting stay until defendant's sentencing complete because "it is possible that any information that [defendant] produces to fulfill his civil discovery obligations…may be used against him in his criminal case in the context of sentencing" and rejecting plaintiff's argument that defendant's plea waived Fifth Amendment privilege because "[i]t is well established that an individual's Fifth Amendment privilege against self-incrimination does not expire upon entry of a guilty plea or guilty verdict, but rather extends through sentencing."); *EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 2010 WL 11509180, at *1-2 (S.D. Cal. Jan. 19, 2010) (granting stay pending defendant's sentencing and holding defendant's Fifth Amendment rights remain implicated despite guilty plea in criminal case); *City of Los Angeles v. San Pedro Boat Works*, 2004 WL 7325057 at *4 (C.D. Cal. June 23, 2004) (granting stay where individual previously pled guilty in related criminal case and was awaiting sentencing); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 9 (D. Conn. 2002) (granting stay because "[a]llowing the civil case to proceed before the criminal case is

resolved will force the defendants, particularly those who have pleaded guilty to the criminal charges, to make a 'Hobson's Choice.'  If the defendants zealously litigate the civil case and provide discovery, the government may use the information to the defendants' detriment at sentencing."); *Craft v. City of Chicago*, 2006 WL 3359424, at *1 (N.D. Ill. Nov. 16, 2006) (denying plaintiff's motion to lift stay as to defendants that pled guilty in related criminal case because "permitting discovery in this civil matter [prior to judgment and sentencing] would improperly compromise [defendants' Fifth Amendment] right."); *Taj Constr., Inc. v. Architectural Prod. Co.*, 2008 WL 11334037, at *2 (W.D. Tex. Nov. 21, 2008) (granting stay where defendant pled guilty in related criminal case because defendant has yet be to sentenced); *Frierson v. City of Terrell*, 2003 WL 21355969, at *3 (N.D. Tex. June 6, 2003) (granting stay which will remain in effect through sentencing in related criminal case).

This Court has already considered, and rejected, the arguments contained in Sections I.A. and III.A. herein.  As this Court held: "…as the alleged mastermind behind the Agreement and **the person with the most direct knowledge of the facts and circumstances surrounding its formation,** [Mr. Cohen's] testimony would be **indispensable to the disposition of this action**."  [Stay Order, p. 7, ECF No. 53.] (Emphasis added.)  For the reasons stated in this Section I.C., the Stay Order [ECF No. 53], Defendants' Joint *Ex Parte* Application for Stay and supporting papers [ECF Nos. 38, 40, 50], Defendants' Opposition to Plaintiff's Motion for Reconsideration of the Stay Order [ECF No. 57], and the Court's Order denying the Motion for Reconsideration [ECF No. 63], there remains good cause for this matter to be stayed until Mr. Cohen is sentenced.

## II.    SUBJECT MATTER JURISDICTION

This Court has jurisdiction over the action pursuant to the parties' diversity of citizenship and 28 U.S.C. § 1332.

//

## III.  UNUSUAL LEGAL OR PROCEDURAL ISSUES

### A.  Plaintiff's Statement

The case is presently stayed until September 14, 2018.  [Dkt No. 74 at 7.]  As noted above, the following three motions are currently pending before the Court:  (1) EC's Motion to Compel Arbitration, (2) Plaintiff's Motion for Expedited Discovery and Federal Arbitration Act (FAA) Jury Trial, and (3) Mr. Cohen's Special Motion to Strike Under the California Anti-SLAPP Statute.  The factual and legal basis for a stay no longer exist because of Mr. Cohen's guilty plea.  Therefore, as explained below, Plaintiff believes the most streamlined and efficient approach to this case is to lift the stay, permit Plaintiff to conduct discovery as requested in her motion for the FAA jury trial and arbitration dispute, and to set the FAA trial for **January 22, 2019**. The Court should also set a trial date and associated discovery and pretrial deadlines in the event the Court concludes the dispute should not be sent to arbitration.

As an initial matter, and as noted above, this action is presently stayed.  That stay should now be lifted.  The Parties have recently submitted a Joint Report regarding whether the stay should continue.  [Dkt. No. 67.]  However, Plaintiff contends there is no credible dispute the stay should be lifted in view of the fact that Mr. Cohen has pled guilty to various federal crimes, including campaign finance law violations, which he admitted were committed at the behest of Mr. Trump and likely directly connected to the Settlement Agreement at issue in this action.  [See Ex. A (Plea Agreement) at 1-2; Ex. B (USA v. Cohen, No. 1:18-cr-00602-WHP (S.D.N.Y), Information) at 14-16, 19.]  In light of his guilty plea, Mr. Cohen no longer faces a possibility of criminal prosecution on these matters.  More specifically, in consideration of his guilty plea, Mr. Cohen will not be prosecuted criminally for, among other offenses, "any crimes relating to . . . making an excessive campaign contribution, on or about October 27, 2016, as charged in Count Eight"—referring to the $130,000 payment.  [Ex. A at 2; Ex. B at 19.]  Further, "the Government will move to dismiss any open Count(s) against" Mr. Cohen.  [Id.]

Consequently, Mr. Cohen no longer faces a risk of self-incrimination sufficient to permit him to invoke the Fifth Amendment protections against self-incrimination. See Earp v. Cullen, 623 F.3d 1065, 1070 (9th Cir. 2010) ("A witness justifiably claims the privilege if he is 'confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.'"); In re Grand Jury Proceedings, 13 F.3d 1293, 1295 (9th Cir. 1994) (in order to properly "claim the privilege . . . a defendant must be faced with substantial hazards of self-incrimination that are real and appreciable and not merely imaginary and unsubstantial."); Edwards v. C. I. R., 680 F.2d 1268, 1270 (9th Cir. 1982) ("To invoke the fifth amendment privilege, the taxpayer must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger.").  Indeed, Mr. Cohen's own attorney stated on August 21 that previously, Mr. Cohen "has been unable to speak, because of this cloud after the massive search warrant was executed," but that "now, he is—stepped up to the line and **he can now speak again**."     <http://transcripts.cnn.com/TRANSCRIPTS/1808/21/cnnt.02.html>. Although Plaintiff has of course maintained that the stay should be lifted regardless of any criminal investigation into Mr. Cohen, the guilty plea itself conclusively negates any further need for a stay in this action.  The stay should therefore be immediately lifted.

Defendants contend the stay should remain in place until Mr. Cohen's sentencing, which is scheduled to occur on December 12, 2018.  However, there is no need to keep the stay intact until that date.  As an initial matter, Plaintiff will not depose Mr. Cohen until after his sentencing.  According to Plaintiff's proposed schedule (see section IV below), the discovery cutoff for the FAA jury trial should be set for December 19.  Mr. Cohen's deposition can be set during the week between his sentencing and the proposed cutoff.  Moreover, now that Mr. Cohen has admitted to his crimes under oath before the district judge in the Southern District of New York, there is no substantive justification for putting this case on hold.  A myriad of

litigation activities may occur in this case that would not disturb what remains of Mr. Cohen's Fifth Amendment rights. Plaintiff may depose Mr. Trump. Plaintiff may depose other witnesses. The Parties can engage in document discovery, including discovery from third parties. The Court may resolve all pending motions and schedule important dates, including the date for the FAA section 4 jury trial. The Parties can make all of this progress to bring this matter closer to resolution, and it need not wait Mr. Cohen's sentencing. Indeed, although Defendants equate the mere existence of Fifth Amendment rights with the legal justification for a stay, that is a complete misapprehension of the law in this Circuit. According to the Ninth Circuit, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Keating, 45 F.3d at 326. "Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." Id. But here, as noted, Plaintiff is not even demanding that Mr. Cohen risk giving up any Fifth Amendment rights; Plaintiff will depose him *after* he is sentenced.

Once the stay is lifted, there are three (3) outstanding motions that will have significant impact on how this case proceeds both in the short term and the long term. *First*, Mr. Cohen has filed a Motion to Compel Arbitration. [Dkt. No. 20.] *Second*, Plaintiff has opposed that Motion [Dkt. No. 30] and filed, pursuant to the Federal Arbitration Act section 4, a Motion for Expedited Jury Trial on the issue of whether an agreement to arbitrate any portion of this dispute exists. [Dkt. No. 29.] In connection with the Motion for Expedited Jury Trial, Plaintiff has sought certain targeted discovery, including: (1) a deposition of defendant Donald J. Trump; (2) a deposition of defendant Michael Cohen; and (3) no more than ten (10) targeted requests for production of documents directed to Mr. Trump and Mr. Cohen on various topics relating to the Settlement Agreement. [Id.] *Third*, and finally, Mr.

Cohen has filed a Special Motion to Strike the defamation claim asserted against him. [Dkt. No. 31.]

Briefing on these three motions is not complete and was stayed by the Court as a result of the general stay entered.  Plaintiff requests that the stay be lifted and that the Court enter an order directing a briefing and hearing schedule as follows:

**1.     Plaintiff's Renewed Motion for Expedited Discovery and FAA Jury Trial (Dkt No. 29-1).**

| | |
|---|---|
| Last Day for Defendants to File Opposition to Plaintiff's Motion for Expedited Discovery and FAA Jury Trial | September 17, 2018 |
| Last Day for Plaintiff to File Reply in Support of Motion for Expedited Discovery and FAA Jury Trial | September 21, 2018 |
| Hearing and Trial Setting | September 24, 2018 at 9:00 a.m. |

**2.     EC's Motion to Compel Arbitration (Dkt No. 20-1)**

| | |
|---|---|
| Last Day for EC to File Reply in Support of Motion to Compel Arbitration | September 17, 2018 |
| Hearing | To Be Determined (if necessary) at September 24, 2018 hearing |

**3.     Mr. Cohen's Special Motion to Strike Pursuant to the California Anti-SLAPP Statute (Dkt No. 31)**

| | |
|---|---|
| Last Day for Plaintiff to File Opposition to Mr. Cohen's Special Motion to Strike Pursuant to the California Anti-SLAPP Statute | October 1, 2018 |
| Last Day for Mr. Cohen to File Reply in Support of | October 8, 2018 |

| Special Motion to Strike Pursuant to the California Anti-SLAPP Statute | |
|---|---|
| Hearing | October 15, 2018 |

Plainly, the resolution of these motions will have a significant impact on the schedule in this action and how this action proceeds.  It is Plaintiff's position that a jury trial on the question of the existence of an arbitration agreement is necessary and that the Court should proceed first and foremost with a schedule for the jury trial on arbitrability.  Plaintiff's proposed schedule is set forth below in Section IV. Once that trial is completed, Plaintiff proposes that the Court set a schedule for a trial on the merits of the two causes of action: (1) declaratory relief; and (2) defamation.  In the interim, Plaintiff does not believe it is necessary to set a detailed schedule for the resolution of the action on the merits and that scheduling the jury trial on arbitrability should take priority.  Although Plaintiff believes it to be an unlikely result, plainly, should the Court rule that this action must be resolved through arbitration either before or after a jury trial on the existence of an arbitration agreement, that determination will moot the need for any scheduling of the trial on the declaratory relief or defamation claims.

**B.    Defendants' Statement**

Plaintiff is incorrect regarding the stay.

*First*, this Court has not ruled that the stay will end on September 14, 2018. The Court's July 31, 2018 Order continued the stay for an additional 45 days and did not specify whether the stay would end after that 45-day period, or be extended again. [Dkt. No. 74, Order, p. 7.]

*Second*, Plaintiff is incorrect that this action no longer implicates Mr. Cohen's Fifth Amendment privilege on account of his plea in the SDNY Case.  As detailed above, Mr. Cohen's plea did not waive his Fifth Amendment privilege, and his rights will be adversely impacted if the stay is lifted prior to his sentencing in the SDNY

Case. *See Mitchell v. United States*, 526 U.S. 314, 325-27 (1999).

Once the stay is lifted, Defendants propose the following briefing schedule for the Pending Motions:

**Plaintiff's Renewed Motion for Expedited Discovery and FAA Jury Trial (Dkt No. 29-1).**

| | |
|---|---|
| Last Day for Defendants to File Opposition to Plaintiff's Motion for Expedited Discovery and FAA Jury Trial | Fourteen (14) days after the stay is lifted |
| Last Day for Plaintiff to File Reply in Support of Motion for Expedited Discovery and FAA Jury Trial | Seven (7) days after the deadline for Opposition |
| Hearing | On a date to be determined by the Court |

**2.   EC's Motion to Compel Arbitration (Dkt No. 20-1)**

| | |
|---|---|
| Last Day for EC to File Reply in Support of Motion to Compel Arbitration | Seven (7) days after the stay is lifted |
| Hearing | On a date to be determined by the Court |

**3.   Mr. Cohen's Special Motion to Strike Pursuant to the California Anti-SLAPP Statute (Dkt No. 31)**

| | |
|---|---|
| Last Day for Plaintiff to File Opposition to Mr. Cohen's Special Motion to Strike Pursuant to the California Anti-SLAPP Statute | Fourteen (14) days after the stay is lifted |
| Last Day for Mr. Cohen to File Reply in Support of Special Motion to Strike Pursuant to the California Anti-SLAPP Statute | Seven (7) days after the deadline for Opposition |

| Hearing | On a date to be determined by the Court |
| --- | --- |

## IV. DISCOVERY CUT OFF, HEARING OF MOTIONS, FINAL PRETRIAL CONFERENCE

### A. Plaintiff's Position

As explained above, Plaintiff believes the Court should prioritize the question of arbitrability, along with the discovery necessary to resolve arbitrability. Accordingly, Plaintiff proposes the following schedule for the jury trial under section 4 of the Federal Arbitration Act (the "FAA Section 4 Jury Trial"):

| | |
| --- | --- |
| <u>Fact Discovery Cutoff:</u> | December 19, 2018 |
| <u>Pretrial Filings (Witness List, Exhibit List, and Proposed Jury Instructions):</u> | January 8, 2019 |
| <u>Final Status Conference:</u> | January 15, 2019 |
| <u>FAA Section 4 Jury Trial:</u> | January 22, 2019 |

If Plaintiff prevails and it is thus determined that Plaintiff's claims are not arbitrable, the Court should set an immediate Scheduling Conference to impose a date for the trial on the merits, along with pretrial and discovery deadlines.

If it is the Court's preference to set trial, pretrial, and discovery dates relating to the merits of both claims at this time, Plaintiff requests that the trial date be set for June 18, 2019 (or on a date soon thereafter that is convenient to the Court's schedule), and that all other deadlines be set relative to this trial date according to the Court's standard and preferred schedule.

### B. Defendants' Position

The schedule proposed by Plaintiff prematurely assumes that her Motion for Expedited Discovery will be granted. On the contrary, the Court can and should rule on the pending Arbitration Motion without any discovery and without a jury trial under the FAA. Thus, it is premature for the Court to set a schedule for an FAA

proceeding, including discovery and a jury trial, unless and until the Court has determined that such measures are necessary to determine the Arbitration Motion. Defendants reserve the right to propose a schedule for any such proceeding at a later date, if the Motion for Expedited Discovery is granted.

## V.    STATUS OF DISCOVERY

The action is presently stayed.  Pursuant to that stay, no discovery has been conducted or completed at this time.

## VI.    DISCOVERY PLAN

**1.    Whether discovery should be conducted in phases or otherwise ordered or limited:**

**(a)    Plaintiff's Position**

Plaintiff's position is that at this time, discovery should proceed in two phases: a first phase in preparation for the FAA Section 4 Jury Trial and a second phase regarding the merits of the action.  Accordingly, Plaintiff requests the following:

*First*, discovery should commence immediately on the issue of the arbitrability of Plaintiff's claims in preparation for the FAA Section 4 Jury Trial pursuant to the schedule set forth above.  As requested in Plaintiff's Motion for Expedited Jury Trial, in order to prepare for the FAA Section 4 jury trial, Plaintiff requests the following discovery on an expedited basis: (1) a deposition of Defendant Trump; (2) a deposition of Defendant Cohen; and (3) no more than ten (10) targeted requests for production of documents directed to Mr. Trump and Mr. Cohen on various topics relating to the Settlement Agreement.  These requests are of course made without prejudice to seeking additional discovery on the merits, including further deposition testimony, from both Mr. Trump and Mr. Cohen after the resolution of the FAA Section 4 jury trial.

*Second*, after the resolution of the FAA Section 4 Jury Trial, Plaintiff requests that a schedule be set for discovery on the merits of the two causes of action at issue – namely, declaratory relief and defamation. In the interest of efficiency, Plaintiff proposes that discovery on the merits commence immediately after the resolution of the FAA Section 4 Jury Trial. Plaintiff further requests that the Court set a trial date for a trial on the merits on June 18, 2019, or on a date soon thereafter that is convenient for the Court. Any applicable pretrial and discovery deadlines should be calendared on the basis of the trial date set.

### (b)    Defendants' Position

The discovery phases proposed by Plaintiff prematurely assumes that her Motion for Expedited Discovery will be granted. For the reasons discussed herein, the Court should rule on the Motion for Expedited Discovery and/or Arbitration Motion prior to scheduling any of the above matters listed by Plaintiff. Accordingly, the issue of whether discovery should be conducted in phases is premature until the Motion for Expedited Discovery and/or Arbitration Motion have been determined. Defendants reserve the right to raise such issues at a later date, if any such discovery is ordered.

### 2.    Changes to the timing, form, or requirement for disclosures under Rule 26(a):

### (a)    Plaintiff's Position

Plaintiff believes that the Parties should exchange initial disclosures on September 24, 2018. At this time, Plaintiff does not believe any changes should be made to the timing, form, or requirements for disclosures under Rule 26(a).

### (b)    Defendants' Position

For the reasons stated herein, it is premature for the Parties to exchange initial disclosures. For example, and among other things, if the Arbitration Motion is granted, the arbitration will proceed pursuant to the applicable arbitration rules, not the Federal Rules of Civil Procedure. Defendants reserve the right to propose any

changes to the timing, form, or requirement for disclosures under Rule 26(a) at a later date, including if the Arbitration Motion is denied or the Motion to Expedite Discovery is granted.

**3.   The subjects on which discovery may be needed:**

**(a)   Plaintiff's Position**

Plaintiff's position is, as set forth herein, that discovery should proceed first on issues necessary to prepare for the FAA Section 4 Jury Trial. This will include all factual matters related to, or arising from, the Settlement Agreement and the $130,000 payment made pursuant thereto. Plaintiff proposes that merits discovery commence immediately after the resolution of the FAA Section 4 Jury Trial. Such discovery will involve a more expanded inquiry into the Settlement Agreement and $130,000 payment, along with all matters pertaining to Plaintiff's defamation claim which will necessarily require discovery concerning the affair between Plaintiff and Mr. Trump, and Mr. Trump and Mr. Cohen's knowledge of the affair, and the preparation and issuance of the defamatory statement at issue.

**(b)   Defendants' Position**

For the reasons stated herein, Defendants believe it is premature to determine the subjects of discovery in this action. For example, and among other things, if the Arbitration Motion is granted, discovery will proceed before an arbitrator, pursuant to the applicable arbitration rules.

**4.   Any issues about disclosure, discovery, or preservation of electronically stored information:**

**(a)   Plaintiff's Position**

Now that the government's investigation of crimes pertaining to the $130,000 payment as it relates to Mr. Cohen is complete, Plaintiff requests that Mr. Cohen be required to turn over all materials seized by the government relating to this case, including any recordings of conversations Mr. Cohen had with any person regarding Plaintiff, along with e-mails, text messages, and bank records.

**(b)     Defendants' Position**

For the reasons stated herein, Defendants believe it is premature to determine whether there will be any issues relating to disclosure or discovery.  Defendants presume that all parties have complied with their obligations regarding the preservation of electronically stored information, and are not aware of any separate issues on that subject.  Defendants reserve the right to raise any issues regarding discovery, disclosure or preservation at a later date.

**5.     Any issues about claims of privilege or of protection as trial-preparation materials:**

**(a)     Plaintiff's Position**

Plaintiff is not aware of any issues that need to be addressed by the Court relating to this topic.  Plaintiff reserves the right to raise any that may arise at a later time.

**(b)     Defendants' Position**

For the reasons stated herein, Defendants believe it is premature to determine whether there will be any issues relating to privilege or protection of materials that may arise in this action.  Defendants reserve the right to raise any such issues at a later date.

**6.     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rules:**

**(a)     Plaintiff's Position**

Subject to Plaintiff's discussion of discovery proceeding in two phases, Plaintiff does not propose any changes in limitations on discovery imposed under the Federal Rules of Civil Procedure of Local Rules.

**(b)     Defendants' Position**

For the reasons stated herein, Defendants believe it is premature to determine whether any changes should be made in the limitation on discovery in this action, if

any discovery will need to be conducted in this case at all.  Defendants reserve the right to raise any such issues at a later date.

**7.** **Any orders that should issue under Rule 26(c) or Rule 16(b) and (c):**

**(a)** **Plaintiff's Position**

Plaintiff does not request that the Court issue any orders under Rules 26(c) or Rule 16(b) or (c).

**(b)** **Defendants' Position**

Defendants believe it is premature to determine whether any orders should issue under Rule 26(c) or Rule 16(b) and (c).  Defendants reserve the right to raise such issues at a later date.

## VII.  EXPERT DISCOVERY

**A.** **Plaintiff's Position**

With respect to the FAA Section 4 jury trial, Plaintiff proposes that the initial expert disclosure be made on December 21, 2018 and rebuttal expert disclosures on January 4, 2019.

To the extent the Court prefers to set expert disclosure deadlines on the trial on the merits at this time (instead of waiting for the conclusion of the FAA Section 4 jury trial as suggested above), Plaintiff proposes that the deadlines be set based on a proposed trial date of June 18, 2019.

**B.** **Defendants' Position**

For the reasons stated herein, Defendants believe it is premature to set a schedule for expert discovery, if any discovery will need to be conducted in this case at all.  Defendants reserve the right to propose a schedule for expert discovery at a later date.

## VIII.  TRIAL ESTIMATE

Plaintiff estimates a three (3) day FAA Section 4 Jury Trial, inclusive of *voir*

*dire*, opening arguments, and closing arguments.

Plaintiff estimates a five (5) day court trial on her declaratory relief claim, and a five (5) day jury trial on her defamation claim against Mr. Cohen.

For the reasons stated herein, Defendants believe it is premature to estimate the length of any potential trial in this case.

## IX.   TRIAL COUNSEL

Trial counsel for Plaintiff will be Michael J. Avenatti, as lead counsel, and Ahmed Ibrahim.

If any trial is necessary, lead trial counsel for EC and Mr. Cohen will be Brent H. Blakely.

If any trial is necessary, lead trial counsel for Mr. Trump will be Charles J. Harder.

## X.   SETTLEMENT

Plaintiff has had limited informal discussions with counsel for EC and Mr. Cohen regarding the possibility of settlement.  No such discussions have occurred between counsel for Plaintiff and Mr. Trump.  The Parties are open to guidance from the Court regarding settlement.

## XI.   MANUAL FOR COMPLEX LITIGATION

### A.   Plaintiff's Position

Plaintiff does not believe that this action need be designated as complex or that reference to the Manual for Complex Litigation is necessary.

### B.   Defendants' Position

For the reasons stated herein, Defendants believe it is premature to determine whether this action may need to be designated complex or that reference to the Manual for Complex Litigation may be necessary.  Defendants reserve the right to

raise this issue at a later date.

## XII. THE LIKELIHOOD OF THE APPEARANCE OF ADDITIONAL PARTIES

The Parties do not believe that it is likely that additional parties will appear in this action.

## XIII. DISPOSITIVE MOTIONS

### A. Plaintiff's Position

Aside from the pending motions discussed above (*see* Section III), Plaintiff intends to file a Motion for Leave to File a Second Amended Complaint.  The Motion will seek leave to amend to confirm that Plaintiff seeks to recover prevailing party attorneys' fees pursuant to the Settlement Agreement, and may further clarify the basis of Plaintiff's claim for declaratory relief.

### B. Defendants' Position

Aside from the Pending Motions, for the reasons stated herein, Defendants believe it is premature to determine whether any additional motions, including dispositive motions, will be necessary.  Defendants reserve the right to bring any additional motions they believe to be necessary.

## XIV. PROPOSALS REGARDING SEVERING, BIFURCATION OR OTHER ORDERING OF PROOF

### A. Plaintiff's Position

Other than Plaintiff's position regarding proceeding first to the FAA Section 4 Jury Trial discussed herein, Plaintiff does not have any further proposals for bifurcation or other ordering of proof.

### B. Defendants' Position

For the reasons stated herein, Defendants believe it is premature to determine

whether there will be any issues related to severance, bifurcation, or ordering of proof. Defendants reserve the right to raise such issues at a later date.

## XV.   ELECTION OF ADR PROCEDURE

### A.   Plaintiff's Position

Plaintiff's position is that Local Rule 16-15.4 ADR Procedure No. 3, namely a private dispute resolution proceeding, is the most appropriate option for this action.

### B.   Defendants' Position

For the reasons stated herein, Defendants believe it is premature to elect an ADR procedure. Defendants reserve the right to make such an election at a later date, if necessary.

Dated: August 27, 2018           AVENATTI & ASSOCIATES, APC

                                 By:  _/s/ Michael J. Avenatti_
                                      MICHAEL J. AVENATTI
                                      Attorneys for Plaintiff
                                      STEPHANIE CLIFFORD


Dated: August 27, 2018           BLAKELY LAW GROUP

                                 By:  _/s/ Brent H. Blakely_
                                      BRENT H. BLAKELY
                                      Attorneys for Defendants
                                      ESSENTIAL CONSULTANTS, LLC and
                                      MICHAEL COHEN


Dated: August 27, 2018           HARDER LLP

                                 By:  _/s/ Charles J. Harder_
                                      CHARLES J. HARDER
                                      Attorneys for Defendant
                                      DONALD J. TRUMP

Pursuant to Local Rule 5-4.3.4, I Michael J. Avenatti, hereby attest that all other signatories to this Joint Report, and on whose behalf it is submitted, concur in its content and have authorized its filing.

Dated: August 27, 2018                          /s/ Michael J. Avenatti
                                                MICHAEL J. AVENATTI