BLAKELY LAW GROUP
BRENT H. BLAKELY (CA Bar No. 157292)
1334 Park View Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

Attorneys for Defendants
ESSENTIAL CONSULTANTS, LLC and
MICHAEL COHEN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217<br><br>**DEFENDANT ESSENTIAL CONSULTANT'S SUPPLEMENTAL STATEMENT REGARDING JOINT RULE 26(f) REPORT; DECLARATION OF BRENT H. BLAKELY ESQ.**<br><br>Scheduling Conference<br>Date: September 24, 2018<br>Time: 2:00 p.m.<br><br>Assigned to the Hon. S. James Otero<br>Action Filed: March 6, 2018 |

Defendant Essential Consultants, LLC ("EC"), hereby submits the following supplemental statement regarding the Joint Rule 26(f) Report. Plaintiff's First Cause of Action for Declaratory Relief seeks the rescission of the Confidential Settlement Agreement dated October 28, 2016. (Dkt. #14) As set forth in the attached correspondence to Plaintiff's counsel, Defendant Essential Consultants LLC has accepted the rescission of the Confidential Settlement Agreement and has provided Plaintiff with a Covenant Not to Sue in connection with same.

"An actual controversy must be extant at all states of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43,

67 (2009). EC's acceptance of the rescission along with the Covenant Not to Sue divests this Court of subject matter jurisdiction over Plaintiff's claim for declaratory relief. See 10B Wright & Miller, Federal Practice and Procedure, Civil 3d, §2757; *Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 924-927 (C.D. Cal. 2002).

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court")

Based on the foregoing, Defendant EC respectfully requests that this court dismiss *sua sponte* Plaintiff's First Cause of Action for declaratory relief. Alternatively, that during the September 24, 2018 scheduling conference this Court set a briefing schedule for EC's Motion to Dismiss Plaintiff's First Cause of Action for Lack of Subject Jurisdiction based on the declaratory relief claim now being moot.

Dated: August 27, 2018          BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*
    BRENT H. BLAKELY
    Attorneys for Defendants
    ESSENTIAL CONSULTANTS, LLC and
    MICHAEL COHEN

-2-
ESSENTIAL CONSULTANT'S SUPPLEMENTAL STATEMENT RE RULE 26(f) REPORT

## DECLARATION OF BRENT H. BLAKELY

I, Brent H. Blakely, declare:

1. I am an attorney duly licensed to practice before all courts of the State of California and in the U.S. District Court for the Central District of California, among other courts. I am a partner of the law firm of Blakely Law Group, counsel of record for Defendant Essential Consultants and Michael Cohen ("Mr. Cohen"). I make this declaration based on my own personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of a letter from myself to Michael Avenatti dated September 7, 2018, with the attached Covenant Not to Sue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 7, 2018, at Los Angeles, California.

                     /s/ *Brent H. Blakely*
                     BRENT H. BLAKELY



1334 Parkview Avenue, Suite 280 Manhattan Beach, California 90266
www.BlakelyLawGroup.com  T 310-546-7400  F 310-546-7401

E-mail bblakely@blakelylawgroup.com

September 7, 2018

**VIA EMAIL & U.S. MAIL**
Mr. Michael J. Avenatti
Avenatti & Associates, APC
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Email: mavenatti@eoalaw.com

Re:   **Clifford v. Trump, et. al.**
      **Case No. 18-cv-02217-SJO-FFM**

Dear Mr. Avenatti:

I am writing to request an in-person meet and confer conference pursuant to Local Rule 7-3 regarding Plaintiff's First Cause of Action for Declaratory Relief. In this claim Plaintiff seeks rescission of the Confidential Settlement Agreement on the basis that no agreement was formed between the parties, or in the alternative, to the extent an agreement was formed, it is void, invalid, or otherwise unenforceable. (Dkt. #14; FAC ¶¶41-55) Essential Consultants hereby agrees to accept the rescission of the Confidential Settlement Agreement and not assert any rights against Plaintiff in connection with same. Furthermore, Essential Consultants will be dismissing the arbitration proceeding. ADRS Case No. 18-1118.

Please find enclosed with this letter a Covenant Not to Sue Plaintiff concerning the Confidential Settlement Agreement. This Covenant Not to Sue divests the District Court of subject matter jurisdiction over Plaintiff's claim for declaratory relief. See 10B Wright & Miller, Federal Practice and Procedure, Civil 3d, §2757; *Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 924-927 (C.D. Cal. 2002). Because of this, we believe Plaintiff should immediately dismiss said claim.

California Civil Code §1691 provides that a party wishing to rescind a contract must "promptly upon discovering the facts which entitle him to rescind," do two things to effect that rescission: "[g]ive notice of rescission to the party as to whom he rescinds; and [¶] … [r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so."  See also *Village*

September 7, 2018
Page 2

*Northridge Homeowner's Assn. v. State Farm* (2010) 50 Cal. 4th 913. The service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both." Civ. Code, § 1691; *Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal. App. 5th 881, 888.

As alleged in the First Amended Complaint, pursuant to the Confidential Settlement Agreement Essential Consultants paid Plaintiff consideration in the amount of $130,000.00. (Dkt. #14; FAC ¶24) Defendant Essential Consultants hereby demands that the full consideration paid to Plaintiff, $130,000.00, be returned to Essential Consultants.

In conclusion, if Plaintiff refuses or otherwise fails to dismiss the declaratory relief claim, Essential Consultants will file a Motion for to Dismiss for Lack of Subject Matter Jurisdiction on the basis that the declaratory relief claim is moot.

Please let me know when you are available to meet in person to discuss the aforementioned.

Sincerely,

BRENT H. BLAKELY

cc: Charles J. Harder, Esq. (via email)
Ryan Stonerock, Esq. (via email)

## COVENANT NOT TO SUE

THIS COVENANT NOT TO SUE is made as of September 7, 2018 by Essential Consultants, LLC.

Essential Consultants LLC covenants not to assert any rights and/or claims against Stephanie Clifford aka Stormy Daniels with respect to the validity and/or enforcement of the Confidential Settlement Agreement, including but not limited to any claims against Stephanie Clifford aka Stormy Daniels for breach thereof. Essential Consultants LLC does reserve the right to seek reimbursement for the $130,000 in consideration paid to Stephanie Clifford in connection therewith.

Essential Consultants LLC

Signature: _____

Michael Cohen, Managing Member