1  HARDER LLP
2  CHARLES J. HARDER (CA Bar No. 184593)
   RYAN J. STONEROCK (CA Bar No. 247132)
3  132 S. Rodeo Drive, Fourth Floor
4  Beverly Hills, California 90212
   Telephone:  (424) 203-1600
5  Facsimile:  (424) 203-1601
6  Email:      CHarder@HarderLLP.com
               RStonerock@HarderLLP.com
7
   Attorneys for Defendant
8  DONALD J. TRUMP

9
               **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 STEPHANIE CLIFFORD a.k.a.          Case No. 2:18-CV-02217
   STORMY DANIELS a.k.a. PEGGY
13 PETERSON, an individual,           **DEFENDANT DONALD J.
                                      TRUMP'S SUPPLEMENTAL
14                                    STATEMENT REGARDING JOINT
                 Plaintiff,          RULE 26(f) REPORT;
15                                    DECLARATION OF CHARLES J.
                                      HARDER**
16       v.
                                      Scheduling Conference
17                                    Date:  September 24, 2018
   DONALD J. TRUMP a.k.a. DAVID       Time: 2:00 p.m.
18 DENNISON, an individual, ESSENTIAL
   CONSULTANTS, LLC, a Delaware       Assigned to the Hon. S. James Otero
19 Limited Liability Company, MICHAEL
   COHEN, an individual, and DOES 1   Action Filed:  March 6, 2018
20 through 10, inclusive,
21
                 Defendants.
22

23

24

25

26

27

28

{00094226;1}

1    Defendant Donald J. Trump ("Mr. Trump") submits the following
2    supplemental statement regarding the parties' Joint Rule 26(f) Report.  [ECF No. 75.]
3    Plaintiff Stephanie Clifford's ("Ms. Clifford") first cause of action for declaratory
4    relief seeks a declaration that the Confidential Settlement Agreement dated October
5    28, 2016 (the "Settlement Agreement") was never formed, or in the alternative, is
6    void, invalid, or otherwise unenforceable.  [ECF No. 14.]

7    As set forth in the attached letter to Ms. Clifford's counsel, the parties agree
8    that Mr. Trump did not sign the Settlement Agreement.  Moreover, Mr. Trump has
9    never taken the position that he is a party to the Settlement Agreement, or
10   affirmatively sought to invoke any rights under the Settlement Agreement.  Ms.
11   Clifford confirmed these facts in her separate defamation action against Mr. Trump,
12   which has now been transferred to this Court, stating:

13       Mr. Trump has never in fact taken the position that he is a
14       party to the Settlement Agreement or affirmatively sought to
15       invoke any rights under the Settlement Agreement in any
16       action now pending – including those in California.

17   [SDNY Case No. 1:18-cv-03842-JMF, Opposition to Motion to Transfer, ECF Nos.
18   13, 16-1.]

19   Mr. Trump does not, and will not, contest Ms. Clifford's assertion that the
20   Settlement Agreement was never formed, or in the alternative, should be rescinded.
21   [Harder Decl., Ex. A.]  Moreover, Mr. Trump covenants that he will not bring any
22   action, proceeding or claim against Ms. Clifford to enforce any of the terms of the
23   Settlement Agreement.

24   As a result, Ms. Clifford's claim against Mr. Trump for declaratory relief is
25   moot, and the Court therefore lacks subject matter jurisdiction to decide this claim.
26   *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (2009) ("An actual
27   controversy must be extant at all states of review, not merely at the time the complaint
28   is filed."); 10B Wright & Miller, Federal Practice and Procedure, Civil 3d, §2757 ("It

is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy, or if the opposing party disclaims the assertion of countervailing rights."); *Fleming v. Coverstone*, 2010 WL 11508869, at *5 (S.D. Cal. June 17, 2010); *Paramount Pictures Corp. v. RePlayTV*, 298 F.Supp.2d 921, 924-927 (C.D. Cal. 2002); *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F.App'x 636, 641–42 (6th Cir. 2008); *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1381–82 (10th Cir. 2011); *Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*, 2018 WL 1896310, at *6 (C.D. Cal. Mar. 28, 2018); *Wahlberg v. Benson Builders, LLC*, 2012 WL 3027984, at *7 (W.D. Mich. July 24, 2012).

Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court.")

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    Based on the foregoing, Mr. Trump respectfully requests that the Court dismiss,

2  *sua sponte*, Ms. Clifford's first cause of action for declaratory relief against Mr.

3  Trump.  In the alternative, Mr. Trump respectfully requests that, at the September 24,

4  2018 scheduling conference, the Court set a briefing schedule for Mr. Trump's

5  forthcoming motion to dismiss Ms. Clifford's first cause of action for lack of subject

6  matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the

7  grounds that no actual controversy exists between Ms. Clifford and Mr. Trump

8  regarding the Settlement Agreement.

9

10  Dated: September 8, 2018                     HARDER LLP

11
                                               By:  */s/ Charles J. Harder*
12                                                  _____
                                                    CHARLES J. HARDER
13                                                  Attorneys for Defendant
                                                    DONALD J. TRUMP
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF CHARLES J. HARDER

2   I, Charles J. Harder, declare:

3   1.     I am an attorney duly licensed to practice before all courts of the State of

4   California and in the U.S. District Court for the Central District of California, among

5   other courts.  I am a partner of the law firm Harder LLP, counsel of record for

6   Defendant Donald J. Trump ("Mr. Trump").  I make this declaration based on my

7   own personal knowledge and, if called and sworn as a witness, I could and would

8   competently testify hereto.

9   2.     Attached hereto as **Exhibit A** is a true and correct copy of my letter to

10   counsel for plaintiff Stephanie Clifford, Michael Avenatti, which was transmitted to

11   Mr. Avenatti on September 8, 2018.

12   I declare under penalty of perjury under the laws of the United States of

13   America that the foregoing is true and correct.

14   Executed on September 8, 2018, at Los Angeles, California.

15

16

17   CHARLES J. HARDER

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL STATEMENT RE: RULE 26(f) REPORT

# Exhibit A



132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 • 424.203.1600

WWW.HARDERLLP.COM

September 8, 2018

**VIA EMAIL**
Mr. Michael J. Avenatti
Avenatti & Associates, APC
520 Newport Center Drive, Suite 1400
Newport Beach, California 92660
Email: mavenatti@eaganavenatti.com

Re: *Stephanie Clifford v. Donald J. Trump et al.* – Case No. 2:18-cv-02217

Dear Mr. Avenatti:

We are writing to meet and confer pursuant to Local Rule 7-3 regarding defendant Donald J. Trump's contemplated motion to dismiss Ms. Clifford's declaratory relief claim for lack of subject matter jurisdiction. This motion will be made pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that no actual controversy exists between Ms. Clifford and Mr. Trump regarding the Confidential Settlement Agreement dated October 28, 2016 (the "Settlement Agreement").

The parties agree that Mr. Trump did not sign the Settlement Agreement. Moreover, Mr. Trump has never taken the position that he is a party to the Settlement Agreement, or affirmatively sought to invoke any rights under the Settlement Agreement. Ms. Clifford has confirmed these facts in her defamation action against Mr. Trump, stating:

> Mr. Trump has never in fact taken the position that he is a party to the Settlement Agreement or affirmatively sought to invoke any rights under the Settlement Agreement in any action now pending – including those in California.

[SDNY Case No. 1:18-cv-03842-JMF, Opposition to Motion to Transfer, ECF Nos. 13, 16-1.]

Mr. Trump hereby stipulates that he does not, and will not, contest Ms. Clifford's assertion that the Settlement Agreement was never formed, or in the alternative, should be rescinded. Moreover, Mr. Trump hereby covenants that he will not bring any action, proceeding or claim against Ms. Clifford to enforce any of the terms of the Settlement Agreement.

In light of the foregoing, Ms. Clifford's claim against Mr. Trump for declaratory relief is moot, and the Court therefore lacks subject matter jurisdiction to decide this claim. *See* 10B Wright & Miller, Federal Practice and Procedure § 2757 ("The presence of a controversy must be measured at the time the court acts. It is not enough that there may have been a controversy

Mr. Michael J. Avenatti
September 8, 2018
Page 2

when the action was commenced if subsequent events have put an end to the controversy, or if the opposing party disclaims the assertion of countervailing rights.") Numerous cases have relied upon Wright & Miller, Federal Practice and Procedure § 2757, to dispose of claims under the federal Declaratory Judgment Act (28 U.S.C. § 2201) as moot.

For example, in *Fleming v. Coverstone*, 2010 WL 11508869, at *5 (S.D. Cal. June 17, 2010), the Court granted a motion to dismiss for lack of subject matter jurisdiction, holding:

> …[W]here "the opposing party disclaims the assertion of countervailing rights," a claim for a declaratory judgment is moot. 10B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2757, citing *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 434-35 (1947). [Defendant's] statements that she did not sign the contract and will not sue moot the declaratory judgment claim.

In *Paramount Pictures Corp. v. Replay TV*, 298 F.Supp.2d 921, 926–27 (C.D. Cal. 2004), the Court granted a motion to dismiss for lack of subject matter jurisdiction, holding:

> "…[I]t is not enough that there may once have been a controversy at the time the suit was commenced if subsequent events have put an end to the controversy." (Citation.) (citing, inter alia, 10 C. Wright & A. Miller, Federal Practice and Procedure, § 2757 at 766–67 (1973 ed.)); (Citation.) Such is the case here. As the Court held previously, the *Newmark* Plaintiffs had standing to maintain their claims for declaratory relief. However, a subsequent event, the dismissal of the RePlayTV actions, put an end to the controversy.

In *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F. App'x 636, 641–42 (6th Cir. 2008), the Court granted a motion to dismiss for lack of subject matter jurisdiction, holding:

> At the time of the hearing on November 2, 2006, the parties did not dispute their interpretation of the Agreement…Thus, Parma seeks a declaratory judgment memorializing the parties' agreed-upon interpretation of the Agreement. In the absence of a real dispute, however, such relief would constitute an advisory opinion, forbidden under Article III of the Constitution. (Citations.) Even if a controversy existed when Parma filed suit, Cingular's contentions on November 2, 2006 demonstrate its subsequent absence. *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2757 (3d ed.1998) ("It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy, or if the opposing party disclaims the assertion of countervailing rights.")

Mr. Michael J. Avenatti
September 8, 2018
Page 3

*See also Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1381–82 (10th Cir. 2011); *Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*, 2018 WL 1896310, at *6 (C.D. Cal. Mar. 28, 2018); *Wahlberg v. Benson Builders, LLC*, 2012 WL 3027984, at *7 (W.D. Mich. July 24, 2012).

The federal Declaratory Judgment Act should govern this case. *See In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014).  However, if the California Declaratory Relief Act (Cal. Civ. Proc. Code § 1060) applies, the result will not change.  *Id.* ("…whether the state or federal statute applies makes little difference as a practical matter, as the two statutes are broadly equivalent."); *see also Am. Zurich Ins. Co. v. Country Villa Serv. Corp.*, 2015 WL 4163008, at *6 (C.D. Cal. July 9, 2015).  As with the federal Declaratory Judgment Act, under the California Declaratory Relief Act, "[a] question may be deemed moot when, although it initially presented an existing controversy, the passage of time or the acts of the parties…have deprived the controversy of its life." *Boccato v. City of Hermosa Beach*, 158 Cal.App.3d 804, 808.

Accordingly, Ms. Clifford should immediately dismiss Mr. Trump from this lawsuit.  If Ms. Clifford will not voluntarily dismiss Mr. Trump, please let us know your availability to meet and confer pursuant to Local Rule 7-3 regarding Mr. Trump's contemplated motion to dismiss.

Sincerely,

CHARLES J. HARDER Of
**HARDER LLP**

cc:  Brent H. Blakely, Esq.

{00094194;1}