HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:  (424) 203-1600
Facsimile:  (424) 203-1601
Email:   CHarder@HarderLLP.com
         RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217<br><br>**DEFENDANT DONALD J. TRUMP'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL STATEMENT REGARDING JOINT RULE 26(f) REPORT**<br><br><u>Scheduling Conference</u><br>Date:  September 24, 2018<br>Time: 2:00 p.m.<br><br>Assigned to the Hon. S. James Otero<br><br>Action Filed:  March 6, 2018 |

Defendant Donald J. Trump ("Mr. Trump") submits the following response to Plaintiff Stephanie Clifford's ("Plaintiff") supplemental statement regarding the parties' Joint Rule 26(f) Report.  [ECF No. 81.]

Plaintiff's supplemental statement confirms that no actual controversy exists between Plaintiff and Mr. Trump with respect to the document entitled "Confidential Settlement Agreement and Mutual Release; Assignment of Copyright and Non-Disparagement Agreement," dated October 28, 2016 (the "Settlement Agreement"). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's first cause of action for declaratory relief, for the following reasons:

1. **No Actual Controversy Exists**: Mr. Trump has expressly disclaimed any countervailing rights under the Settlement Agreement by: (a) confirming that the parties are in agreement that he did not sign the Settlement Agreement; (b) stipulating that he does not, and will not, contest Plaintiff's assertion that the Settlement Agreement was never formed; and (c) covenanting not to sue Plaintiff to enforce any of the terms of the Settlement Agreement. [ECF. No 80, p. 2, Ex. A.] Plaintiff's attempt to establish that a controversy previously existed between Plaintiff and Mr. Trump regarding the Settlement Agreement is irrelevant. There is no actual controversy present at this time. According to Plaintiff, her "claims center on her ability to speak and be free from any potential liability for a violation of the Settlement Agreement." [ECF No. 39, Opposition to *Ex Parte* App for Stay, p. 16.] Mr. Trump has confirmed that this is no longer an issue.

2. **Plaintiff's Consent Is Unnecessary**: Mr. Trump's disclaimer of countervailing rights was not a settlement proposal, nor is Plaintiff's consent necessary to warrant dismissal of her declaratory relief claim for lack of subject matter jurisdiction. *See e.g. Paramount Pictures Corp. v. Replay TV*, 298 F.Supp.2d 921, 926–27 (C.D. Cal. 2004) (granting motion to dismiss declaratory relief claim for lack of subject matter jurisdiction, despite opposition, based upon moving party's unilateral covenant not to sue.); *Fleming v. Coverstone*, 2010 WL 11508869, at *5 (S.D. Cal. 2010) (granting motion to dismiss declaratory judgment claim for lack of subject matter jurisdiction, despite opposition, because moving party's unilateral "statements that she did not sign the contract and will not sue moot the declaratory

judgment claim."); *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F. App'x 636, 641–42 (6th Cir. 2008) (affirming dismissal of declaratory relief claim for lack of subject matter jurisdiction, despite opposition, because counsel for moving party confirmed at the hearing that there was no dispute regarding the parties' interpretation of the contract at issue.)[1]

3. **Plaintiff Is Not Entitled To Judgment**: Plaintiff is not entitled to any judgment against Mr. Trump, much less a judgment for the items listed in Plaintiff's supplemental statement. [ECF No. 81, pp. 5-6.] Mr. Trump does not contest Plaintiff's assertion that the Settlement Agreement was never formed, which is the primary relief sought in the FAC (all other relief is pled in the alternative). [ECF No. 14, pp. 8, 17.] In any event, Mr. Trump has covenanted not to sue Plaintiff to enforce the Settlement Agreement. That is sufficient to divest the court of subject matter jurisdiction, without the entry of any judgment. *See e.g. Mytee Prod., Inc. v. Studebaker Enterprises, Inc.*, 2012 WL 4471246, at *3 (S.D. Cal. 2012) (granting motion to dismiss declaratory relief claim for non-infringement and invalidity of patent, for lack of subject matter jurisdiction, without determining the validity of the patent, based upon covenant not to sue for patent infringement.), citing *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed.Cir.2010) ("a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or

---

[1] *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), which Plaintiff claims "abrogates all of the case law cited by Defendants" is entirely inapplicable. [ECF No. 81, p. 4.] *Gomez* involved a claim for damages, among other things, but **not** declaratory relief. *Id.* at 667. In his concurring opinion, Justice Thomas distinguished *Gomez* from cases that "involved claims for injunctive or declaratory relief that became moot when the defendants ceased causing actual or threatened injury." *Id.* at 677. Justice Thomas stated: "[W]hether a claim for prospective relief is moot is different from the issue in this case, which involves claims for damages to remedy past harms." *Id.*

controversy between the parties.")

4. **There Is No Actual Controversy Over The $130,000 Payment**: Mr. Trump takes no position regarding the $130,000, which Essential Consultants, LLC ("EC") paid to Plaintiff. Any dispute between Plaintiff and EC regarding the $130,000 does not create an actual controversy between Plaintiff and Mr. Trump.

5. **Plaintiff's Claim For Attorneys' Fees Is Irrelevant**: Plaintiff is not entitled to an attorneys' fees award against Mr. Trump. Both Plaintiff and Mr. Trump are in agreement that Mr. Trump did not sign the Settlement Agreement, has never taken the position that he is a party to the Settlement Agreement, and has never affirmatively sought to invoke any rights under the Settlement Agreement in any action. [ECF No. 80, p. 2.] Even so, a dispute over attorneys' fees is not sufficient to create subject matter jurisdiction where it does not otherwise exist. *See City of Parma, Ohio v. Cingular Wireless, LLC, supra*, 278 F. App'x at 642 ("And if [plaintiff's] efforts to secure a declaratory judgment are for the purpose of exacting attorney's fees, that interest alone will not suffice to satisfy the case or controversy requirement."), citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("An interest in attorney's fees is ... insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.")

Dated: September 14, 2018

HARDER LLP

By: */s/ Charles J. Harder*
    CHARLES J. HARDER
    Attorneys for Defendant
    DONALD J. TRUMP