HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:   (310) 546-7400
Facsimile:    (310) 546-7401
Email:        CHarder@HarderLLP.com
              RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>                 Plaintiff,<br><br>           v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>                 Defendants. | Case No. 2:18-cv-02217-SJO-FFM<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT DONALD J. TRUMP TO DISMISS PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Declaration of Charles J. Harder Filed Concurrently Herewith]<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>**Date:        December 3, 2018**<br>**Time:        10:00 a.m.**<br>**Location:  350 West 1st Street**<br>**                  Courtroom 10C, 10th Floor**<br>**                  Los Angeles, CA 90012**<br><br>Action Filed:  April 30, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10C, located at the United States District Court, 350 West 1st Street, Los Angeles, California 90012, the Honorable S. James Otero presiding, Defendant Donald J. Trump ("Mr. Trump") will move and hereby does move to dismiss with prejudice plaintiff Stephanie Clifford's declaratory relief cause of action against him pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction.

This Motion shall be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Charles J. Harder, the anticipated reply papers, all materials that may be properly considered in connection with this motion, and oral argument at the hearing.

Mr. Trump files this Motion in accordance with the Court's September 24, 2018 scheduling order.  [ECF No. 83, Order.]  Plaintiff and Mr. Trump have exchanged their respective positions in connection with this Motion in correspondence and filings with the Court, and following the Court's scheduling order, Mr. Trump received no response to his offer to further meet and confer with Plaintiffs regarding this Motion.  [Harder Dec., ¶ 11; Ex. A, Covenant; Exs. I-J, Emails; ECF Nos. 80-82.]

Dated: October 8, 2018                          HARDER LLP

                                 By: _/s/ Charles J. Harder_
                                      CHARLES J. HARDER
                                      Attorneys for Defendant
                                      DONALD J. TRUMP

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................1

II.   STATEMENT OF FACTS ..................................................................2

III.  ARGUMENT .......................................................................................5

     A.   Legal Standard .........................................................................5

     B.   The Federal Declaratory Judgment Act Governs Plaintiff's Claim ........................................................................................5

     C.   A Claim For Declaratory Relief Requires The Presence Of An Actual Controversy .............................................................6

     D.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory Relief Claim Against Mr. Trump Because There Is No Actual Controversy ...........................................................7

     E.   Mr. Trump's Covenant Is Sufficient To Divest The Court Of Jurisdiction ............................................................................10

     F.   Plaintiff Is Not Entitled To A Judgment Against Mr. Trump ............12

     G.   Plaintiff Cannot Create An Actual Controversy Based On A Potential Claim For Her Attorneys' Fees Or Disposition Of The $130,000 She Received ......................................................13

IV.  CONCLUSION .................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boccato v. City of Hermosa Beach*,
    158 Cal. App. 3d 804 (Cal. Ct. App. 1984)......................................................7

*City of Parma, Ohio v. Cingular Wireless, LLC*,
    278 F. App'x 636 (6th Cir. 2008) ...............................................................11, 14

*Clear Channel Outdoor, Inc. v. Lee*,
    2009 WL 57110 (N.D. Cal. Jan. 8, 2009) .....................................................14

*Columbian Fin. Corp. v. BancInsure, Inc.*,
    650 F.3d 1372 (10th Cir. 2011) ....................................................................10

*Connerly v. Schwarzenegger*,
    146 Cal. App. 4th 739 (2007) .........................................................................7

*Dow Jones & Co. v. Ablaise Ltd.*,
    606 F.3d 1338 (Fed. Cir. 2010) ....................................................................13

*Emrich v. Touche Ross & Co.*,
    846 F.2d 1190 (9th Cir. 1988) .......................................................................5

*Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*,
    471 F.3d 1100 (9th Cir. 2006) .......................................................................7

*Fleming v. Coverstone*,
    2010 WL 11508869 (S.D. Cal. June 17, 2010) .......................................8, 9, 12

*Gen. Motors Corp. v. Univ. of Rome "La Sapienza,"*,
    2008 WL 11334169 (C.D. Cal. July 10, 2008) ..........................1, 5, 6, 8, 12

*Golden Eagle Ins. Co. v. Travelers Companies*,
    103 F.3d 750 (9th Cir. 1996) .........................................................................5

*In re Adobe Sys., Inc. Privacy Litig.*,
    66 F. Supp. 3d 1197 (N.D. Cal. 2014).............................................................6

*Int'l Video Corp. v. Ampex Corp.*,
    484 F.2d 634 (9th Cir. 1973) .........................................................................5

*Lee v. Silveira*,
   6 Cal. App. 5th 527 (Cal. Ct. App. 2016)................................................................6

*Lincoln Benefit Life Co. V. Paige Fundament*,
   2018 WL 3854053 (C.D. Cal. Aug. 7, 2018) ........................................................5

*Mytee Prod., Inc. v. Studebaker Enterprises, Inc.*,
   2012 WL 4471246 (S.D. Cal. Sept. 26, 2012) ................................................10, 13

*Paramount Pictures Corp. v. Replay TV*,
   298 F. Supp. 2d 921 (C.D. Cal. 2004)................................................................9

*Preiser v. Newkirk*,
   422 U.S. 395 (1975) ................................................................................1, 6

*Rhoades v. Avon Prod., Inc.*,
   504 F.3d 1151 (9th Cir. 2007)................................................................6, 7

*Snell v. Cleveland, Inc.*,
   316 F.3d 822 (9th Cir. 2002) ................................................................5

*Spicy Beer Mix, Inc. v. New Castle Beverage*,
   2014 WL 7672167 (C.D. Cal. Aug. 1, 2014) ..................................................11, 12

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ................................................................................14

*Sunshine Kids Juvenile Prod., LLC v. Indiana Mills & Mfg., Inc.*,
   2011 WL 2020761 (W.D. Wash. May 24, 2011)................................................11

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995) ................................................................10, 11

*Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*,
   2018 WL 1896310 (C.D. Cal. Mar. 28, 2018) ........................................................5

*True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*,
   402 F. Supp. 2d 1093 (D. Ariz. 2005)................................................................11, 14

*Wahlberg v. Benson Builders, LLC*,
   2012 WL 3027984 (W.D. Mich. July 24, 2012) ..................................................10

1

**Statutes**

2

28 U.S.C. § 2201 .................................................................................................5, 6

3

Cal. Code Civ. Proc. § 1060 ..............................................................................5, 6

4

Federal Rule of Civil Procedure 12(b)(1)..................................................2, 5, 15

5

Federal Rule of Civil Procedure 12(h)(3) ...............................................................5

6

7

**Other Authorities**

8

U.S. Const. art. III, § 2, cl.1 ..................................................................................6

9

10B Wright & Miller, Federal Practice and Procedure § 2757 ......................................7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   INTRODUCTION

Plaintiff Stephanie Clifford's ("Plaintiff") claim for declaratory relief against defendant Donald J. Trump ("Mr. Trump") should be dismissed because it is moot and requests an impermissible advisory opinion.  As a result, the Court lacks subject matter jurisdiction to decide this claim.

The parties are in agreement that Mr. Trump did not sign the Confidential Settlement Agreement (the "Settlement Agreement"), dated October 28, 2016, at issue in Plaintiff's declaratory relief claim, and that Mr. Trump has never taken the position that he is a party to the Settlement Agreement, or affirmatively sought to invoke any rights under the Settlement Agreement.  [Harder Dec., Ex. B, Plaintiff's Opposition to Motion to Transfer SDNY Case No. 1:18-cv-03842, pp. 1-2, 8, 17.]  Moreover, Mr. Trump has covenanted that he does not, and will not, contest Plaintiff's assertion that the Settlement Agreement was never formed or in the alternative, should be rescinded, and Mr. Trump has also covenanted that he will not bring any action, proceeding or claim against Plaintiff to enforce any of the terms of the Settlement Agreement.  [Harder Dec., Ex. A, Covenant, p. 1.]  Mr. Trump has confirmed these covenants in several court filings.  [*See* ECF Nos. 80, 82.]

Under well-established precedent, Mr. Trump's covenant renders Plaintiff's declaratory relief claim against him moot and divests this Court of subject matter jurisdiction over the claim because there is no actual controversy between Mr. Trump and Plaintiff.  *See Gen. Motors Corp. v. Univ. of Rome "La Sapienza,"*, 2008 WL 11334169, at \*3 (C.D. Cal. July 10, 2008) (*Otero, S.J.*), quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  ("Not only must there been an actual controversy between interested parties, the 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'").

Accordingly, Mr. Trump respectfully requests that the Court dismiss with prejudice Plaintiff's declaratory relief claim against him for lack of subject matter

1    jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

2    **II.    STATEMENT OF FACTS**

3         On March 26, 2018, Plaintiff filed her First Amended Complaint ("FAC") in

4    this action.  [ECF No. 14, FAC.]  The FAC asserts one cause of action against Mr.

5    Trump for declaratory relief, seeking a declaration that the Settlement Agreement was

6    never formed, or **in the alternative**, is void, invalid or otherwise unenforceable.  [*See*

7    *Id.*, at pp. 8, 17 (prayer for relief requesting "a judgment declaring that no agreement

8    was formed between the parties, or in the alternative, to the extent an agreement was

9    formed, it is void, invalid, or otherwise unenforceable.").]

10        It is undisputed that Mr. Trump did not sign the Settlement Agreement.  [*Id.*, ¶¶

11   23-24, 41; Settlement Agreement, Ex. 1 to FAC, p. 14; Harder Dec., Ex. A, Covenant,

12   p. 1.]  It also is undisputed that Mr. Trump has never taken the position that he is a

13   party to the Settlement Agreement, or affirmatively sought to invoke any rights under

14   the Settlement Agreement.  Plaintiff recently confirmed these facts in her separate

15   defamation action against Mr. Trump, which has been transferred to this Court,

16   stating:

17                 Mr. Trump has never in fact taken the position that he is a

18                 party to the Settlement Agreement or affirmatively sought to

19                 invoke any rights under the Settlement Agreement in any

20                 action now pending – including those in California.

21   [Harder Dec., Ex. B, Plaintiff's Opposition to Motion to Transfer SDNY Case

22   No. 1:18-cv-03842, pp. 1-2.]

23        Plaintiff further stated that "[Mr. Trump] has not in any action asserted

24   standing under the Settlement Agreement."  [*Id.*, at p. 8.]

25        Plaintiff further stated:

26

27

28

> The fact that Mr. Trump has not taken these actions is, again, not surprising in light of his consistent refusal to take a position as to whether he is a party to the Settlement Agreement or to affirmatively seek to enforce any rights under it.

[*Id.*, at p. 17.]

Meanwhile, Plaintiff has consistently conducted herself as if the Settlement Agreement was never formed or is already void.  Plaintiff has embarked on an extensive publicity campaign for the purpose of describing an alleged relationship with Mr. Trump, including appearances on *60 Minutes*, *The View*, *Saturday Night Live*, and press conferences outside of U.S. courthouses, as well as widespread television news appearances and press conferences by her litigation counsel, Michael Avenatti, acting on her behalf.  [Harder Dec., Ex. C, *60 Minutes* transcript; Ex. D, *The View* transcript; Ex. E, *The View* tweet; Ex. F, *Saturday Night Live* transcript; Ex. G, Chart of Interviews.]  Plaintiff also recently released a book, entitled *Full Disclosure*, which purports to tell her story about her alleged relationship with Mr. Trump. [Harder Dec., Ex. H, Amazon.com page for *Full Disclosure*.]  The purported Settlement Agreement unambiguously prohibits such activities.  [ECF No. 14, Settlement Agreement, Ex. 1 to FAC.]  Thus, by engaging in such activities, while her pending declaratory relief claim seeks a declaration that the Settlement Agreement was never formed or is void, Plaintiff has consistently conducted herself as if the Settlement Agreement was never formed or is already void.

On September 8, 2018, Mr. Trump, through his counsel, provided a covenant to Plaintiff (the "Covenant"), stating that Mr. Trump does not, and will not contest Plaintiff's assertion that the Settlement Agreement was never formed or in the alternative, should be rescinded.  [Harder Dec., Ex. A, p. 1.]  Moreover, the Covenant provided that "Mr. Trump hereby covenants that he will not bring any action, proceeding or claim against Ms. Clifford to enforce any of the terms of the Settlement

Agreement." [*Id.*]  Because no actual controversy between Plaintiff and Mr. Trump regarding the Settlement Agreement remains, the Covenant requested that Plaintiff dismiss Mr. Trump from this action, or in the alternative, provide availability to meet and confer pursuant to Local Rule 7-3 regarding Mr. Trump's contemplated motion to dismiss for lack of subject matter jurisdiction. [*Id.*, at p. 3.]

On September 8, 2018, Mr. Trump filed a Supplemental Statement regarding the parties' Joint Rule 26(f) Report, which advised the Court of the Covenant. [ECF No. 80, Mr. Trump's Supplemental Statement.]  Mr. Trump's Supplemental Statement also requested that, in light of the fact that no actual controversy exists, the Court dismiss, *sua sponte*, Plaintiff's declaratory relief claim against Mr. Trump pursuant to the Court's inherent power. [*Id.*]

On September 10, 2018, Plaintiff filed a Response to Mr. Trump's September 8, 2018 Supplemental Statement, which opposed dismissal of the declaratory relief claim. [ECF No. 81, Plaintiff's Response to Supplemental Statement.]

On September 14, 2018, Mr. Trump filed a Response to Plaintiff's September 10, 2018 Response to his Supplemental Statement, which further explained the legal basis for dismissal and provided authority to show that Plaintiff's position was contrary to law and without merit. [ECF No. 82, Mr. Trump's Response.]

On September 25, 2018, the Court issued an Order setting a briefing schedule and hearing on whether a case in controversy remains with regard to Plaintiff's declaratory relief claim. [Order, ECF No. 83.]

On September 27, 2018, Mr. Trump's counsel emailed Plaintiff's counsel with an offer to further meet and confer on Mr. Trump's then-forthcoming motion. [Harder Dec., Ex. J, Email.]  Plaintiff's counsel did not respond to the email. [Harder Dec., ¶ 11.]

## III. **ARGUMENT**

### A. **Legal Standard**

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988); *see also Snell v. Cleveland, Inc.,* 316 F.3d 822, 826 (9th Cir. 2002).

"Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims.  Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists." *Lincoln Benefit Life Co. V. Paige Fundament*, 2018 WL 3854053, at *2 (C.D. Cal. Aug. 7, 2018).  "Rule 12 dismissals for lack of a justiciable controversy are nondiscretionary and are to be entered whether the parties object or not." *Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*, 2018 WL 1896310, at *6 (C.D. Cal. Mar. 28, 2018), citing *Int'l Video Corp. v. Ampex Corp.*, 484 F.2d 634, 636 (9th Cir. 1973).  "The party seeking a declaratory judgment bears the burden of showing an 'actual controversy'." *Gen. Motors Corp. v. Univ. of Rome "La Sapienza,"*, 2008 WL 11334169, at *4 (C.D. Cal. July 10, 2008) (*Otero, S.J.*).

### B. **The Federal Declaratory Judgment Act Governs Plaintiff's Claim**

As an initial matter, although the FAC refers to both the California Declaratory Relief Act (Cal. Code Civ. Proc. § 1060) and the Federal Declaratory Judgment Act (28 U.S.C. § 2201), The Federal Declaratory Judgment Act governs this case.  *See Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds by *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (applying Federal Declaratory Relief Act to California state complaint

because "When [defendant] removed the case [for declaratory relief under the California Declaratory Relief Act] to federal court, based on diversity of citizenship, the claim remained one for declaratory relief, but the question whether to exercise federal jurisdiction to resolve the controversy became a procedural question of federal law… The Declaratory Judgment Act, 28 U.S.C. § 2201, is the procedural statute under which a federal court determines whether to exercise its jurisdiction to hear a case such as the present one.")  In any event, "whether the state or federal statute applies makes little difference as a practical matter, as the two statutes are broadly equivalent."  *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014).

## C.     A Claim For Declaratory Relief Requires The Presence Of An Actual Controversy

"As required by Article III, courts may adjudicate only actual cases or controversies.  U.S. Const. art. III, § 2, cl.1.  When presented with a claim for a declaratory judgment, therefore, federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion."  *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007).  Similarly, Cal. Code Civ. Proc. § 1060 "does not embrace controversies that are conjectural, anticipated to occur in the future, or an attempt to obtain an advisory opinion from the court."  *Lee v. Silveira*, 6 Cal. App. 5th 527, 546 (Cal. Ct. App. 2016) (internal quotations omitted).

"Not only must there been an actual controversy between interested parties, the 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"  *Gen. Motors Corp. v. Univ. of Rome "La Sapienza,"*, 2008 WL 11334169, at *3 (C.D. Cal. July 10, 2008) (*Otero, S.J.*), quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  Similarly under Cal. Code Civ. Proc. § 1060, "[a] question may be deemed moot when, although it initially presented an existing controversy, the passage of time or the acts of the parties or a court decision have deprived the

controversy of its life." *Boccato v. City of Hermosa Beach*, 158 Cal. App. 3d 804, 808 (Cal. Ct. App. 1984).

Absent a true case or controversy, a complaint for declaratory relief "will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Prod.*, Inc., 504 F.3d 1151, 1157 (9th Cir. 2007); *see also Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1103-04 (9th Cir. 2006). "Where there is no justiciable controversy the proper remedy is not to render judgment for one side or the other, but to dismiss." *Connerly v. Schwarzenegger*, 146 Cal. App. 4th 739,752 (2007).

### D.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory Relief Claim Against Mr. Trump Because There Is No Actual Controversy

This Court lacks subject matter jurisdiction over Plaintiff's declaratory relief claim against Mr. Trump because no actual controversy exists between the parties. Mr. Trump has expressly disclaimed any potential countervailing rights under the Settlement Agreement by: (a) confirming that the parties are in agreement that he did not sign the Settlement Agreement; (b) stipulating that he does not, and will not, contest Plaintiff's assertion that the Settlement Agreement was never formed; and (c) covenanting not to sue Plaintiff to enforce any terms of the Settlement Agreement. [Harder Dec., Ex. A, Covenant, p. 1.] *See* 10B Wright & Miller, Federal Practice and Procedure § 2757 ("The presence of a controversy must be measured at the time the court acts.  It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy, or if the opposing party disclaims the assertion of countervailing rights.").  Plaintiff's declaratory relief claim is therefore moot and she is not entitled to any judgment against Mr. Trump because it would be nothing more than an advisory opinion, which this Court does not have jurisdiction to render.  Additionally, Plaintiff need not consent to Mr. Trump's disclaimer to warrant dismissal of the claim for lack of

1  subject matter jurisdiction.

2      Courts routinely dismiss declaratory relief claims for lack of subject matter

3  jurisdiction, despite opposition from the recipient of the covenant, under similar

4  circumstances.  In *Gen. Motors Corp. v. Univ. of Rome "La Sapienza,"*, 2008 WL

5  11334169 (C.D. Cal. July 10, 2008) (*Otero, S.J.*), General Motors brought a

6  declaratory relief claim against several defendants for a judgment that it was the sole

7  owner of the patents at issue.  *Id.*, at *2.  Certain defendants (the "Professors") moved

8  to dismiss the action for lack of subject matter jurisdiction on the ground that there

9  was no actual controversy as to the Professors because they disclaimed any ownership

10  interest in the patents and covenanted that they would not claim any such rights in the

11  future.  *Id.*, at *5-6.  General Motors opposed this motion and argued that the

12  covenants entitled it to to a summary judgment on its declaratory relief claims.  *Id.*

13  This Court expressly rejected this argument and held that the Professors' covenants

14  "divest[ed] this Court of subject matter jurisdiction."  *Id.*, at *6.  In granting the

15  motion, this Court held that it lacked subject matter jurisdiction because "there is no

16  actual controversy between GM and the Professors" on the basis of the Professors'

17  "unconditional promise not to sue" General Motors.  *Id.*

18      In *Fleming v. Coverstone*, 2010 WL 11508869 (S.D. Cal. June 17, 2010), the

19  defendant ("Coverstone") brought a declaratory relief claim against the

20  counterdefendant ("Fleming"), seeking a judgment that Coverstone owed Fleming no

21  obligations under the contract at issue.  *Id.*, at *4.  Fleming moved to dismiss the

22  claim for lack of subject matter jurisdiction and claimed that there was no case or

23  controversy because she "unambiguously declared that she is not a signator to any

24  contract with Coverstone," and covenanted that she would not file any action against

25  Coverstone related to the contract at issue.  *Id.*  Although Coverstone opposed, the

26  court granted the motion because there was no actual controversy as to whether

27  Fleming had any rights under the contract at issue, stating:

28

[W]here "the opposing party disclaims the assertion of countervailing rights," a claim for a declaratory judgment is moot. 10B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2757, citing *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 434-35 (1947). **[Fleming's] statements that she did not sign the contract and will not sue moot the declaratory judgment claim.**

*Id*, at *5 (emphasis added).

In *Paramount Pictures Corp. v. Replay TV*, 298 F. Supp. 2d 921 (C.D. Cal. 2004), defendants ("Copyright Owners") moved to dismiss plaintiffs' ("*Newmark* Plaintiffs") declaratory relief claim for lack of subject matter jurisdiction after Copyright Owners covenanted not to sue *Newmark* Plaintiffs related to potential copyright infringement claims, which covenant was made after the action had been filed. *Id.*, at 924. The *Newmark* Plaintiffs opposed, arguing that the covenant did not resolve the controversy because the covenant was unilateral and not supported by consideration. *Id.*, at 926. The court rejected this argument and granted the motion because the covenant not to sue and the dismissal of related actions "put an end to the controversy":

The *Newmark* Plaintiffs' claims have been mooted by the dismissal of the *RePlayTV* actions and the Copyright Owners' covenant not to sue. In the absence of an actual case or controversy, the Court is without subject matter jurisdiction and is constitutionally constrained from further considering the issues presented by the *Newmark* Plaintiffs' claims. Accordingly, the Copyright Owners' Motion to Dismiss is granted.

*Id.*, at 927.

-9-

     *See also Mytee Prod., Inc. v. Studebaker Enterprises, Inc.*, 2012 WL 4471246, at \*2-3 (S.D. Cal. Sept. 26, 2012) (granting defendants' motion to dismiss for lack of subject matter jurisdiction because defendants' covenant not to sue made after filing of declaratory relief claim "removed any continuing case or controversy between [the] parties."); *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1373 (10th Cir. 2011) (vacating district court's judgment on grounds that it lacked subject matter jurisdiction because, at time of judgment, defendant stipulated to plaintiff's position on issue in dispute, and "[a]bsent another identifiable claim against [plaintiff], there was no actual controversy to be resolved in the declaratory-judgment action."); *Wahlberg v. Benson Builders, LLC*, 2012 WL 3027984, at \*7 (W.D. Mich. July 24, 2012) (dismissing declaratory relief claim related to validity and enforceability of agreement for lack of subject matter jurisdiction because defendant did not claim any countervailing rights and there were no facts to support that a breach of contract claim was likely or imminent).

     Accordingly, because there is no actual controversy between Plaintiff and Mr. Trump, the Court lacks subject matter jurisdiction over her declaratory relief claim against him.

**E.    Mr. Trump's Covenant Is Sufficient To Divest The Court Of Jurisdiction**

     It is well-established that a covenant not to sue need not take any specific form to be effective, and may be made by counsel.

     In *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054  (Fed. Cir. 1995), overruled on other grounds by *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), the Federal Circuit affirmed the district court's dismissal of the declaratory relief action for lack of subject matter jurisdiction based on a covenant not to sue made by plaintiff's counsel in motion papers. *Id.*, at 1059.  In opposing the dismissal, the defendant argued that "[plaintiff's promise not sue] as a statement of counsel in motion papers and briefs, rather than a covenant signed by [plaintiff] itself

1  and filed with the court—deprives the promise of any power it might otherwise have

2  to moot this case." *Id.*  The Court of Appeals rejected this argument and held the

3  covenant in motion papers was sufficient to divest the court of subject matter

4  jurisdiction, stating: "[plaintiff] cannot free itself of the estoppel that its counsel has

5  created with respect to [defendant] merely by retaining different counsel, and no rule

6  of agency law with which we are familiar can relieve [plaintiff] of the estoppel on the

7  ground that its current counsel acted *ultra vires*…[plaintiff] itself is bound, both now

8  and in the future, by its promise not to sue [defendant]." *Id.*

9       Similarly, in *Spicy Beer Mix, Inc. v. New Castle Beverage*, 2014 WL 7672167

10  (C.D. Cal. Aug. 1, 2014) (*Otero, S.J.*), this Court held that a letter from defendants'

11  counsel, containing a promise not to sue on behalf of defendants, constituted a valid

12  and enforceable covenant that divested the Court of subject matter jurisdiction.  *Id.*, at

13  *6.  Citing, *Super Sack*, this Court further held that: "[i]t makes no difference that this

14  representation [about the scope of the covenant] is made by Defendants' counsel in

15  motion papers and briefs, rather than in a covenant signed by Defendants themselves.

16  Defendants would still be estopped from asserting anything to the contrary in any

17  future judicial proceedings."  *Id.*, at *6; *See also Sunshine Kids Juvenile Prod., LLC v.*

18  *Indiana Mills & Mfg., Inc.*, 2011 WL 2020761, at *6 (W.D. Wash. May 24, 2011)

19  ("[T]he form of [defendant's] covenant as a statement of counsel in motion papers

20  and briefs (and without a signature) does not undermine the enforceability of an

21  otherwise sufficient covenant not to sue."); *City of Parma, Ohio v. Cingular Wireless,*

22  *LLC*, 278 F. App'x 636, 640 (6th Cir. 2008) (defendant's counsel's oral statements to

23  court that his client disclaimed rights under agreement at issue divested court of

24  jurisdiction); *True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 402 F. Supp. 2d

25  1093, 1095 (D. Ariz. 2005) (counsel's covenant on behalf of defendants in filings and

26  on the record at court hearing divested the court of jurisdiction).

27       Accordingly, Mr. Trump's Covenant, signed by his counsel and confirmed in

28  multiple court filings, is valid, enforceable and sufficient to divest this Court of

subject matter jurisdiction.  [*See* Harder Dec., Ex. A, Covenant.]

**F.  Plaintiff Is Not Entitled To A Judgment Against Mr. Trump**

Mr. Trump does not contest Plaintiff's assertion that the Settlement Agreement was never formed, which is the primary relief sought in the FAC.  All other relief is pled **in the alternative**.  [ECF No. 14, FAC, p. 17.]  In any event, it is settled law that Mr. Trump's covenant not to sue Plaintiff to enforce the Settlement Agreement divests the Court of subject matter jurisdiction, without the entry of any judgment.

In *Gen. Motors Corp. v. Univ. of Rome "La Sapienza,"*, 2008 WL 11334169 (C.D. Cal. July 10, 2008) (*Otero, S.J.*), plaintiff General Motors argued that defendants' covenants entitled General Motors to a summary judgment on its declaratory relief claim related to ownership of the patents at issue.  *Id.*, at *6.  This Court rejected the argument and held that the "covenants divest this Court of subject matter jurisdiction," and dismissed the declaratory relief claim against the covenanting defendants without issuing a judgment.  *Id.*

In *Spicy Beer Mix, Inc. v. New Castle Beverage*, 2014 WL 7672167 (C.D. Cal. Aug. 1, 2014) (*Otero, S.J.*), plaintiff filed a declaratory relief action to invalidate the patents at issue and for a judgment that the patents were unenforceable based on inequitable conduct by defendants.  *Id.*, at *2.  In holding that the letter from defendants' counsel was a sufficient covenant to divest the Court of subject matter jurisdiction, this Court dismissed the declaratory relief claims without ruling on the validity or unenforceability of the patents.  *Id*., at *7.

In *Fleming v. Coverstone*, 2010 WL 11508869 (S.D. Cal. June 17, 2010), the defendant brought a declaratory relief claim against the counterdefendant, seeking a judgment that defendant owed counterdefendant no obligations under the contract at issue.  *Id.*, at *4.  After counterdefendant declared that she was not a party to the contract and covenanted not to sue thereunder, the court dismissed the declaratory relief claim for lack of subject matter jurisdiction without ruling on the validity of the contract or the parties' obligations thereunder.  *Id.*, at 4-5.

In *Mytee Prod., Inc. v. Studebaker Enterprises, Inc.*, 2012 WL 4471246 (S.D. Cal. Sept. 26, 2012), the court granted defendants' motion to dismiss plaintiff's declaratory relief claim for non-infringement and invalidity of patent for lack of subject matter jurisdiction, without determining the validity of the patent, based upon a covenant not to sue. *Id.,* at 3.  In dismissing the claim, the court stated: "a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the convent eliminates any case or controversy between the parties." *Id.*, at *2, citing *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010).

Here, Mr. Trump's Covenant divests the Court of subject matter jurisdiction because it eliminates any actual controversy.  Accordingly, Plaintiff is not entitled to a judgment on her declaratory relief claim against Mr. Trump.

### G. Plaintiff Cannot Create An Actual Controversy Based On A Potential Claim For Her Attorneys' Fees Or Disposition Of The $130,000 She Received

Plaintiff is not entitled an award of attorneys' fees against Mr. Trump.  Both Plaintiff and Mr. Trump are in agreement that Mr. Trump did not sign the Settlement Agreement, has never taken the position that he is a party to the Settlement Agreement, and has never affirmatively sought to invoke any rights under the Settlement Agreement.  [Harder Dec., Ex. B, Plaintiff's Opposition to Motion to Transfer SDNY Case No. 1:18-cv-03842, pp. 1-2, 8, 17.][1]  Even so, a dispute over attorneys' fees is not sufficient to create subject matter jurisdiction where it does not otherwise exists.

---

[1] Plaintiff's original Complaint and FAC do not seek attorneys' fees.  [*See* ECF No. 1-1, Complaint, p. 7; ECF No. 14, FAC, p. 17.]  Mr. Trump reserves the right to contest Plaintiff's ability to make such a request.

In *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F. App'x 636 (6th Cir. 2008), plaintiff filed suit against defendant for anticipatory breach of an agreement between the parties and for a declaratory judgment that defendant could not terminate the agreement. *Id.*, at 638. During a hearing before the court, the defendant's counsel represented that the defendant did not take the position that it could terminate the agreement and disclaimed any right to do so. *Id.*, at 640-41. Additionally, defendant never asserted that it could terminate the agreement and the defendant sent a letter to plaintiff stating that it would not seek to terminate the agreement. *Id.* Based on these facts, the Sixth Circuit affirmed the district court's dismissal based on the "absence of a case or controversy." *Id.*, at 641-42. The court also expressly held that "if [plaintiff's] efforts to secure a declaratory judgment are for the purpose of exacting attorney's fees, that interest alone will not suffice to satisfy the case or controversy requirement." *Id.*, at 642, citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("An interest in attorney's fees is … insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.").

Similarly, the court in *True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 402 F. Supp. 2d 1093 (D. Ariz. 2005) held that the plaintiffs' "prayer for attorneys' fees does not provide an independent basis for jurisdiction" after it found that the defendants' covenant, made by counsel in fillings and on the record at a hearing, divested the court of jurisdiction to hear plaintiffs' declaratory relief claim because "[plaintiff's] fees request is simply a remedy sought for the declaratory judgment claims over which the Court has no subject matter jurisdiction." *Id.*, at 1100; *see also Clear Channel Outdoor, Inc. v. Lee*, 2009 WL 57110, at *2 (N.D. Cal. Jan. 8, 2009) (declining to consider motion for attorneys' fees after finding the court lacked subject matter jurisdiction).

Here, a request for attorneys' fees by Plaintiff would be nothing more than a remedy sought in connection with her declaratory relief claim, over which this Court does not possess subject matter jurisdiction. Accordingly, subject matter jurisdiction

1  cannot exist based on Plaintiff's potential claim for her attorneys' fees.

2       Finally, any dispute between Plaintiff and defendant Essential Consultants,

3  LLC ("EC") relating to the $130,000 that EC paid to Plaintiff does not create an

4  actual controversy between Plaintiff and Mr. Trump.  Mr. Trump takes no position

5  regarding these funds.  In other words, Mr. Trump is not making any claim, and will

6  not make any claim, to these funds.

7  **IV.**   **CONCLUSION**

8       For the foregoing reasons, Mr. Trump respectfully requests that the Court

9  dismiss with prejudice Plaintiff's declaratory relief claim against him for lack of

10  subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

11

12  Dated: October 8, 2018        HARDER LLP

13

14            By: _/s/ Charles J. Harder_

               CHARLES J. HARDER

15                 Attorneys for Defendant

16                 DONALD J. TRUMP

17

18

19

20

21

22

23

24

25

26

27

28