Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Defendants*
*Essential Consultants, LLC and Michael Cohen*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**DEFENDANT ESSENTIAL CONSULTANTS LLC'S MOTION TO DISMISS PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(b)(1)**<br><br>[Declaration of Brent H. Blakely Filed Concurrently Herewith]<br><br>Assigned to the Hon. S. James Otero<br>Action Filed: March 6, 2018<br><br>Date:     December 3, 2018<br>Time:    10:00 a.m.<br>Location: 350 West 1st Street<br>             Courtroom 10C, 10th Floor<br>             Los Angeles, CA 90012 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2018 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 10C, located at the United States District Court, 350 West 1st Street, Los Angeles, California 90012, the Honorable S. James Otero presiding, Defendant Essential Consultants LLC ("EC") will and hereby does move pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) on that basis that this Court lacks subject matter jurisdiction over Plaintiff's First Cause of Action for Declaratory Relief in the First Amended Complaint of Plaintiff Stephanie Clifford ("Clifford" or "Plaintiff") filed on or about March 26, 2018. (ECF No. 14)

This Motion shall be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Brent H. Blakely filed concurrently herewith (with exhibits), the anticipated reply papers, all materials that may be properly considered in connection with this motion, and oral argument at the hearing.

EC files this Motion in accordance with the Court's September 24, 2018 scheduling order. (ECF No. 83, Order) Plaintiff and EC have exchanged their respective positions in connection with this Motion in correspondence and filings with the Court.  Despite having made numerous requests that Plaintiff meet and confer regarding EC's Motion to Dismiss, Plaintiff's counsel has failed and/or otherwise refused to respond to same.  [Blakely Decl., ¶¶ 2-4]

Dated: October 8, 2018               BLAKELY LAW GROUP

                                     By:   /s/ Brent H. Blakely
                                           Brent H. Blakely
                                           Jessica C. Covington
                                           **Attorneys for Defendants**
                                           **Essential Consultants, LLC and**
                                           **Michael Cohen**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................... 2

III. CLIFFORD'S FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT IS MOOT AND IS A REQUEST FOR AN IMPERMISSABLE ADVISORY OPINION ................................................. 4

    A.  Legal Standard ................................................................................ 4

    B.  The Declaratory Judgment Act Requires an Actual Case or Controversy ..................................................................................... 5

    C.  Clifford's First Cause of Action Seeks the Rescission of the Confidential Settlement Agreement ................................................. 7

    D.  The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory Relief Claim Against EC Because There Exists No Actual Controversy ......................................................................... 8

    E.  Plaintiff is Not Entitled to Attorneys' Fees and Her Claim For Same Does Not Preclude Mootness ............................................... 10

IV.  CONCLUSION ......................................................................................... 12

# TABLE OF AUTHORITIES

<u>Cases</u>

*ab initio." Long v. Newlin*
 (1956) 144 Cal. App. 2d 509 ................................................................. 7, 10

*Aetna Life Ins. Co. v. Haworth*,
 300 U.S. 227 (1937) ................................................................................ 4, 6

*Arizonans for Official English v. Arizona*,
 520 U.S. 43 (2009) ....................................................................................... 4

*Arris Grp., Inc. v. British Telecommunications PLC*,
 639 F.3d 1368 (Fed. Cir. 2011) .................................................................... 6

*Attorneys Trust v. Videotape Computer Products, Inc.*,
 93 F.3d 593 (9th Cir. 1996) .......................................................................... 4

*A-Z Int'l v. Phillips*,
 323 F.3d 1141 (9th Cir. 2003) ...................................................................... 5

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
 495 F.3d 1340 (Fed. Cir. 2007) .................................................................... 5

*Brown v. M Street Five, LLC*,
 56 A.3d 765 (D.C. App. 2012) ................................................................... 11

*City of Parma. Ohio v. Cingular Wireless, LLC*,
 278 F. App'x 636 (6th Cir. 2008) ........................................................ 4, 9, 11

*Clear Channel Outdoor, Inc. v. Lee*,
 2009 U.S. Dist. LEXIS 2734 (N.D. Cal. Jan 8, 2009) ................................ 11

*Columbian Fin. Corp. v. BancInsure, Inc,*,
 650 F.3d 1372 (10th Cir. 2011) .................................................................... 4

*Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
 546 F.3d 981 (9th Cir. 2008) ........................................................................ 5

*Evans v. Rancho Royale Hotel Co.*
 (1952), 114 Cal. App. 2d 503 ....................................................................... 8

*Fleck and Assoc, Inc,. v. Phoeniz, An Arizona Mun. Corp.*,
 471 F. 3d 1100 (9th Cir. 2006) ..................................................................... 5

*Gen. Motors Corp. v. Univ fo Rome "La Sapienza,"*
 2008 WL 11334169 (C.D. Cal. July 10, 2008) ......................................... 1, 6

*Golden Pisces, Inc. v. Fred Wahl Marine Constr., Inc.*,
 495 F.3d 1078 (9th Cir. 2007) .............................................................. 10, 11

*Larsen v. Johannes*
 (1970) 7 Cal. App. 3d 491 ............................................................................ 8

| | |
|---|---|
| *Lemle v. Barry* (1919) 181 Cal. 1, 5 | 8 |
| *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990) | 4 |
| *Long v. Newlin* (1956) 144 Cal.App.2d 509 | 8 |
| *Maryland Gas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) | 6 |
| *McBride v. Boughton* (2004) 123 Cal.App.4th 379 | 7 |
| *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) | 6 |
| *Microchip Tech., Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936 (Fed. Cir. 2006) | 6 |
| *Muskrat v. United States*, 219 U.S. 346, 362 (1911) | 10 |
| *Nakash v. Superior Court* (1987) 196 Cal.App.3d 59, 70 | 7 |
| *Nmsbpcsldhb v. County of Fresno* (2007) 152 Cal. App. 4th 954, 959 | 7 |
| *Paramount Pictures Corp. v. Replay TV*, 298 F. Supp.2d 921 (C.D. Cal. 2004) | 4, 8 |
| *Rhoades v. Avon Products, Inc.*, 504 F. 3d 1151 (9th Cir. 2007) | 5, 7 |
| *Roberts v. Corrothers*, 812 F.2d 1173 (9th Cir. 1987) | 5 |
| *Rubber Recycling, Inc. v. Encore Int'l, Inc.*, 2011 U.S. Dist. LEXIS 11678 (C.D. Cal. 2011) | 1 |
| *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) | 6 |
| *Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) | 8 |
| *Saunders v. Cariss* (1990) 224 Cal.App.3d 905 | 7 |
| *Scollan v. Government Employees Ins. Co.* (1963) 222 Cal.App.2d 181 | 8 |
| *SEC v. Medical Comm'n for Human rights*, 404 U.S. 403 (1972) | 10 |

*Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*,
 497 F.3d 1271 (Fed. Cir. 2007) .................................................................................. 6

*Steel Co. v. Citizen for a Better Env't*,
 523 U.S. 83 (1998) .................................................................................................. 11

*Steffel v. Thompson*,
 415 U.S. 452, 459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) ........................... 5

*Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*,
 2018 WL 1896310 (C.D. Cal. Mar. 28, 2018) .......................................................... 4

*True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*,
 402 F. Supp. 2d 1093 (D. Ariz. 2005) ..................................................................... 11

*U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*,
 2011 U.S. Dist. LEXIS 11678 (C.D. Cal. 2011) ....................................................... 9

*Village Northridge Homeowner's Assn. v. State Farm*
 (2010) 50 Cal. 4th 913 .............................................................................................. 8

*Wahlberg v. Benson Builders, LLC*,
 2012 WL 3027984 (W.D. Mich. July 24, 2012) ....................................................... 4

*Westlands v. NRDC*,
 276 F. Supp. 2d 1046 (E.D. Cal. 2003) ................................................................... 10

*Wilton v. Seven Falls Co.*,
 515 U.S. 277 (1995) .................................................................................................. 7

Statutes

28 U.S.C. § 2201 ............................................................................................................ 4

28 U.S.C. § 2201(a) ....................................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Stephanie Clifford aka Stormy Daniel's First Cause of Action for declaratory relief seeks the rescission of the October 28, 2016 Confidential Settlement Agreement ("Settlement Agreement") between herself and Defendant Essential Consultants LLC ("EC"). In other words, Ms. Clifford wants to tear up the Settlement Agreement and no longer be bound by the non-disclosure provisions contained therein. EC has, in clear and unequivocal terms, agreed to the rescission of the Settlement Agreement. (Blakely Decl., Exh. A) This rescission by the parties' mutual consent extinguished the Settlement Agreement, which is now treated as if it had never existed in the first place. As a result, Ms. Clifford's claim for declaratory relief is moot, there is no longer any actual case or controversy, and this Court no longer has subject matter jurisdiction over this claim.

EC's Covenant Not to Sue provides a separate and independent basis for the dismissal of Plaintiff's claim for declaratory relief. EC has covenanted that it will not bring any claims against Plaintiff regarding the validity and/or enforcement of the Settlement Agreement, including but not limited to any claims against Plaintiff for breach thereof. (Blakely Decl., Exh. A) Under controlling authority, EC's covenant renders Plaintiff's declaratory relief claim against it moot and divests the Court of subject matter jurisdiction over the claim because there is no actual controversy between EC and plaintiff. *See U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, 2011 U.S. Dist. LEXIS 11678 (C.D. Cal. 2011) (Otero, S.J.); *Gen Motors Corp. v. Univ of Rome "La Sapienza,"* 2008 WL 11334169 at *3 (C.D. Cal. July 10, 2008) (Otero, S.J.).

EC's acceptance of the rescission along with the Covenant Not to Sue divested this Court of subject matter jurisdiction over Ms. Clifford's claim for declaratory relief. Accordingly, EC respectfully requests that the Court dismiss with prejudice

Ms. Clifford's First Cause of Action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. FACTUAL BACKGROUND

Plaintiff Stephanie Clifford is an adult-film actress and exotic dancer. Ms. Clifford alleges that she had "an intimate relationship with Mr. Trump" in 2006-2007. (ECF No. 14, First Amended Complaint ("FAC"), ¶ 10) In October 2016, according to an exclusive news report, Ms. Clifford unsuccessfully attempted to sell a story about an alleged one-night-stand with Mr. Trump to tabloid magazines and related outlets for $200,000. (ECF No. 31-1, Blakely Decl., ¶ 4, Ex. D, 3/29/18 Daily Mail Article.)

Instead, Plaintiff admittedly signed a written Settlement Agreement and Mutual Release dated October 28, 2016. (ECF No. 14, FAC ¶¶ 17-23 and Exs. 1-2; ECF No. 31-2; Cohen Decl., ¶¶ 2-3.) In the Settlement Agreement, Ms. Clifford promised to arbitrate any dispute that might later arise between her and Mr. Trump. (ECF No. 14; FAC Ex. 1 [p. 10].) Plaintiff also promised not to publicly disclose any Confidential Information (as defined in the Settlement Agreement), including any of Mr. Trump's "alleged sexual partners, alleged sexual actions or alleged sexual conduct." (Id. pp. 4-8.)

As consideration for Ms. Clifford's promises to arbitrate and to maintain confidentiality, EC paid and Ms. Clifford admittedly accepted, the sum of $130,000. (*See* ECF No. 14; FAC ¶ 24 and Ex. 1 [p. 4, ¶23]) For the next sixteen months, Ms. Clifford did not reject the Settlement Agreement or make any attempt to return the $130,000 that she was paid by EC. (ECF No. 31-2; Cohen Decl., ¶¶ 2-3.)

On or about February 22, 2018, EC filed an arbitration proceeding with ADR Services, Inc. ("ADRS") in Los Angeles (the "Arbitration"), pursuant to the arbitration provision in the Settlement Agreement. (ECF No. 31-2; Cohen Decl., ¶ 8) Upon EC's emergency application for a Temporary Restraining Order, the arbitrator (a retired California Superior Court judge) issued an order prohibiting Clifford from

violating the Settlement Agreement by, among other things, disclosing any Confidential Information to the media or in court filings. (Id. at ¶ 9)

In response, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles on March 6, 2018, seeking a declaratory judgment that the Agreement is void, invalid, or unenforceable. (See ECF No. 1-1; *generally*, Notice of Removal, Ex. 1)

On March 26, 2018, Plaintiff filed the FAC adding several new purported defenses to the arbitration provision and the Second Claim for Defamation against Mr. Cohen. (ECF No. 14)   Plaintiff's FAC asserts two causes of action: (1) a claim for declaratory relief to invalidate the Settlement Agreement, dated October 28, 2016, by and between EC and Plaintiff; and (2) a claim for defamation against Mr. Cohen.

On September 7, 2018 Defendant EC accepted the rescission of the Settlement Agreement and provided Plaintiff with a Covenant Not to Sue in connection with same which provides as follows:

> *Essential Consultants LLC covenants not to assert any rights and/or claims against Stephanie Clifford aka Stormy Daniels with respect to the validity and/or enforcement of the Confidential Settlement Agreement, including but not limited to any claims against Stephanie Clifford aka Stormy Daniels for breach thereof.  Essential Consultants LLC does reserve the right to seek reimbursement for the $130,000 in consideration paid to Stephanie Clifford in connection therewith.*

(Blakely Decl. Ex. A; ECF No. 79, Ex. A).

On September 8, 2018, Defendant Trump filed a Supplemental Statement Regarding Joint Rule 26(f) Report wherein it represented that:

> *Mr. Trump does not, and will not, contest Ms. Clifford's assertion that the Settlement Agreement was never formed, or in the alternative, should be rescinded. Moreover, Mr. Trump covenants that he will not bring any action, proceeding or claim against Ms. Clifford to enforce any of the terms of the Settlement Agreement.*

(ECF No. 80 p. 2)

## III. CLIFFORD'S FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT IS MOOT AND IS A REQUEST FOR AN IMPERMISSABLE ADVISORY OPINION

A court may only enter a declaratory judgment if there is an actual controversy between the parties. *See* 28 U.S.C. § 2201; *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, (1937). If there is no actual controversy, this Court is without jurisdiction. See *id*.

### A. Legal Standard

Article III of the Constitution permits federal courts to adjudicate only actual cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "An actual controversy must be extant at all states of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (2009). "It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy, or if the opposing party disclaims the assertion of countervailing rights." *Fleming c, Coverstone*, 2010 WL 11508869, at *5 (S.D. Cal. June 17, 2010); *Paramount Pictures Corp. v. RePlayTV*, 298 F.Supp.2d 921, 924-927 (C.D. Cal 2002); *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F.App'x 636, 641-42 (6th Cir. 2008); *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1381-82 (10th Cir. 2011); *Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd*, 2018 WL 1896310, at *6 (C.D. Cal. Mar. 28, 2018); *Wahlberg v. Benson Builders, LLC*, 2012 WL 3027984, at *7 (W.D. Mich. July 24, 2012).

Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The subject matter jurisdiction of the district court is not waivable, and may be raised at any time, by any party. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*). "A federal court is presumed to

lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) Thus, a party claiming jurisdiction based on the Declaratory Judgment Act carries the burden to establish that such jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also, Steffel v. Thompson*, 415 U.S. 452, 459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction. The court may consider extrinsic evidence; and if the evidence is disputed, it may weigh the evidence and determine the facts in order to satisfy itself as to its power to hear the case: The existence of disputed material facts will not prevent the trial court from evaluating for itself the merits of jurisdictional claims. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### B. The Declaratory Judgment Act Requires an Actual Case or Controversy

The Declaratory Judgment Act provides jurisdiction "[i]n a case of actual controversy . . . [to] any court of the United States . . . [so that it] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Absent a true case or controversy, a claim for declaratory relief will fail for lack of jurisdiction under Rule 12(b)(1). *See Fleck and Assoc, Inc,. v. Phoeniz, An Arizona Mun. Corp.*, 471 F. 3d 1100, 1103-04 (9th Cir. 2006); *Rhoades v. Avon Products, Inc.*, 504 F. 3d 1151, 1157 (9th Cir. 2007).

An actual controversy exists where "the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[1] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Gas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). An "adverse legal interest" requires a dispute as to a legal right, "for example, an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring." *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1374 (Fed. Cir. 2011). This is not a bright-line test. *See, e.g.*, *Maryland Gas.*, 312 U.S. at 273; *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007). The Supreme Court has acknowledged that this inquiry will necessarily be fact specific and must be made in consideration of all the relevant circumstances. *See MedImmune*, 549 U.S. at 127. "Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." *Microchip Tech., Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006). "Not only must there have been an actual controversy between interested parties, the 'actual controversy must be extant at all states of review, not merely at the time the complaint is filed.'" *Gen. Motors Corp. v. Univ of Rome "La Sapienza,"* 2008 WL 11334169 at *3 (C.D. Cal. July 10, 2008) (Otero, S.J.).

In determining jurisdiction pursuant to the Declaratory Judgment Act, a district court has "unique and substantial discretion in deciding whether to declare the rights

---

[1] "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune*, 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). Consequently, the analysis of whether "a case of actual controversy" exists is essentially an analysis of whether Article III standing exists. *See generally, id.*; *see also, e.g.*, *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007), *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008).

of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Absent a true case or controversy, a complaint for declaratory relief "will fail for lack of jurisdiction under Rule 12(b)(1)." *Rhoades v. Avon Prod., Inc.*, 504 F. 3d 1151, 1157 (9th Cir. 2007).

### C. Clifford's First Cause of Action Seeks the Rescission of the Confidential Settlement Agreement

Rescission "is not a cause of action; it is a remedy." *Nakash v. Superior Court* (1987) 196 Cal.App.3d 59, 70. To determine the nature of Clifford's cause of action, courts look at the facts alleged, not its label. *See, e.g.*, *Saunders v. Cariss* (1990) 224 Cal.App.3d 905, 908; *McBride v. Boughton* (2004) 123 Cal.App.4th 379, 387. Clifford's First Cause of Action seeks "a judgment declaring that no agreement was formed between the parties, or in the alternative, to the extent an agreement was formed, it is void, invalid, or otherwise unenforceable." (Dkt. No. 14, pg. 18) This is a classic claim for rescission.

"Rescission" is a "retroactive termination" of a contract, as compared to "cancellation," which is a "prospective termination." *Nmsbpcsldhb v. County of Fresno* (2007) 152 Cal. App. 4th 954, 959. "The effect of a rescission is to void the contract *ab initio*." *Long v. Newlin* (1956) 144 Cal. App. 2d 509, 512. Rescission is effected by the parties' mutual consent or mistake, failure of consideration, illegality, or other purpose, under Cal. Civ. Code §1688, 1689.

California Civil Code §1691 provides that a party wishing to rescind a contract must "promptly upon discovering the facts which entitle him to rescind," do two things to effect that rescission: "[g]ive notice of rescission to the party as to whom he rescinds; and [¶] … [r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." *See also*, *Village Northridge Homeowner's Assn. v. State Farm* (2010) 50 Cal. 4th 913. The service of a pleading in an action or proceeding that seeks relief based on

rescission shall be deemed to be such notice or offer or both." Cal. Civ. Code, § 1691; *Santa Clara Waste Water Co. v. Allied World National Assurance Co*. (2017) 18 Cal. App. 5th 881, 888.

"A contract may be rescinded if all the parties thereto consent." Cal. Civ. Code, §1689(a); *Evans v. Rancho Royale Hotel Co*. (1952), 114 Cal. App. 2d 503, 508 (Contract can be mutually abandoned by parties at any stage of their performance and each of parties released from further obligation on account thereof.) Rescission extinguishes a contract. Cal. Civ. Code §1688. The effect of a rescission is as follows: "When a contract is rescinded it is extinguished. Hence, if facts exist that justify a rescission by one party, and he declares a rescission in some effectual manner, he terminates the contract. . . . The contract becomes a nullity; it and each of its terms and provisions cease to be subsisting or enforceable against the other party." (12 Cal.Jur.2d, Contracts, § 206, p. 425; see also, *Lemle v. Barry* (1919) 181 Cal. 1, 5; *Larsen v. Johannes* (1970) 7 Cal. App. 3d 491, 502; *Scollan v. Government Employees Ins. Co*. (1963) 222 Cal.App.2d 181, 183; *Long v. Newlin* (1956) 144 Cal.App.2d 509, 513.

### D. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory Relief Claim Against EC Because There Exists No Actual Controversy

As a result of EC's acceptance of the rescission, the Settlement Agreement has been extinguished by the mutual consent of the parties – the contract is treated as if it had never existed. Thus, Clifford's First Cause of Action asserted against Defendant for Declaratory relief no longer presents a live case or controversy. This outcome is reinforced by EC and Mr. Trump's Covenants Not to Sue (the "Covenants") in connection with the Settlement Agreement. *See e.g. Paramount Pictures Corp. v. Replay TV*, 298 F. Supp.2d 921, 926-27 (C.D. Cal. 2004) (grating motion to dismiss declaratory relief claim for lack of subject matter jurisdiction, despite opposition, based upon moving party's unilateral covenant not to sue.); *City of Parma. Ohio v.*

*Cingular Wireless, LLC*, 278 F. App'x 636, 641-42 (6th Cir. 2008) (affirming dismissal of declaratory relief claim for lack of subject matter jurisdiction, despite opposition, because counsel for moving party confirmed at the hearing that there was no dispute regarding the parties' interpretation of the contract at issue.)

This Court dealt with many of these very same issues in *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, 2011 U.S. Dist. LEXIS 11678 (C.D. Cal. 2011) which involved a patent dispute between two manufacturers and sellers of flooring products. The plaintiff in Rubber Recycling filed a complaint alleging that the defendant fraudulently procured and wrongfully enforced a patent to monopolize the rubber acoustical underlayment market. Among various causes of action, the plaintiff sought a declaratory judgment that the defendant's patent was invalid. In response to the complaint, the defendant sent the plaintiff a written covenant that "disclaimed all rights to sue [plaintiff] or any of its customers for any past, present or future infringement of the '723 [P]atent for any current or past product." *Id.* at *5. Upon a thorough analysis of the relevant case law, this Court held that the defendant's covenant not to sue divested the Court of subject matter jurisdiction over the plaintiff's claim for a declaratory judgment of invalidity. *Id.* at **7-18.

Similarly, not only has the Settlement Agreement been rescinded, but in an abundance of caution EC provided plaintiff with a broad Covenant Not to Sue whereby EC agreed "not to assert any rights and/or claims against Stephanie Clifford aka Stormy Daniels with respect to the validity and/or enforcement of the Confidential Settlement Agreement, including but not limited to any claims against Stephanie Clifford aka Stormy Daniels for breach thereof." (ECF NO. 79, Exh. A) For the same reasoning given by this Court in *U.S. Rubber Recycling*, EC's Covenant Not to Sue provides an independent basis for why the Agreement is moot, and why this Court lacks subject matter jurisdiction.

Article III of the United States Constitution confers jurisdiction of federal courts over 'cases' and 'controversies' and has been construed to prohibit advisory

opinions. *See SEC v. Medical Comm'n for Human rights*, 404 U.S. 403, 407 (1972); *Muskrat v. United States*, 219 U.S. 346, 362 (1911).  Plaintiff's alleged harm caused by the Settlement Agreement no longer exists, and this Court cannot provide an advisory opinion on the status of the now immaterial Settlement Agreement. *Westlands v. NRDC*, 276 F. Supp. 2d 1046, 1050 (E.D. Cal. 2003) (refusing to exercise jurisdiction over a suit that sought declaratory relief on hypothetical contract terms). Plaintiff's attempts to refute mootness amount to nothing more than a demand for an advisory opinion on a now extinguished contract.  Any previous controversy that may have existed between Parties is irrelevant to the current situation. It is not enough that there was once a controversy, there must be a current controversy, which there is not. The case is moot, and the Court therefore lacks subject matter jurisdiction.

### E. Plaintiff is Not Entitled to Attorneys' Fees and Her Claim Does Not Preclude Mootness

The rescission of the Settlement Agreement precludes Clifford from bringing a claim for attorney's fees against EC.[2]  Rescission has the legal effect of voiding the Settlement Agreement *ab initio*, i.e, from the beginning.  It is well settled that Ms. Clifford cannot seek to tear up the Settlement Agreement so that she can be free to "tell her story," while at the same time attempt to enforce that very same agreement's attorneys' fee provision.   The Ninth Circuit's ruling in *Golden Pisces, Inc. v. Fred Wahl Marine Constr., Inc.*, 495 F.3d 1078 (9th Cir. 2007) is instructive.

In *Golden Pisces*, a shipowner who prevailed in a breach of contract action by showing that the underlying contract was void sought to enforce an attorney's fees provision from the void contract. 495 F.3d at 1081. After analyzing nearly a dozen

---

[2] Plaintiff's Original Complaint and FAC do not seek attorney's fees. [*See* ECF No. 1-1, Complaint, p. 7; ECF No. 14, FAC, p. 17.]  EC reserves the right to contest Plaintiff's ability to make such a request.

state and federal cases, the Ninth Circuit determined that "[t]he principle that emerges from our survey of federal and state case law is that, consistent with the American Rule, a party who prevails by demonstrating that a contract is entirely void, as opposed to divisible, voidable, or rescindable, cannot then seek the benefit of an attorneys' fees provision from that contract." *Id.* at 1083.

The moment EC accepted the rescission of the Settlement Agreement, it was void and there was no longer anything to enforce. *Long* at 512.   This necessarily includes any fee provision contained therein. *Golden Pisces* at 1083.   As one court observed when confronted with a similar situation, Ms. Clifford's attempt to essentially "have [her] cake and eat it too" must be rejected. *Brown v. M Street Five, LLC*, 56 A.3d 765, 780 (D.C. App. 2012)

In any event, for the purpose of this motion it is well established that a dispute over attorneys' fees will not create subject matter jurisdiction where it does not otherwise exist. *See City of Parma, Ohio v. Cingular Wireless, LLC, supra*, 278 F. App'x at 642 ("And if [plaintiff's] efforts to secure a declaratory judgment are for the purpose of exacting attorney's fees, that interest alone will not suffice to satisfy the case or controversy requirement.") (citing *Steel Co. v. Citizen for a Better Env't*, 523 U.S. 83, 107 (1998) ("An interest in attorney's fees is … insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.")); *True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 402 F. Supp. 2d 1093 (D. Ariz. 2005) (prayer for fees does not provide an independent basis for jurisdiction); *Clear Channel Outdoor, Inc. v. Lee*, 2009 U.S. Dist. LEXIS 2734, at *2 (N.D. Cal. Jan 8, 2009) (declining to consider motion for attorneys' fees after finding the court lacked subject matter jurisdiction).  Because there is no longer a case or controversy present in the First Cause of Action for Declaratory Judgment, the case is moot and this Court has been divested of subject matter jurisdiction.  Plaintiff cannot circumnavigate Article III requirements by seeking attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, EC respectfully requests that the Court dismiss with prejudice Plaintiff's declaratory relief claim against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: October 8, 2018              BLAKELY LAW GROUP

                                    By:  */s/ Brent H. Blakely*
                                         Brent H. Blakely
                                         Jessica C. Covington
                                         **Attorneys for Defendants**
                                         **Essential Consultants, LLC and Michael Cohen**