AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, State Bar No. 206929
Ahmed Ibrahim, State Bar No. 238739
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff Stephanie Clifford
a.k.a. Stormy Daniels a.k.a. Peggy Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, and individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-02217-SJO-FFM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS ESSENTIAL CONSULTANTS LLC AND MICHAEL COHEN'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DKT 92]**<br><br>**Hearing Date:** December 3, 2018<br>**Hearing Time:** 10:00 a.m.<br>**Location:** Courtroom 10C |

Defendants Essential Consultants, LLC and Michael Cohen's ("Defendants") objection to Plaintiff Stephanie Clifford's ("Plaintiff") Motion for Leave to Amend to File Second Amended Complaint should be overruled.

Plaintiff filed her motion for leave to amend on November 5 for purposes of efficiency and judicial economy so that the matter may be heard on December 3, 2018. Mr. Cohen's motion to strike Plaintiff's defamation claim under the California anti-SLAPP statute is also set for hearing before this Court on December 3, 2018. Importantly, Plaintiff's motion for leave to amend seeks to omit from her complaint the defamation claim against Mr. Cohen. Indeed, if Plaintiff's motion is granted, then there will be no need for the Court to address Mr. Cohen's motion to strike.

Instead of embracing common sense and respecting the burdens on the Court and its calendar, Defendants and their counsel yet again[1] seek to weaponize the Court's rules in order to put off the hearing on Plaintiff's motion to amend by one week. The only effect of their effort is to saddle the Court with the wasteful task of working up and ruling on a motion to strike a cause of action that may no longer exist by virtue of Plaintiff's request for leave to amend. Defendants do so based solely on the proposition that Plaintiff's motion supposedly should have been set for one week after Defendant's motion. Such procedural gamesmanship should be rejected.

Moreover, the record reflects the attempt to meet and confer regarding Plaintiff's motion was more than adequate and there is no argument by Defendants to the contrary. Defendants were already on notice of Plaintiff's request for relief on Friday, October 26,

---

[1] The Court may recall Defendants' counsel's attempt to delay meeting and conferring with Plaintiff's counsel in connection with her motion to remand in order to defer the filing of that motion, while at the same time skirting the meet and confer requirements altogether by pursuing an *ex parte* application for a restraining order rather than filing a noticed motion. [See Dkt 65-1 at ¶¶24-27, Ex. 23 (Dkt 65-3); see also Clifford v. Davidson, et al., No. 2:18-cv-05052 (Otero, J.), Dkt 15-2 at ¶¶13-20 & Ex. 10.] The Court denied *ex parte* relief. [Dkt 61.] The Court also condemned the "clear gamesmanship" of Defendant Cohen in its order granting remand. [Clifford v. Davidson, et al., No. 2:18-cv-05052 (Otero, J.), Dkt 49 at 5.] Similarly, Defendant Trump and his counsel have now twice filed motions—their motion to strike and motion for attorneys' fees—less than 7 days after the last meet and confer communication. [Clifford v. Trump, No. 18-06893 SJO (FFMx) (Otero, J.), Dkt 28 at 2 & Dkt 39 at 2.]

when she filed her response to Mr. Cohen motion to strike. [Dkt 90 at 6-7.] Plaintiff's counsel spoke on the phone with Defendants' counsel, Mr. Brent Blakely, on Monday, October 29, at which time Mr. Blakely advised Defendants were inclined to oppose the motion. [Dkt 91-3 at ¶3, Ex. C.] Plaintiff's counsel then e-mailed Mr. Blakely offering to drive up from Orange County to his office in Manhattan Beach that afternoon to confer in person. [Id.] Clearly intent on setting up an argument that Plaintiff's motion should not be heard together with Defendants' motion to strike (even though the two motions obviously are connected), Defendants' counsel insisted on a Thursday meeting. [Id.] In the meantime, Plaintiff's counsel sent legal authority to support her motion; notably, Defendants' counsel has yet to provide any legal basis for opposing Plaintiff's motion. [Id., Ex. C.] Plaintiff's counsel and Defendants' counsel then met in person on Thursday. [Id. at ¶4.] This exchange—occurring on the phone, by e-mails, and then in person—is precisely what Local Rule 7-3 and this Court's standing order were designed to accomplish. On the other hand, these rules *were not* intended to be used as offensive weapons to determine substantive rights and create inefficiencies for the Court.

Finally, Defendants' objection should be overruled because they have not suffered any prejudice. "If a party does not suffer any prejudice as a result of non-compliance with Local Rule 7-3, the Court may still consider the merits of the motions." Hibler v. Santander Consumer USA, Inc., No. EDCV131354JGBOPX, 2013 WL 12137716, at *3 (C.D. Cal. Nov. 21, 2013); see also Wilson-Condon v. Allstate Indem. Co., No. CV 11-05538 GAF PJWX, 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) ("Nonetheless, Allstate does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer sufficiently in advance, and Allstate was able to prepare and submit an opposition. Thus, it appears that no prejudice will result if the Court considers the motion to remand on the merits notwithstanding Plaintiff's failure to comply with Local Rule 7–3."). Here, Defendants have been on notice that Plaintiff planned to pursue her motion for leave to amend since October 26. Defendants have sufficient time to prepare

-2-
**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

and submit their opposition. For this additional reason, the objection should be overruled.

In sum, Defendants' objection should be overruled and their request for sanctions denied.[2] Plaintiff's motion for leave to amend, if granted, would plainly render Defendants' motion to strike unnecessary. It therefore should be heard prior to, or at least together with, Defendants' motion to strike. In order to promote this efficiency, Plaintiff justifiably filed her motion on November 5 noticing it for a hearing on December 3. Defendants' attempt to "game" the rules to delay Plaintiff's motion should be rejected. In the event, however, the Court determines Plaintiff's motion should have been filed later, the proper remedy is to simply defer the hearing on Plaintiff's motion (and Defendants' motion to strike) to December 10, 2018, and to set the remaining briefing deadlines based on the new hearing date.

Dated: November 6, 2018        AVENATTI & ASSOCIATES, APC

                      By:      /s/ Michael J. Avenatti
                               Michael J. Avenatti
                               Ahmed Ibrahim
                               Attorneys for Plaintiff Stephanie Clifford
                               a.k.a. Stormy Daniels a.k.a. Peggy Peterson

---

[2] Defendants also appear to contend that Plaintiff was required to confer with Defendant Trump's attorneys prior to filing her motion to amend. However, the proposed amendment only impacts the defamation count which is asserted against Mr. Cohen and thus does not implicate any issue affected Mr. Trump.