HARDER LLP
CHARLES J. HARDER (CA Bar No. 184593)
RYAN J. STONEROCK (CA Bar No. 247132)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:  (310) 546-7400
Facsimile:  (310) 546-7401
Email:   CHarder@HarderLLP.com
             RStonerock@HarderLLP.com

Attorneys for Defendant
DONALD J. TRUMP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-02217-SJO-FFM<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT DONALD J. TRUMP TO DISMISS PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Assigned for All Purposes to the Hon. S. James Otero<br><br>**Date:** December 3, 2018<br>**Time:** 10:00 a.m.<br>**Location:** 350 West 1st Street<br>                Courtroom 10C, 10th Floor<br>                Los Angeles, CA 90012<br><br>Action Filed: March 6, 2018 |

REPLY IN SUPPORT OF MOTION TO DISMISS


## I. INTRODUCTION

Plaintiff's opposition attempts to manufacture a controversy with Mr. Trump where none exists. From the outset of this case, Plaintiff's stated purpose has been to be free from the so called "Hush Agreement" to tell her story. [ECF No. 14, ¶¶ 17-31; *see also* ECF No. 39, p. 16 ("Plaintiff's claims center on her ability to speak and be free from any potential liability for a violation of the Settlement Agreement."); ECF No. 16-1, p. 8; ECF No. 29-1, p. 1; ECF No. 30, p. 1.] Plaintiff has told her story, repeatedly, and has received confirmation from Mr. Trump (and EC) that she will not be subject to any claims under Settlement Agreement as a result thereof.

However, Plaintiff is now seeking a remedy that is not requested in her pleadings. Plaintiff argues there is an actual controversy related to the $130,000 she received from EC pursuant to the Settlement Agreement. Plaintiff previously represented to the Court that she "makes no argument that she is entitled to *both* a judgment declaring the Settlement Agreement void *and* retention of the $130,000 payment." [ECF No. 30, p. 19, fn. 10.] Consistent with this representation, Plaintiff's First Amended Complaint does **not** seek a declaration that she is entitled to retain the $130,000 payment. However, she is now seeking what she told the Court she did **not** seek: to void the agreement **and** retain the $130,000. Plaintiff should be held to her representations to the Court.

Regardless, the disposition of the $130,000 that Plaintiff received from EC **does not involve Mr. Trump**. Mr. Trump's moving papers state: "Mr. Trump is not making any claim, and will not make any claim, to these funds." [Motion, p. 15.] Thus, even if retention of the $130,000 was a remedy requested in the pleadings (it is not), there is no actual controversy between Plaintiff and Mr. Trump.

Plaintiff further attempts to manufacture a controversy with Mr. Trump by reversing her prior position that Mr. Trump "has never…affirmatively sought to invoke any rights under the Settlement Agreement in any action…" [ECF No. 87-1, Ex. B, pp. 1-2.] In doing so, Plaintiff also disregards her prior statement that Mr.

Trump's joinder in EC's Motion to Compel Arbitration "was far from actually '*seeking*' to compel arbitration," and that his mere "consent" to arbitration was insufficient. [ECF No. 30, p. 7.] She now argues the opposite: that Mr. Trump has "plainly attempted to enforce the arbitration clause of the Settlement Agreement and receive the benefits of the Agreement." [Opposition, p. 18.]

Even if Mr. Trump previously asserted any rights under the Settlement Agreement, the authorities cited by Mr. Trump in the moving papers, along with binding U.S. Supreme Court precedent, hold that Mr. Trump's subsequent covenant not to sue moots any actual controversy. [Motion, pp. 7-10.]; *see Already, LLC v. Nike, Inc.*, 133 S.Ct. 721 (2013). The authorities relied upon by Plaintiff: *Campbell-Ewald v. Gomez*, 136 S. Ct. 666 (2016) and its progeny, are inapposite.

Likewise, Mr. Trump's recent tweet—which pertained to the dismissal of Plaintiff's separate defamation action against Mr. Trump—is irrelevant. Mr. Trump is judicially estopped from filing suit arising out of the Settlement Agreement by virtue of his covenant not to sue. [Motion, pp. 10-11.] His tweet does not change that fact.

Plaintiff's opposition otherwise confirms that there is no actual controversy with Mr. Trump, and that he therefore should be dismissed.[1]

## II. *CAMPBELL* AND ITS PROGENY ARE INAPPLICABLE

Plaintiff's assertion that the holding of *Campbell-Ewald v. Gomez*, 136 S. Ct. 666 (2016) ("*Campbell*") and its progeny govern this case should be rejected.[2] *Campbell* and each of the additional cases cited by Plaintiff [Opposition, pp. 8:9-

---

[1] Plaintiff effectively concedes that her alleged claim to attorneys' fees does not create subject matter jurisdiction over her declaratory relief claim. Mr. Trump reserves the right to oppose any Motion for Attorneys' Fees by Plaintiff at the appropriate time.

[2] Perhaps recognizing this, Plaintiff asserts that Mr. Trump's failure to distinguish this precedent in the moving papers "demonstrates that its holding applies here." [Opposition, p. 9:1-6]. Mr. Trump distinguished *Campbell* four days after it was first raised to the Court in his Response to Plaintiff's Supplemental Statement re Joint Rule 26(f) Report [ECF No. 81, p. 4; ECF No. 82, p. 3, fn. 1], and does so again herein.

2
REPLY IN SUPPORT OF MOTION TO DISMISS

10:13] involve settlement offers or offers of judgments to resolve claims for monetary damages. None of the cases involved a claim for declaratory relief for which the defendant provided a covenant not to sue—the facts at issue here.

*Campbell* involved a class action arising from alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), and addressed "the hot-button issue of whether and, if so, under what circumstances an unaccepted offer of judgment may moot a class action complaint." *Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*, 2016 WL 3676601, at *4 (S.D. Ala. July 5, 2016). "Over the years, certain defendants seeking to avoid the onerous effects of Rule 23 litigation have developed the aggressive tactic of 'picking off' putative class representatives at the outset of the case, prior to ruling on class certification (or even the filing of class certification motions), via Rule 68 offers of judgment providing them full relief on their individual claims." *Id*. "The idea is to forestall class certification, on the theory that if the named plaintiffs have no active claims, then there can be no class action and the whole case falls apart, with defendants bearing only a tiny fraction of their potential exposure had class certification been granted." *Id*.

In *Campbell*, after plaintiff failed to accept defendant's Rule 68 offer of judgment, which offered to make a monetary payment to the named plaintiff, plus costs and a stipulated injunction, the defendant moved to dismiss the case for lack of subject matter jurisdiction. *Campbell*, 136 S. Ct. at 667-668. The Supreme Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Id*. at 672. In his concurring opinion, Justice Thomas recognized the distinction between the holding of *Campbell* and cases such as this, which "involve[] claims for injunctive or declaratory relief that became moot when the defendants ceased causing actual or threatened injury." *Id*. at 677. Justice Thomas stated: "[W]hether a claim for prospective relief is moot is different from the issue in this case, which involves claims for damages to remedy past harms." *Id*.

The other cases cited by Plaintiff similarly involved settlement offers or offers

of judgment to resolve claims for monetary damages.[3]  Here, Mr. Trump's covenant not to sue divests this Court of subject matter jurisdiction regardless of whether Plaintiff consents to it. [Motion, pp. 8-10.]  The U.S. Supreme Court's holding in *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721 (2013), which was cited by Justice Thomas in his concurring opinion, is far more applicable.  There, the U.S. Supreme Court held that Nike's covenant not to sue mooted Already's counterclaim to invalidate Nike's trademark.  *Id.* at 725.  Already, LLC argued, despite the covenant, it was entitled to a declaration of invalidity (similar to Plaintiff's claim that she is entitled to a declaration of illegality).  *Id.* at 729-30.  The U.S. Supreme Court held that the broad language of Nike's covenant removed any actual controversy, and that Already, LLC therefore was not entitled to a declaration of invalidity.  *Id.* at 732.

---

[3] *See Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*, *supra*, 2016 WL 3676601, *3 (S.D. Ala. 2016) (TCPA class action for damages not mooted by rejected Rule 68 offer with enclosed check to named plaintiff); *Ung v. Universal Acceptance Corp.*, 190 F.Supp.3d 855, 856-57 (D. Minn. 2016) (TCPA class action for damages not mooted by rejected offer to stipulate to award of costs under Rule 54 and an injunction, and check tendered to named plaintiff); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil Inc.*, 2016 WL 5720381, at *2 (N.D. Ill. 2016) (TCPA class action for damages not mooted by rejected Rule 67 tender of funds to named plaintiff); *Edwards v. Oportun, Inc.*, 193 F.Supp.3d 1096, 1097 (N.D. Cal. 2016) (TCPA class action for damages not mooted by rejected check to named plaintiff); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 167 F.Supp.3d 582, 584 (S.D.N.Y. 2016) (TCPA class action for damages not mooted by defendant's deposit of funds with court and assent to injunctive relief); *Cortes v. Mako Sec., Inc.*, 253 F.Supp.3d 511, 513 (E.D.N.Y. 2017) (plaintiff's action for unpaid wages not mooted by lapsed Rule 68 offer); *BCL-Equip. Leasing LLC v. Tom Spensley Trucking, Inc.*, 2016 WL 1064660, at *3 (W.D. Wis. 2016) (claim under leasing agreement not mooted by rejected Rule 68 offer); *Harry & Jeanette Weinberg Found., Inc. v. St. Marks Ave., LLC*, 2016 WL 2865363, at *3 (D. Md. 2016) (false endorsement claim for damages not mooted by rejected settlement offer demanding payment of $50,000); *Evey v. Creative Door & Millwork, LLC*, 2016 WL 1321597, at *6 (M.D. Fla. 2016) (claim for unpaid wages not mooted by unaccepted check for amount owed); *Martelack v. Toys R US*, 2016 WL 762656, at *3 (D.N.J. 2016) (rejected check did not moot claim for unpaid wages).

## III. PLAINTIFF'S REMAINING ARGUMENTS SHOULD FAIL

*First*, the legality of the Settlement Agreement is irrelevant to the determination of this Motion. Plaintiff argues that a determination of purported illegality is necessary so that she may retain the $130,000 paid to her by EC. [Opposition, pp. 12-13.] As stated above, disposition of these funds is not pled as part of her claim for declaratory relief, and Plaintiff has previously represented to the Court that she does not seek to both void the Settlement Agreement and retain the funds. [ECF No. 30, p. 19, fn. 10.] Moreover, Mr. Trump takes no position regarding these funds and makes no claims to them. [Motion, p. 15.] Thus, there is no actual controversy between Plaintiff and Mr. Trump relating to the disposition of these funds, even if the Court decides that an actual controversy remains between Plaintiff and EC.

*Second*, Plaintiff's attempts to distinguish certain cases cited by Mr. Trump on the basis that they are patent cases should be disregarded. Plaintiff fails to state how or why their holdings are inapplicable to this action. That these cases involve patent claims is irrelevant—a covenant not to sue moots a claim for declaratory relief regardless of whether it relates to the rights of the parties with respect to a patent or contract. Moreover, Mr. Trump has cited several cases that did not involve patent claims. *See Fleming v. Coverstone,* 2010 WL 11508869 (S.D. Cal. 2010); *Wahlberg v. Benson Builders, LLC*, 2012 WL 3027984 (W.D. Mich. 2012); *Paramount Pictures Corp. v. Replay TV*, 298 F. Supp. 2d 921 (C.D. Cal. 2004).

*Third*, Plaintiff's reliance on Mr. Trump's recent tweet is a red herring. The tweet pertained to this Court's dismissal of Plaintiff's separate defamation lawsuit. As discussed in Mr. Trump's moving papers, Mr. Trump is judicially estopped from bringing any claims against Plaintiff that fall within the ambit of his covenant. [Motion*,* pp.10-11.]

## IV. CONCLUSION

For the foregoing reasons, Mr. Trump respectfully requests that the Court dismiss Plaintiff's declaratory relief claim against him, with prejudice.

Dated: November 7, 2018              HARDER LLP

                                     By: */s/ Charles J. Harder*
                                         CHARLES J. HARDER
                                         Attorneys for Defendant
                                         DONALD J. TRUMP

REPLY IN SUPPORT OF MOTION TO DISMISS