Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Defendants*
*Essential Consultants, LLC and Michael Cohen*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, an individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02217-SJO-FFM<br><br>**DEFENDANT ESSENTIAL CONSULTANTS LLC'S REPLY BRIEF RE MOTION TO DISMISS PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(b)(1)**<br><br>[Declaration of Brent H. Blakely Filed Concurrently Herewith]<br><br>Assigned to the Hon. S. James Otero<br>Action Filed: March 6, 2018<br><br>Date:     December 3, 2018<br>Time:    10:00 a.m.<br>Location: 350 West 1st Street<br>               Courtroom 10C, 10th Floor<br>               Los Angeles, CA 90012 |

### A. Plaintiff's Complaint Seeks Rescission of the Settlement Agreement

To "rescind" is to abrogate, annul, void, or cancel a contract and to put an end to it as though it never were. *Black's Law Dictionary* (10th Ed. 2018). A "rescission" amounts to the unmaking of a contract, or an undoing of it from the beginning, and not merely a termination. *Id.*; *Sessions v. Meadows*, 13 Cal. App. 2d 748. In California prior to 1961, the Civil Code provided for two methods by which a party could obtain recessionary relief: an action to enforce a rescission and an action to obtain a rescission. *Runyan v. Pac. Air Disus*. (1970) 2 Cal. 3d 304, 311-312.  In 1961 the Legislature made significant changes to California's rescission procedures, abolishing the action to obtain court rescission and treating rescission solely as a remedy. *Id* at 313; *Nakash v. Superior Court* (1987) 196 Cal.App.3d 59, 70.  Both the grounds for rescission and the means by which parties may rescind their contract are governed by Civ. Code, §1688 *et seq*.

Civil Code § 1691 provides in pertinent part that "when notice of rescission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both. *See also, Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal. App. 5th 881, 888; *Resure, Inc. v. Superior Court* (1996) 42 Cal.App.4th 156, 164, 166–167

Clifford's First Cause of Action seeks "a judgment declaring that no agreement was formed between the parties, or in the alternative, to the extent an agreement was formed, it is void, invalid, or otherwise unenforceable." (Dkt. No. 14, pg. 18) Plaintiff's  argument that her declaratory relief claim is not governed by Civil Code §§ 1688 *et. seq.*, because the actual word "rescission" is not specifically mentioned, is misguided.  "It is not necessary for such a party to use the word "rescind" in order to accomplish what the cases intend by the use of that term." *Pearson v. Brown* (1915) 27 Cal. App. 125, 132.  Any appropriate words, or any definite acts will

suffice. *Id*. A party seeking rescission must simply indicate the intention to treat the contract as ended. *McNeese v. McNeese* (1923) 190 Cal. 402, 405. Plaintiff's complaint expressly alleged numerous grounds entitling her to rescind the Settlement Agreement. There can be no doubt as to the intention of Plaintiff to consider the contract at an end. *Hull v. Ray* (1930) 211 Cal. 164, 167; *Larson v. Warner Bros.*, 2013 U.S. Dist. LEXIS 39158 *15 (C.D. Cal. March 20, 2013); *Wilson v. Lewis* (1980) 106 Cal. App. 3d 802, 809.

### B. The Settlement Agreement Has Been Extinguished and a New Contract Formed to Restore the Benefits

Because Plaintiff's claim for declaratory judgment seeks relief based on rescission, by the express terms of Civ. Code § 1691 it is construed as notice of rescission and a statutory offer to restore any benefits Plaintiff received. Civil Code § 1691; *Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal. App. 5th 881, 888. Essential Consultant's ("EC") acknowledgement of the rescission and acceptance of Plaintiff's offer to return the $130,000 (ECF No. 79) resulted in the following:

A) the Settlement Agreement was extinguished (Civil Code §§ 1688 & 1689(a)) thereby eliminating any need for judicial scrutiny as to whether the rescission had been properly accomplished, *Paulerena v. Superior Court* (1965) 231 Cal. App. 2d 906, 913-914 ("The defendants by letter, and by pleading, accepted the rescission. Under the circumstances, the trial court properly concluded that by virtue of the facts and the pleading before it no issue respecting the accomplished rescission was pending."); and

B) A new contract was formed whereby Plaintiff agreed to return to EC the $130,000 paid to her in consideration. Civil Code § 1691; *Harriman v. Tetik* (1961) 56 Cal. 2d 805, 801 ("Mutual rescission involves the formation of a new contract."); *In re Warrack Medical Center Hospital*, 282 F. Supp. 988, 990 (N.D. Cal. 1968) (A rescission can be effected by the mutual consent of the parties, and when this is done,

it is treated like any other type of contract).

### C. There is No Prevailing Party for the Purpose of Fees

As discussed above, when EC accepted the rescission of the Settlement Agreement it eliminated any need for judicial scrutiny as to whether the rescission had been properly accomplished. *Paulerena* at 913-914. It would have been an entirely different situation had the case been decided on its merits – but it never got that far. EC's acceptance of the rescission mooted any dispute concerning the validity of the now extinguished Settlement Agreement.[1] There is no determination on the merits, no prevailing party, and Civil Code § 1717 is inapplicable.

The cases cited by Plaintiff involve scenarios where a rescission had already occurred, and the rescinding party prevailed in an action seeking restitution of the consideration given pursuant to the original agreement. For instance, in *Hastings v. Matlock* (1985) 171 Cal. App. 3d 826, the parties entered into an agreement for the sale of land and the construction of a residence. After construction of the house, the buyer refused to pay. The seller sued for restitution and rescission, and the parties entered into a settlement agreement. At trial, the court found in favor of seller on the settlement agreement and awarded specific performance and attorney's fees.

*Hastings* and the other cases cited by Plaintiff stand for the counterintuitive proposition that a party seeking enforcement of rescission to obtain the return of restitution can, if they receive a judgment in their favor, obtain attorneys' fees if the underlying contract provided for same. For example, if EC were to bring an action against Plaintiff for the return of the $130,000, the prevailing party in that subsequent action would be entitled to attorney's fees. There is, however, a crucial distinction between a situation where a party obtains a judgment enforcing a rescission and the

---

[1] "Federal district courts appear uniform in denying fees under Section 1717 where a non-merits decision results in dismissal of the contract claim." *Vistan Corp. v. Fadei USA, Inc.*, 2013 U.S. Dist. LEXIS 47799 *7-8 (N.D. Cal. April 2, 2013); *Garzon v. Varese*, 2011 U.S. Dist. LEXIS 4250 (C.D. Cal. Jan. 11, 2011)

current situation where the parties have both accepted the rescission of the Settlement Agreement thereby eliminating subject matter jurisdiction.

As California's Supreme Court discussed at length in *Hsu v. Abbara* (1995) 9 Cal. 4th 863 there first must be a final adjudication of the litigants' respective rights before a court can ascertain whether there is a prevailing party under Civil Code §1717. *Hsu* at 876 (The prevailing party determination is to be made only upon final resolution of the contract claims); *See also, Bank of Idaho v. Pine Avenue Associates* (1982) 137 Cal. App. 3d 5, 15-16.

Under Federal Rule of Civil Procedure 54(d), when a final judgment has been entered in a case, the "prevailing party" may make a motion for attorney's fees and costs. Fed. R. Civ. Proc. 54(d). However, controlling Ninth Circuit authority dictates that a defendant is not considered a "prevailing party" when dismissal is mandated by a lack of subject matter jurisdiction. *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003). Thus, fees and costs under Federal Rule of Civil Procedure 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction. *Id.; see also, Idea Place Corp. v. Fried,* 390 F. Supp. 2d 903 (no prevailing party under § 1717 when court dismissed claim for lack of subject matter jurisdiction.); *Russell City Energy Co., LLC v. City of Hayward*, 2015 U.S. Dist. LEXIS 26626 **6-15 (N.D. Cal. Feb. 17, 2015) (same); *HSBC Bank USA v. DJR Props.*, 2011 U.S. Dist. LEXIS 41650 **4-7 (E.D. Cal. April 12, 2011) (action dismissed for mootness, depriving court of subject matter jurisdiction, therefore no prevailing party under § 1717).

As discussed at length in EC's moving papers, Plaintiff has only alleged a single cause of action concerning the Settlement Agreement: declaratory relief seeking a judgment that no agreement was formed. (ECF No. 14) Once Plaintiff gave notice of rescission via the filing of this lawsuit and EC accepted same, the contract was undone and there was nothing left to litigate. §§ 1688 & 1691. EC's Covenant Not to Sue removed any question; Plaintiff's declaratory relief claim was rendered

moot, there was no longer any active case and controversy, thereby mandating dismissal for lack of subject matter jurisdiction. As *Miles* requires, there can be no prevailing party under FRCP 54(d) and neither party can seek their respective attorney fees pursuant to the now extinguished Settlement Agreement.

**D. Whether the Settlement Agreement is Void Due to Illegality is Moot**

Unlike *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), which involved an unaccepted proposal of a stipulated injunction, in the present case the "remedy" is self-executing. As just discussed, EC's acceptance of Plaintiff's notice of rescission (along with EC's covenant not to sue) deprived this Court of subject matter jurisdiction over her claim for declaratory relief. Furthermore, EC's acceptance of Plaintiff's statutory offer of restoration (Civil Code § 1691) gave rise to a new obligation independent from the underlying agreement, which has been extinguished (Civil Code § 1688).

Plaintiff's original claim for declaratory relief, which is now moot, is distinct from a claim (such as breach of contract) to enforce the return of restitution pursuant to Civil Code § 1692. EC, which has demanded the return of the $130,000 pursuant to this new agreement, has yet to bring a claim for breach of contract against Plaintiff seeking restitution. For her part, Plaintiff has not identified or otherwise made any demand to EC that it restore any purported consideration.

Plaintiff's Opposition is emblematic of her approach to the entire case, to make a mountain out of a molehill. At the end of the day the Court should look at the First Amended Complaint, which sets forth the claims at issue, and they are very simple—Plaintiff asked for the Settlement Agreement to be undone, EC agreed, end of story.

Dated: November 7, 2018

BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*
Brent H. Blakely
Jessica C. Covington
**Attorneys for Defendants**
**EC. LLC and Michael Cohen**