AVENATTI & ASSOCIATES, APC
Michael J. Avenatti, State Bar No. 206929
Ahmed Ibrahim, State Bar No. 238739
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff Stephanie Clifford
a.k.a. Stormy Daniels a.k.a. Peggy Peterson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS a.k.a. PEGGY PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP a.k.a. DAVID DENNISON, and individual, ESSENTIAL CONSULTANTS, LLC, a Delaware Limited Liability Company, MICHAEL COHEN and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-02217-SJO-FFM<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO FILE SECOND AMENDED COMPLAINT**<br><br>**Hearing Date:** December 3, 2018<br>**Hearing Time:** 10:00 a.m.<br>**Location:** Courtroom 10C |

The tone of Michael Cohen's opposition brief would cause one to believe that Plaintiff sought leave to amend to add multiple new causes of action against Mr. Cohen. On the contrary, Plaintiff seeks leave to amend to omit the sole cause of action pending against Mr. Cohen individually. This fact alone demonstrates the absurdity of Mr. Cohen's "opposition." Mr. Cohen offers no proper reason to deny leave to amend. Further, Mr. Cohen raises several arguments that cannot and should not be resolved in the context of this Motion. Plaintiff's motion should be granted for many reasons.

*First*, the only issue actually before the Court on this Motion is whether Plaintiff should be permitted leave to amend to omit the cause of action for defamation against Mr. Cohen. As Plaintiff argued in her Motion, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). This "policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation). Thus, leave to amend should be "freely given" when factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" do not require its denial. Id. at 1052 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Within the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence, 316 F.3d at 1052. Thus, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.; see also Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004) (affirming district court's grant of leave to amend despite the fact that a motion to strike was pending).

Mr. Cohen argues that Plaintiff's request demonstrates bad faith and/or undue delay. However, this claim of bad faith is premised on the assertion that the original cause of action for defamation should not have been brought, not that the request to amend is itself improper. Although Plaintiff vigorously disputes the contention that the cause of action for defamation was brought in bad faith (see below), it has nothing to do

-1-
**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO FILE SECOND AMENDED COMPLAINT**

with the request for leave to amend. Indeed, denial of leave to amend would not in any way cure Mr. Cohen's complaints. Quite the opposite is true; denial of leave to amend would only prolong the supposed bad faith Mr. Cohen takes issue with.

With regard to Mr. Cohen's contention that Plaintiff delayed in seeking leave to amend, there is no scheduling order in this action. Accordingly, there is no deadline for seeking leave to amend. In fact, this action has been stayed (at Mr. Cohen's insistence) since April 27, 2018. [Dkt. 53.] The Court did not set a briefing schedule on the Motion to Strike until September 24, 2018. [Dkt. 83.] Prior to the Court's Order setting a briefing schedule, given the stay and the pendency of Defendants' efforts to compel arbitration, it was not apparent that the Court would ever reach, let alone decide, the merits of the Motion to Strike. Plaintiff did not unduly delay the filing of this Motion. Nevertheless, even if Plaintiff had, denial of leave to amend would not cure this claimed issue; it would only exacerbate it. Granting leave to amend to omit the only cause of action pending against Mr. Cohen individually cannot possibly prejudice him.

*Second*, although irrelevant to the resolution of this Motion, Plaintiff does not concede that the defamation claim against Mr. Cohen was meritless. Indeed, assuming for the sake of argument that California law governs, arguments identical to the ones Mr. Cohen made in his Motion to Strike were recently rejected in Dickinson v. Cosby, 17 Cal.App.5th 655, 685 (2017). There, after Janice Dickinson went public with her accusations of rape against Bill Cosby, his attorney issued a press release characterizing the accusation as a lie. See id. at 660. Dickinson brought a defamation action against Cosby and he filed an anti-SLAPP motion. Id. at 660. Notably, Cosby made a very similar argument to that of Mr. Cohen, namely that the gist of the press release was not that Dickinson lied about the allegations of rape, but rather that she was simply a liar. Id. at 690. The court rejected this argument because it could not as a matter of law conclude that the gist of the press release was that Dickinson was a liar rather than that she had lied about the rape. Id. at 691. Mr. Cohen's argument in his anti-SLAPP Motion should similarly have been rejected. Here, therefore, Plaintiff did not seek to leave to amend

based on a concession that the defamation claim was meritless and the Court cannot and should not premise any ruling or decision on any assertion to the contrary.

*Third*, although Plaintiff seeks leave to amend to omit the defamation claim, Plaintiff did in fact oppose Mr. Cohen's Motion to Strike. [Dkt. 90.] As argued therein, Mr. Cohen failed to invoke the correct law in his Motion and the Motion to Strike should be denied for that simple reason. [Id. at 2-6.] The Court has not ruled on Mr. Cohen's Motion, let alone granted it. See Cal. Civ. Proc. Code § 425.16(c)(1) (only a defendant prevailing on a motion to strike is entitled to recover attorneys' fees.). Accordingly, Mr. Cohen's entitlement to attorneys' fees (or lack thereof) in connection with the Motion to Strike is not at issue in this Motion and should not be addressed. In the event that the Court does grant the Motion to Strike (which it should not), Mr. Cohen's entitlement to attorneys' fees (or lack thereof) can be addressed at that time. In the interim, it is entirely inappropriate for the Court to consider the issue of attorneys' fees under California's anti-SLAPP statute. Cal. Civ. Proc. Code § 425.16(c)(1).

*Fourth*, for all the same reasons, Mr. Cohen's request for Rule 11 sanctions and conditions on amendment should be denied. Mr. Cohen's request for Rule 11 sanctions is particularly without merit because it is procedurally improper and fails to comply with Rule 11 itself. Rule 11 is clear that a "motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added); see also Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005) ("The 1993 Amendments to Rule 11 . . . place stringent notice and filing requirements on parties seeking sanctions."). Mr. Cohen's request, however unmeritorious, must be denied for the simple reason that Mr. Cohen failed to file a properly noticed motion requesting Rule 11 sanctions. Similarly, Mr. Cohen's request for conditions to be imposed on amendment should be denied. As argued, Plaintiff's cause of action for defamation was not meritless. See Dickinson, 17 Cal.App.5th at 685. Further, imposing conditions such as those requested by Mr. Cohen under the circumstances would only cause parties to forego amendment to pleadings that

in fact simplify the litigation for fear that in doing so they would be subject to such "conditions." This runs counter to Rule 15's admonition that leave to amend should be freely given. Fed. R. Civ. P. 15.

*Finally*, Plaintiff has already responded to Mr. Cohen's contention that this Motion was filed in violation of the Local Rules. [Dkt. 93.] Plaintiff need not repeat the arguments made in the prior filing and incorporates them herein by this reference. [Id.] Moreover, it is also noteworthy that Mr. Cohen's Opposition is, under the Local Rules, untimely. Local Rule 7-9 provides that opposition papers must be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion." This Motion is noticed for a hearing on December 3. Mr. Cohen did not file his Opposition until November 13 – less than 21 days prior to the hearing. Moreover, in violation of this Court's Standing Order, the Opposition was not filed until 4:25 PM on November 13.

In closing, Plaintiff is compelled to make the following statements in light of the unfortunate personalized and highly unprofessional nature of the attacks made by Mr. Cohen in his opposition papers. The reality is this. **Mr. Cohen is in no position to be lecturing anyone about bad faith or the truth**. He is a fraud and a now a proven criminal, as Plaintiff and her counsel have been saying for months. This is readily apparent from the very statement Mr. Cohen issued in February of this year in an effort to persuade the public that he was innocent of wrongdoing. **It also happens to be the same statement that includes the one which Plaintiff contends is defamatory.**

In the statement, Mr. Cohen stated that the complaint filed with the Federal Election Commission alleged that "I somehow violated campaign finance laws by facilitating an excess, in-kind contribution." [Dkt 14, Ex. 3.] Incredibly, he asserted "[t]he allegations in the complaint are **factually unsupported and without legal merit**[.]" [Id. (emphasis added).] We now know that to be completely false. Mr. Cohen admitted, under oath, in his plea agreement that he was guilty of various federal crimes, including campaign finance violations. [See Dkt 89-3, Exs. R & T.]

Mr. Cohen also stated, referring to the $130,000 transaction, that "**[n]either the**

**Trump Organization nor the Trump campaign was a party to the transaction with Ms. Clifford, and neither reimbursed me for the payment, either directly or indirectly.**" [Dkt 14, Ex. 3 (emphasis added).] Another lie. Mr. Cohen admitted under oath to the district court in New York that "on or about October of 2016, **in coordination with, and at the direction of, [a candidate for federal office (referring to Mr. Trump)]**, I arranged to make a payment to a second individual with information that would be harmful to the candidate and to the campaign to keep the individual from disclosing the information. To accomplish this, I used a company that was under my control to make a payment in the sum of $130,000. The monies I advanced through my company **were later repaid to me by the candidate**." [Dkt 89-3, Ex. T at 23:15-25 (emphasis added).]

It did not end there. Mr. Cohen's lies continued: "The payment to Ms. Clifford was lawful, and was not a campaign contribution or a campaign expenditure by anyone." [Dkt 14, Ex. 3.] Mr. Cohen's admission of guilt confirms this statement was also false. In fact, he specifically admitted he arranged the payment to prevent the disclosure of information that "would be harmful to the candidate and to the campaign." [Dkt 89-3, Ex. T at 23:15-25.]

Mr. Cohen's contention, therefore, that Ms. Clifford did not have an appropriate basis to bring her claim is completely without basis. As is apparent, the only one making false statements and in bad faith is Mr. Cohen himself.

Accordingly, for the reasons set forth herein and in Plaintiff's moving papers, Plaintiff respectfully requests that the Court grant this Motion for Leave to Amend and accept the proposed Second Amended Complaint for filing.

Dated:  November 16, 2018                    AVENATTI & ASSOCIATES, APC

                                             By:      /s/ Michael J. Avenatti
                                                  Michael J. Avenatti
                                                  Ahmed Ibrahim
                                                  Attorneys for Plaintiff Stephanie Clifford