UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ___ |
| Send | ___ |
| Enter | ___ |
| Closed | ___ |
| JS-5/JS-6 | ___ |
| Scan Only | ___ |

**CASE NO.:** CV 18-02217-SJO (FFMx)     **DATE:** February 4, 2019

**TITLE:** Stephanie Clifford v. Donald J. Trump et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz           Carol Zurborg
Courtroom Clerk            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**     **COUNSEL PRESENT FOR DEFENDANT(S):**

Present                    Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** [Docket No. 91]**; ORDER DENYING DEFENDANT ESSENTIAL CONSULTANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT AS MOOT** [Docket No. 31].

This matter is before the Court on Plaintiff Stephanie Clifford's Motion To Amend The First Amended Complaint ("Motion"), filed on November 5, 2018.[1] Defendants Essential Consultants ("EC") and Michael Cohen (collectively, "Defendants") objected to Plaintiff's Motion on November 5, 2018 on the grounds that Plaintiff had failed to comply with this Court's meet and confer requirements. Plaintiff responded to the objection on November 6, 2018. Defendants subsequently filed an Opposition to Defendants' Motion on November 13, 2018 ("Opposition"). Plaintiff filed a Reply on November 16, 2018 ("Reply"). For the following reasons, the Court **GRANTS** Plaintiff's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's defamation claim against Defendant Michael Cohen. The Court **DENIES AS MOOT** Defendant Michael Cohen's pending Motion To Strike First Amended Complaint.

I.    FACTUAL AND PROCEDURAL BACKGROUND

This case centers on the validity of a written agreement between Plaintiff Stephanie Clifford and Defendants Donald J. Trump ("DJT") and EC. EC is an LLC owned by Defendant Michael Cohen.

Plaintiff alleges that she had an intimate relationship with DJT in 2006-2007. (First Am. Compl. ("FAC") ¶ 10, ECF No. 14.) Plaintiff subsequently signed a written agreement titled "Confidential Agreement and Mutual Release; Assignment of Copyright and Non-Disparagement Agreement," dated October 28, 2016 ("Agreement"). (FAC Ex. 1.) In the Agreement, Plaintiff

---

[1] Although Plaintiff brings a Motion For Leave To Amend, her amendment, in effect, voluntarily dismisses a cause of action in the First Amended Complaint. The Court analyzes the merits of the instant Motion using the legal framework applicable to a motion for leave to amend **and** a Rule 41(a) motion for voluntary dismissal by a plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 18-02217-SJO (FFMx)          **DATE:** February 4, 2019

promised (1) to arbitrate any dispute that may arise later between her and Defendant DJT and (2) not to publicly disclose any confidential information as defined in the Agreement ("CI"). For these promises, Plaintiff received $130,000 dollars in consideration from Defendant Essential Consultants, LLC ("EC"). (FAC Ex. 1 at 10, 4-8.; FAC ¶ 24.)

On March 6, 2018, Plaintiff filed a complaint in Los Angeles Superior Court against Defendants DJT, EC, and Does 1 through 10 inclusive, seeking a declaratory judgment that the Agreement is void, invalid, or unenforceable. (Compl., Notice of Removal, Ex. 1, ECF No. 1-1.) Defendant EC removed this action to federal court on March 16, 2018 based on diversity jurisdiction. (*See* Notice of Removal, ECF No. 1.)

On March 26, 2018, Plaintiff filed the FAC, asserting two causes of action: (1) a claim for declaratory relief against Defendants DJT and EC to invalidate the Agreement; and (2) a claim for defamation against Defendant Michael Cohen.

The present Motion centers on the second cause of action in the FAC. As to this cause of action, the FAC alleges as follows.

In January 2018, certain details regarding the existence and terms of the Agreement emerged in the media. (FAC ¶ 26.) In response, Mr. Cohen intimidated and coerced Ms. Clifford into signing a false statement that claimed that the reports of her relationship with Mr. Trump were untrue. (FAC ¶ 26.) On or around February 13, 2018, Mr. Cohen issued a public statement in which he claimed that he used his "own personal funds to facilitate a payment of $130,000 to Ms. Stephanie Clifford" and neither "the Trump Organization nor the Trump campaign was a party to the transaction with Ms. Clifford, and neither reimbursed me for the payment, either directly or indirectly." (FAC ¶ 27.) Mr. Cohen concluded with remarks that "[j]ust because something isn't true doesn't mean that it can't cause you harm or damage," and that "I will always protect Mr. Trump." (FAC ¶ 27.) Mr. Cohen then continued his attempts to silence Clifford, including through "the use of an improper and procedurally defective arbitration proceeding hidden from public view." (FAC ¶ 31.)

In the FAC, Ms. Clifford alleges that Mr. Cohen's statement "*Just because something isn't true doesn't mean that it can't cause you harm or damage. I will always protect Mr. Trump*," (emphasis added), is defamatory because it insinuates that Plaintiff is a liar, someone who should not be trusted and that she has made up her claims about her relationship with DJT. (FAC ¶ 67.)

On April 9, 2018, Defendant Michael Cohen and EC filed a Motion To Strike the defamation cause of action as a Strategic Lawsuit Against Public Participation ("SLAPP"). In The Motion To Strike, Mr. Cohen primarily argued that Plaintiff's defamation cause of action was frivolous and attempted to silence Mr. Cohen's right to free speech. (Mot. To Strike at 5-6, ECF No. 31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   CV 18-02217-SJO (FFMx)                    DATE:   February 4, 2019

The Court subsequently stayed proceedings in the instant case due to parallel criminal proceedings that touched on factual circumstances that are also the subject of this lawsuit. After the stay was lifted, Plaintiff filed an Opposition to Mr. Cohen's anti-SLAPP Motion on October 26, 2018. At this time, Plaintiff primarily argued that Mr. Cohen's anti-SLAPP Motion should be denied as moot because "Plaintiff intends to seek leave to file a Second Amended Complaint that does not include the defamation claim." (Opp'n To Mot. To Strike at 1, ECF No. 90.)

On November 5, 2018, Plaintiff brought the instant Motion, seeking leave to amend the FAC to voluntarily dismiss the defamation cause of action against Defendant Mr. Cohen. (*See* Mot., ECF No. 91; Proposed Second Am. Compl., ECF No, 91-2.)

These proceedings followed.

II.   ANALYSIS

   A.   Legal Standard

A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although [Rule 15] should be interpreted with 'extreme liberality' . . . leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)).

The Ninth Circuit considers five factors in determining whether to grant a plaintiff leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Learjet, Inc. v. ONEOK, Inc.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted). Leave to amend lies "within the sound discretion of the trial court," and the court "must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

In the instant case, Plaintiff seeks to amend her complaint to voluntarily dismiss the defamation cause of action against Defendants. In addition to the standard applied to a motion for leave to amend a complaint, the Court also considers the standard applied to a plaintiff's voluntary dismissal of a cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 18-02217-SJO (FFMx)      DATE: February 4, 2019

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, this Court has authority to grant Plaintiff leave to voluntarily dismiss a cause of action.[2] To determine whether to grant Plaintiff such leave, this Court considers whether "the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982). "Plain legal prejudice" requires more than "the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Id.*

    B.    Application

        1.    Prejudice To Defendants

The Court begins by considering if allowing Plaintiff's proposed amendment, voluntarily dismissing the defamation cause of action, will prejudice Defendants. The prejudice inquiry is relevant to both the question of whether to grant Plaintiff leave to amend and whether to grant Plaintiff's request to voluntarily dismiss the defamation cause of action. "Not all of the factors [considered when granting leave to amend] merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

In the instant case, Defendant EC and Cohen have not shown that there will be any prejudice that they will suffer in the future from permitting Plaintiff to amend the FAC to voluntarily dismiss the defamation cause of action. The proposed amendment is to Defendants' advantage, eliminating a cause of action against them. Defendants do not need to defend the defamation lawsuit and expend more resources in this litigation. In an ironic twist, **not** granting Plaintiff leave to amend the FAC may prejudice Defendants Cohen and EC by forcing them to continue to litigate a meritless defamation claim.

---

[2] Under Rule 41(a)(1), Plaintiff retains the right to voluntarily dismiss an action prior to the filing of an answer or a motion for summary judgment. Under Rule 41(a)(2), after the filing of an answer or a motion for summary judgment, Plaintiff must seek leave of this Court to voluntarily dismiss an action.

In the instant case, Defendants have not answered the defamation cause of action. However, Defendants have filed a Motion To Strike on Anti-SLAPP grounds, which in some circumstances is analogous to a motion for summary judgment. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018). The Court declines to rule on whether the Motion To Strike is a motion for summary judgment. Instead, the Court assumes *arguendo* that the Motion To Strike is analogous to a motion for summary judgment and considers whether to grant leave to Plaintiff to voluntarily dismiss her cause of action under Rule 41(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>CV 18-02217-SJO (FFMx)</u>          DATE: <u>February 4, 2019</u>

EC and Cohen suggest that they will suffer prejudice because Plaintiff can voluntarily dismiss her defamation claim through the instant Motion and simply bring it again in another jurisdiction. (Opp'n 8-9.)  As set out below, the Court addresses this issue by granting Plaintiff leave to amend and dismissing Plaintiff's defamation cause of action **with prejudice.**  As a result, Plaintiff cannot simply re-litigate the defamation cause of action against Defendants.

EC and Cohen also argue that they will suffer prejudice from the proposed amendment because Plaintiff failed to meet and confer and then timely file the instant Motion.  Specifically, after exchanging emails for one week, the parties met and conferred on November 1, 2018.  November 8, 2018 was then the first date Plaintiff could file a motion under the Local Rules and this Court's Standing Order.  Plaintiff instead brought this Motion on November 5, 2018.

The record establishes that Plaintiff may not have adequately complied with the Local Rules and this Court's Initial Standing Order.  Additionally, Plaintiff may have delayed filing the instant Motion.  Mr. Cohen filed his Anti-SLAPP motion on April 9, 2018, and the Court lifted the stay in this case on September 7, 2018.  However, Plaintiff did not bring the instant Motion until November 5, 2018.

What is less clear is whether Defendants suffer prejudice from Plaintiff's failure to meet and confer and Plaintiff's delay in filing the instant Motion.  As noted previously, the instant Motion actually favors Defendants.  "If a party does not suffer any prejudice as a result of non-compliance with Local Rule 7-3, the Court may still consider the merits of the motions." *Hibler v. Santander Consumer USA, Inc.*, No. EDCV131354JGBOPX, 2013 WL 12137716, at *3 (C.D. Cal. Nov. 21, 2013).

    2.    <u>Undue Delay</u>

Plaintiff may have delayed filing the proposed amendment to the FAC.  Although Defendants' Motion To Strike was filed on April 9, 2018, Plaintiff did not attempt to withdraw the defamation cause of action until now.  To evaluate undue delay, the Court must inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  Here, Plaintiff likely knew that she could withdraw the defamation cause of action early in the process, but nevertheless waited until October 2018 to initiate her withdrawal of the cause of action.

However, "[d]elay alone does not provide sufficient grounds for denying leave to amend:  Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).  Here, any delay by Plaintiff had no prejudicial impact on Defendant.  In fact, after the delay, Plaintiff seeks to withdraw a cause of action against Defendants, which favors their position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | | | |
|---|---|---|---|
| CASE NO.: | CV 18-02217-SJO (FFMx) | DATE: | **February 4, 2019** |

### 3. Bad Faith

Defendants bear the burden of showing that a plaintiff acted in bad faith. *See Capuano v. Kenneth Eisen & Associates, Ltd.*, No. CV–11–02395–PHX–JAT, 2012 WL 2376675, *3 (D. Ariz. June 22, 2012) ("[L]eave to amend should be freely given unless the opposing party makes 'an affirmative showing of either prejudice or bad faith,'" quoting *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988)). "A party acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." *Delgado v. Orchard Supply Hardware Corp.*, No. 1:09–cv–01839 SMS, 2011 WL 4627073, *3 (E.D. Cal. Oct. 3, 2011) (citing *DCD Programs*, 833 F.2d 183, 187 (9th Cir. 1987)).

Here, there is no reason to suspect that Plaintiff proceeded in bad faith. Defendants sole argument showing bad faith is that Plaintiff waited to see this Court's position at a September 24, 2018 hearing on a separate defamation claim and then decided to withdraw her cause of action afterwards. While this may indeed be true, there is nothing wrong with a litigant considering the law on an issue when deciding whether to withdraw or proceed with a cause of action. To the extent that Plaintiff reconsidered her defamation claim based on the law, as enumerated by the Court, this does not reveal Plaintiff's bad faith.

The Court is mindful of the fact that "occasionally, delay in itself may be evidence of bad faith sufficient to justify denial of leave to amend." *Larios v. Nike Retail Servs., Inc.*, No. 11CV1600-GPC-NLS, 2013 WL 4046680, at *3 (S.D. Cal. Aug. 9, 2013) (citing *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir.1984)). Here, the record does not support a holding that Plaintiff's delay is prejudice in and of itself. Although Plaintiff could have filed this Motion earlier, the outcome of the litigation favors Defendants.

### 4. Futility of the Amendment

The Court finds that the amendment would not be futile. On the contrary, the amendment would be dispositive. It would entirely eliminate a cause of action against Defendants.

### 5. Previously Amended Complaints

In deciding whether to grant leave to amend a complaint, courts sometimes consider the number of times a litigant has amended a complaint. Where a litigant has amended a complaint numerous times, this favors not granting leave to amend.

Here, Plaintiff has amended her complaint just once. At best, this factor is neutral when considering whether to grant Plaintiff leave to amend.

///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** <u>CV 18-02217-SJO (FFMx)</u> | **DATE:** <u>February 4, 2019</u> |

      6.     <u>Pending Anti-SLAPP Motion</u>

The Court next considers the impact of Defendants' pending Anti-SLAPP Motion on the instant Motion. According to Defendants, the purpose of the anti-SLAPP statute is to deter lawsuits such as Plaintiff's defamation cause of action. Defendants contend that if this Court does not rule on the anti-SLAPP motion and strike Plaintiff's defamation cause of action, Plaintiff, and others like her, will not be deterred from bringing frivolous causes of action in the future.

Defendants' policy argument makes some intuitive sense. As Defendants point out, the purpose of the California anti-SLAPP statute is to preserve the freedom of speech and prevent parties from using defamation as a tool to silence litigants. This policy argument, however, does not have bearing on the Court's holding here. Federal courts in diversity actions, such as the instant case, must apply federal procedural rules under the *Erie* doctrine. Ninth Circuit procedural law requires that this Court grant Plaintiff the opportunity to amend the FAC before finally granting an anti-SLAPP motion to strike. *See Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (2004) ("[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment.") In other words, if the Court were to grant Defendants' Motion To Strike, the Court would have to afford Plaintiff the opportunity to amend the FAC under federal procedural rules. Plaintiff would then do exactly what she seeks to do now, which is to amend the FAC to voluntarily dismiss the defamation cause of action. The Court declines to waste judicial resources on this process. The Court holds that Plaintiff can amend the FAC and voluntarily dismiss the defamation cause of action.

      7.     <u>Dismissal With Prejudice</u>

The Court grants Plaintiff leave to amend and dismisses the defamation cause of action **with prejudice.** Rule 41(a)(2) of the Federal Rules of Civil Procedure states that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster,* 312 F.3d 404, 412 (9th Cir.2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another.").

When deciding whether to dismiss a cause of action with prejudice, this Court must consider whether a defendant "will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist.*, 100 F.3d at 96. "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Id*. at 97.

As noted previously, Defendants correctly point out that Plaintiff could relitigate the defamation claim in the future if Plaintiff voluntarily dismisses this claim without prejudice. This would allow

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   <u>CV 18-02217-SJO (FFMx)</u>            DATE:   <u>February 4, 2019</u>

Plaintiff to circumvent the purpose behind the anti-SLAPP statute, which seeks to prevent plaintiffs from using litigation to silence their adversaries and infringe on their adversaries' First Amendment rights.  To prevent Plaintiff from relitigating her defamation claim in this forum or another forum, the Court dismisses Plaintiff's defamation cause of action **with prejudice**.

> 8.   <u>Attorneys' Fees and Costs</u>

Defendants finally ask this Court to grant them attorneys' fees and costs. The Court declines to do so, because the Court dismisses **with prejudice** a cause of action in the FAC.  This means that Defendants no longer face the threat of further litigation in this Court or any other forum. When granting a motion for voluntary dismissal with prejudice, federal courts normally do not grant attorneys' fees and costs.  *See Burnette v. Godshall*, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).  *See also* § 2366–Voluntary Dismissal—Conditions on Dismissal, 9 Fed. Prac. & Proc. Civ. § 2366 (3d ed.)

The Court also declines to grant attorneys' fees to Defendants pursuant to Federal Rule of Civil Procedure 15(a).  Courts retain a great deal of discretion in deciding whether to award attorneys' fees when granting a motion for leave to amend.  *See Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518, 521 (6th Cir. 2004).   Federal courts normally award attorneys' fees to mitigate the prejudice faced by a defendant because a plaintiff has requested leave to amend a complaint. *See id*.  Here, as noted previously, Defendants do not face prejudice from this Court granting Plaintiff leave to amend because the amendment favors Defendants' position, permanently withdrawing a cause of action that Plaintiff asserts against Defendants.

III.   <u>RULING</u>

The Court **GRANTS** Plaintiff's Motion, and **DISMISSES WITH PREJUDICE** Plaintiff's defamation cause of action against Defendants.  The Court **DENIES AS MOOT** Defendant's Motion To Strike Plaintiff's FAC.

IT IS SO ORDERED.